# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO
RICO and COMMONWEALTH OF
PUERTO RICO through the
ENVIRONMENTAL QUALITY
BOARD,

        Plaintiffs,

v.

SHELL OIL COMPANY, SHELL
COMPANY PUERTO RICO LTD.,
SHELL CHEMICAL YABUCOA, INC.,
SHELL TRADING (US) COMPANY,
MOTIVA ENTREPRISES, LLC,
EQUILON ENTERPRISES, LLC,
CHEVRONTEXACO
CORPORATION, CHEVRON, U.S.A.,
INC.,  CHEVRON PUERTO RICO,
LLC, TEXACO PUERTO RICO,
INC., CHEVRON PHILLIPS
CHEMICAL PUERTO RICO CORE,
INC., TEXACO PETROLEUM, INC.
CHEVRON INTERNATIONAL
OIL COMPANY, INC.,
TEXACO REFINING AND
MARKETING, INC., CHEVRON
CARIBEAN, INC., CHEVRON
ESTRELLA PUERTO RICO, INC.,
SUNOCO, INC., SUNOCO INC. (R&M),
PUERTO RICO SUN OIL COMPANY,
LLC, CONOCOPHILLIPS COMPANY,
CITGO REFINING AND CHEMICAL
COMPANY, LP, CITGO
INTERNATIONAL P.R., CITGO
PETROLEUM CORPORATION,
TOTAL PETROLEUM PUERTO RICO
CORPORATION, TOTAL OIL INC.,
LYONDELL CHEMICAL COMPANY,

        Defendants.

**COMPLAINT**

**District Court**

Case No. _O7-15-05 (ccc)_

## COMPLAINT

COMES NOW Plaintiff, the Commonwealth of Puerto Rico and the Commonwealth of Puerto Rico through the Puerto Rico Environmental Quality Board (collectively referred to as "the Commonwealth" or "Plaintiff"), a sovereign entity that manages, controls, holds in trust, and owns the water resources within its boundaries on behalf of the public as trustee over the Commonwealth's water resources and quasi-sovereign interests, by and through its undersigned counsel, brings this civil action against Defendants, Shell Oil Company, Shell Company Puerto Rico Ltd., Shell Chemical Yabucoa, Inc., Shell Trading (US) Company, Motiva Enterprises, LLC, Equilon Enterprises, LLC, ChevronTexaco Corporation, Chevron, U.S.A., Inc., Chevron Puerto Rico, LLC, Texaco Puerto Rico, Inc., Chevron Phillips Chemical Puerto Rico Core Inc., Texaco Petroleum, Inc., Chevron International Oil Company, Inc., Texaco Refining and Marketing, Inc., Chevron Caribbean, Inc., Chevron Estrella Puerto Rico, Inc., Sunoco, Inc., Sunoco, Inc. (R&M), Puerto Rico Sun Oil Company LLC, ConocoPhillips Company, CITGO Refining and Chemical Company, LP, CITGO International P.R., CITGO Petroleum Corporation, Total Petroleum Puerto Rico Corporation, Total Oil Inc., Lyondell Chemical Company (collectively hereinafter referred to as the "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court over this action is based upon 28 U.S.C. § 1331; and 42 U.S.C. § 9613(b).

2.     This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1395(a), and 42 U.S.C. § 9613(b).

### SUMMARY OF THE CASE

4.     The waters of the Commonwealth, whether surface or ground waters, constitute limited, precious and invaluable public resources that are owned and held in trust for the citizens of the Commonwealth and for which the Commonwealth has the authority and responsibility to protect for present and future generations.

5.     Defendants' use of methyl tertiary butyl ether and its natural degradation byproducts, including tertiary butyl alcohol (collectively referred to herein as "MTBE") in gasoline has created an unparalleled threat to both the surface and ground waters of the Commonwealth, including public and private drinking water supplies. Unlike other gasoline constituents, MTBE has unique characteristics that cause extensive environmental contamination. MTBE contaminates and spreads in water resources quickly and is difficult to remove and treat, consequently presenting a grave threat to waters throughout the Commonwealth. MTBE has already contaminated water resources of the Commonwealth and threatens to contaminate many more, as a result of the normal and foreseeable storage, purchase and use of gasoline within the Commonwealth.

6.     MTBE can cause significant adverse health effects and, even at very low concentrations, can render drinking water unfit for human consumption due to the fact that MTBE has a very strong odor and taste.

7.     The Defendants in this action are all corporate members of the petroleum and chemical industries. As described below, Defendants include refiners of gasoline containing MTBE; manufacturers and promoters of MTBE; suppliers of gasoline containing MTBE; and owners and operators of facilities that have released MTBE into the waters of the Commonwealth.

3

8.    In addition to producing and/or supplying MTBE or gasoline containing MTBE within the Commonwealth, Defendants knowingly and willfully promoted, marketed and sold MTBE and petroleum products containing MTBE, when they knew or reasonably should have known that MTBE would be released into the environment and pollute the waters of the Commonwealth, would interfere with the Commonwealth's interest in protecting and preserving the Commonwealth's waters, and would threaten public health and welfare and the environment, as has occurred and is continuing to occur within the Commonwealth.

## PLAINTIFF

9.    Plaintiff, the Government of the Commonwealth of Puerto Rico and the Commonwealth of Puerto Rico through the Environmental Quality Board, is a sovereign entity that manages, controls, holds in trust, and owns the water resources within its boundaries. It owns and holds such resources in trust for the benefit of all of its citizens. The Commonwealth brings this action as a trustee and owner of waters within the Commonwealth and pursuant to its police powers, which include, but are not limited to, the power to prevent pollution of the waters of the Commonwealth, prevent public nuisances, and to prevent potential hazards to the public health, welfare, and environment.

10.    Plaintiff has standing to sue because it has a property interest in the waters of the Commonwealth as well as a quasi-sovereign interest in protecting such waters from contamination.    The contamination of the waters of the Commonwealth by MTBE constitutes an injury to the waters of the Commonwealth, property owned by the Commonwealth and held in public trust by the Commonwealth for the People of Puerto Rico.    The Commonwealth seeks damages in its *parens patriae* capacity for the contamination of such waters.

4

11.    It is the public policy of the Commonwealth to maintain the purity of the waters of Puerto Rico required for the welfare, safety, and development of the Commonwealth and to insure and protect the water supply that may be needed by present and future generations. To achieve this purpose, the laws of the Commonwealth have deemed all waters and bodies of water of Puerto Rico to be the property and wealth of the People of Puerto Rico. *See* 12 L.P.R.A. §§ 1115a, 1115c. It is the duty of the Commonwealth Government to administer and protect this patrimony in the name and on behalf of the Puerto Rican people.

12.    The Commonwealth, through the Environmental Quality Board, has standing to enforce the Commonwealth's environmental regulations and statutes through The Public Policy Environmental Act, Title II, Act No. 9, 12 L.P.R.A. §1121 *et seq.*

13.    The Secretary of Justice may, when in his judgment the interests of the Commonwealth require it, institute and conduct proceedings against persons who intrude on the lands, rights, or property of the Commonwealth, or commit or erect any nuisance thereon.

## DEFENDANTS

14.    The Defendants in this action are all corporate members of the petroleum industry. As described below, Defendants include refiners of gasoline containing MTBE that contaminates waters of the Commonwealth; manufacturers and promoters of MTBE; suppliers of gasoline containing MTBE that contaminates waters of the Commonwealth; and owners and/or operators of gasoline facilities that have released MTBE that contaminates waters of the Commonwealth.

15.    Any and all references to Defendant, Defendants, or a particular Defendant by name in this Complaint include all predecessors, successors, parents, subsidiaries, affiliates, divisions, and agents of the named Defendants.

5

16.    When the term "Defendants" is used alone, it refers to all Defendants named herein jointly and severally.

17.    When reference in this complaint is made to any act or omission of the Defendants, it shall be deemed to mean that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of Defendants, and did so while acting within the scope of their employment or agency.

**A.    Refiner/Supplier Defendants**

18.    Upon information and belief, the following Defendants, at all times relevant to this action, refined, marketed and/or otherwise supplied (directly or indirectly) gasoline and/or other products containing MTBE that each such Defendant knew or should have known would be delivered into the Commonwealth.

19.    ChevronTexaco    Corporation    ("ChevronTexaco")    is    a    Delaware corporation with its principal place of business at 6001 Bollinger Road, San Ramon, California. Upon information and belief, the Commonwealth alleges that ChevronTexaco was formed as a result of a merger in 2001 of Chevron Corporation and Texaco, Inc. Upon information and belief, the Commonwealth further alleges that ChevronTexaco owns and/or controls defendant Chevron U.S.A., Inc.

20.    Chevron Puerto Rico LLC ("Chevron Puerto Rico") is an affiliate of Chevron Global Energy, Inc., which is also known as Chevron Texaco Products Company, a Delaware limited liability company, with its principal place of business at 6001 Bollinger Canyon Rd., Room 5378, San Ramon, CA 94583. Chevron Puerto Rico's principal place of business is located at the Texaco Plaza Building, Suite 400, Metro

Office Park, Guaynabo, Puerto Rico 00968.    Upon information and belief, the
Commonwealth alleges that Chevron Puerto Rico was formerly known as Texaco Puerto
Rico LLC, which was formerly known as Texas Company (Puerto Rico) Inc.

21.    Texaco Puerto Rico, Inc, is a Puerto Rico corporation with its principal
place of business located at Texaco Plaza Metro Office Park, Street 1 #2, 4th Floor, Suite
400, Guaynabo, Puerto Rico 00968.

22.    Chevron Phillips Chemical Puerto Rico Core, Inc. ("Chevron Phillips"),
upon information and belief formally known as Phillips Puerto Rico Core Inc., is a
Delaware corporation with its principal place of business in Puerto Rico located at Carr
710 KM 1.3, Guayama, Puerto Rico 00784.    Chevron Phillips is a subsidiary of Chevron
Phillips Chemical LLC.

23.    Texaco Petroleum, Inc. is a Delaware Corporation with its principal place
of business in Puerto Rico at Street 1, #2 Metro Office Park, Guayanabo, Puerto Rico
00968.

24.    Chevron International Oil Company, Inc. ("Chevron International") is a
Delaware corporation with its principal place of business in Puerto Rico at Almacenes
Del Castillo, Zona Libre, San Juan, Puerto Rico.

25.    Chevron U.S.A., Inc. ("Chevron U.S.A.") is a Pennsylvania corporation
with its principal place of business at 6001 Bollinger Road, San Ramon, California.
Chevron U.S.A. acquired Gulf Oil Corporation ("Gulf Oil") through merger in 1984 and
is the successor in interest to Gulf Oil.

26.    The term "Chevron" as used in this Complaint refers to ChevronTexaco and Chevron U.S.A.

27.    Texaco Refining and Marketing, Inc. ("Texaco") is a Delaware corporation with its principal place of business in Houston, Texas.

28.    CITGO Refining and Chemical Company, LP ("CITGO Refining"), a subsidiary of CITGO Investment Company, is an Oklahoma limited partnership with its principal place of business at 6100 South Yale Avenue, Tulsa, Oklahoma.

29.    CITGO International P.R. ("CITGO International"), also known as CITGO Puerto Rico Petroleum Corporation is a Delaware corporation with its principal place of business at 6100 South Yale Avenue, Tulsa, Oklahoma 74136.

30.    CITGO Petroleum Corporation ("CITGO Petroleum") is a Delaware corporation with its principal place of business at 6100 South Yale Avenue, Tulsa, Oklahoma.

31.    The term "CITGO" as used in this Complaint refers to CITGO Petroleum and/or CITGO Refining.

32.    ConocoPhillips Company ("ConocoPhillips") is a Delaware corporation with its principal place of business at 600 North Dairy Ashford, Houston, Texas. On information and belief, the Commonwealth alleges that ConocoPhillips was formed as the result of a merger in 2002 of Conoco, Inc. and Phillips Petroleum Company. On information and belief, the Commonwealth further alleges that ConocoPhillips is the successor corporation to Conoco, Inc. and Phillips Petroleum Company. The Commonwealth is further informed and believed that ConocoPhillips is the successor

8

corporation to Tosco Corporation, including its subsidiary Tosco Refining LP, which was acquired by Phillips Petroleum Company in 2001.

33.    Shell Oil Company ("Shell Oil") is a Delaware corporation with its principal place of business at One Shell Plaza, 910 Louisiana, Houston, Texas.

34.    Shell Company Puerto Rico Ltd. is a Puerto Rico corporation with its principal place of business in San Juan, Puerto Rico.

35.    Shell Chemical Yabucoa, Inc. ("Shell Chemical Yabucoa") is a Puerto Rico corporation with its principal place of business located at Road 901, KM 2.7, Yabucoa, Puerto Rico 00767.

36.    Shell Trading (US) Company ("Shell Trading") is a Delaware corporation with its principal place of business in Houston, Texas and its principal place of business in Puerto Rico at 361 San Francisco Street, Penthouse, Old San Juan, Puerto Rico, 00901.

37.    Motiva Enterprises, LLC ("Motiva") is a Delaware limited liability company with its principal place of business at 1100 Louisiana, Suite 1000, Houston, Texas.  Upon information and belief, the Commonwealth alleges that Motiva is a successor in interest to certain entities related to defendant Shell Oil Company and defendant Texaco Refining and Marketing, Inc., and is owned and/or controlled by Defendant Shell Oil.  Upon information and belief, the Commonwealth alleges that Motiva was formerly known as Star Enterprises LLC.

38.    Equilon Enterprises, LLC ("Equilon"), d/b/a Shell Oil Products US, is a Delaware limited liability company with its principal place of business at 1100 Louisiana Street, Suite 2200, Houston, Texas 77002.

9

39.    The term "Shell" as used herein refers to Shell Oil.

40.    Sunoco, Inc., formerly known as Sun Oil Company and Sun Company, Inc., is a Pennsylvania corporation with its principal place of business at 1801 Market Street, 27th Floor, Philadelphia, Pennsylvania 19103.

41.    Sunoco, Inc. (R&M), formerly known as Sun Refining and Marketing Company and Sun Company Inc. (R&M), is a Pennsylvania corporation with its principal place of business at 1801 Market Street, 27th Floor, Philadelphia, Pennsylvania 19103.

42.    Puerto Rico Sun Oil Company LLC is a Delaware corporation with its principal place of business located at Road 901, KM 2.7, Yabucoa, Puerto Rico 00767.

43.    The term "Sunoco" as used herein refers to Sunoco Inc. and Sunoco Inc. (R&M).

44.    Total Petroleum Puerto Rico Corporation ("Total PR"), successor to Gasolinas de Puerto Rico Corporation, is a Puerto Rico corporation with its principal place of business at Mario Julia Industrial Park, A Street, Suite 11A, Guaynabo, Puerto Rico 00920.  Upon information and belief, the Commonwealth alleges that Total PR is a wholly owned subsidiary of Total Outre Mer, S.A. of France.

45.    Total Oil, Inc. is a Delaware corporation with its principal place of business at 909 Fannin Street, Suite 2200, Houston, Texas.

**B.    MTBE Manufacturer/Supplier Defendants**

46.    Upon information and belief, the following Defendants, at all times relevant to this action, manufactured and supplied MTBE and/or other products

containing MTBE that each such Defendant knew or should have known would be delivered into the Commonwealth.

47.     Lyondell Chemical Company, successor in interest to ARCO Chemical Company (collectively, "Lyondell Chemical"), is a Delaware corporation with its principal place of business at 1221 McKinney Street, Houston, Texas 77010

48.     In addition to Lyondell, Defendants Chevron U.S.A., Chevron Phillips, CITGO, ConocoPhillips, Motiva, Shell Oil, and Sunoco manufactured MTBE for use in gasoline.

**C.     Owner/Operator Defendants**

49.     Upon information and belief, the following Defendants, at all times relevant to this action, owned and or operated gasoline service stations and/or underground storage tanks that have discharged gasoline containing MTBE.

50.     Chevron Caribbean, Inc. ("Chevron Caribbean") is a Delaware corporation with its principal place of business at Texaco Plaza Building, Suite 400, Metro Office Park, Guaynabo, Puerto Rico 00968.  Upon information and belief, the Commonwealth alleges that Chevron Caribbean was formerly known as Texaco Caribbean, Inc.

51.     Chevron Estrella Puerto Rico, Inc. ("Chevron Estrella") is a Puerto Rico corporation, formerly known as Texaco Estrella Puerto Rico, inc., with its principal place of business at the Texaco Plaza Building, Suite 400, Metro Office Park, Guaynabo, Puerto Rico 00968.

52.     Total PR is also an owner of service stations.

53.    Defendants Chevron U.S.A., Chevron Phillips, CITGO, ConocoPhillips, Motiva, Shell Oil, and Sunoco are/were the owners of services stations and/or are the successors to the owners of service stations.

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

**The Contaminant – MTBE**

54.    Methyl tertiary butyl ether is an additive to gasoline. As used herein, MTBE consists not only of methyl tertiary butyl ether, but also the contaminants in commercial grade MTBE.

55.    TBA is present in some gasoline as an impurity in commercial grade MTBE and a degradation or breakdown product of MTBE.

56.    MTBE contaminates the environment through leaks and spills from gasoline delivery systems. Once released to the environment, MTBE has unique characteristics that cause extensive environmental contamination and a corresponding threat to the public health and welfare. In particular, the fate and transport of MTBE in the subsurface differs significantly from that of gasoline constituents that have historically been of environmental and/or toxicological concern, specifically the "BTEX compounds" (benzene, toluene, ethylbenzene, and xylene).

57.    Once released into the subsurface, MTBE separates from other gasoline constituents in the presence of moisture. In contrast to the BTEX compounds, MTBE has a strong affinity for water. If MTBE is released into the environment in sufficient quantities, MTBE has the capacity to migrate through the soil, the groundwater, penetrate deeper within the aquifer, and cause persistent contamination that can threaten the potability of drinking water wells. There is a potentially lengthy delay, based on site specific factors, between the time MTBE is released and the time it and its degradation

12

products accumulate in potentially usable ground water in sufficient quantities to contaminate public drinking water resources.

58.    MTBE spreads farther and faster than other components of gasoline, resists biodegradation, and is difficult and costly to remove from groundwater and drinking water supplies.

59.    No federal or Commonwealth agency has approved MTBE as an additive to drinking water. No federal or Commonwealth agency has approved releasing MTBE to groundwater.

60.    Along with its other vile properties, MTBE can render water supplies undrinkable by changing the taste and odor of water into a foul smelling liquid with a turpentine odor and chemical taste unfit for human consumption.

61.    MTBE also presents a significant public health threat.    Because of MTBE's potential for causing cancer, it is currently classified by the U.S. Environmental Protection Agency ("EPA") as a "possible carcinogen" and an EPA draft risk assessment has recommended reclassifying MTBE as a "probable carcinogen."

62.    Because of MTBE's propensity to contaminate vast quantities of water, to date, at least 25 States or Commonwealths have banned or enacted laws that have set a date certain banning the use of MTBE as an additive in gasoline.

**Defendants' Promotion of MTBE**

63.    The Refiner/Supplier and Manufacturer/Supplier Defendants, all of whom have promoted the use of gasoline containing MTBE for its purported environmental benefits, knew or should have known of the grave harm and threat to the public health and welfare represented by the proliferating use of this compound, including (among other things): widespread pollution of groundwater with MTBE, contamination of public drinking water by these compounds, drinking water supplies rendered unfit and unusable

13

for consumption, public health threatened, and increased costs to public water suppliers and their customers.

64.    Despite knowing that MTBE pollution was inevitable unless adequate precautions were taken, and despite the availability of reasonable alternatives (including but not limited to adequate warnings) Defendants chose not to warn customers, retailers, regulators or public officials, including the Commonwealth. As production and sales of these compounds and gasoline containing them increased, Defendants failed to take any reasonable, appropriate, and special precautions to store gasoline containing MTBE safely, or to prevent, detect and clean-up spills and leaks of gasoline containing this product. Despite knowing the risk of harm posed by MTBE, Defendants also failed to warn purchasers, the public, regulators, and/or the Commonwealth that without such precautions more and more MTBE would be released into the environment and cause, among other significant adverse effects, long term groundwater contamination, pollution of water supplies, and threats to public health and safety.

65.    The Refiner/Supplier Defendants further exacerbated the situation by continuing unreasonable and negligent acts, including providing gasoline containing MTBE to gasoline stations without either providing appropriate warnings or taking other precautions adequate to prevent releases of MTBE to the subsurface, knowing that release to the environment of this compound would be inevitable because a substantial percentage of those gasoline stations would store such gasoline without taking reasonable, appropriate or special precautions, including placing the gasoline in inadequate and leaking gasoline delivery systems, and failing to take reasonable, appropriate, or special measures to monitor, detect, and respond to releases of MTBE to soil and/or groundwater, and without taking reasonable, appropriate or special precautions to investigate, contain and clean up releases of these compounds.

66.     The Refiner/Supplier and Manufacturer/Supplier Defendants took affirmative actions that led to the contamination of the Commonwealth's groundwater resources with MTBE, including but not limited to, making representations to downstream users of MTBE and/or gasoline containing MTBE, as well as to the public and government agencies, that such products were environmentally sound and appropriate for widespread production, distribution, sale and use. Indeed, Defendants represented that gasoline containing MTBE could be handled the same as ordinary gasoline, and required no special measures to protect against or respond to suspected releases to the subsurface.

67.     The manufacturers, refiners, and suppliers of MTBE and gasoline containing MTBE had a duty (which they breached) to test MTBE thoroughly to determine its environmental fate and transport characteristics, and potential human health impacts before they sold MTBE and/or gasoline containing MTBE, and had a further duty (which they also breached) to take precautions necessary to assure that gasoline containing MTBE was properly stored and to institute all necessary measures to contain and promptly abate the inevitable spills and leaks. Nonetheless, the Defendants, and each of them, failed adequately to test, store, warn about, or control gasoline containing MTBE, and, among other things, failed to abate groundwater contamination caused by MTBE, including contamination in and pollution to the Commonwealth's groundwater resources.

68.     The Refiner/Supplier and Manufacturer/Supplier Defendants, their agents and employees created, participated in, and/or facilitated the flow of MTBE and/or gasoline containing one or more such compounds into gasoline distribution, storage, and dispensing systems that they knew could not safely contain such products. The widespread problems of leaking gasoline delivery systems were well known to the Defendants prior to the introduction of MTBE. At least as early as the mid-1960's, these

15

Defendants knew, or reasonably should have known, that gasoline delivery systems suffer significant and widespread leaks and failures, and release gasoline products into the environment, including into groundwater.

69.    Before introducing MTBE into gasoline delivery systems, the Refiner/Supplier and Manufacturer/Supplier Defendants knew, or reasonably should have known, among other things, that MTBE released into the environment would mix easily with ground water, move great distances, resist biodegradation and/or bioremediation, render drinking water unsafe and/or non-potable, cause significant expenses to remove from public drinking water supplies, and otherwise threaten the public health and welfare. The Defendants knew, or they reasonably should have known, that the gasoline distribution and retail system in the Commonwealth contained leaking gasoline delivery systems. They knew, or they reasonably should have known, that gasoline facilities, including those in the Commonwealth, commonly lacked adequate storage facilities for gasoline containing MTBE, and that the operators of these facilities were unaware of either the special hazards of MTBE or the steps necessary to eliminate or mitigate those hazards.

70.    At all times relevant to this action:

(a)    The Manufacturer/Supplier Defendants, and each of them, sold, exchanged, supplied, distributed, delivered and/or otherwise provided MTBE to the Refiner/Supplier Defendants, and each of them, sold, exchanged, supplied, distributed, delivered and/or otherwise provided gasoline containing MTBE to retail gasoline stations and/or other gasoline delivery systems in the Commonwealth. Upon information and belief, the Commonwealth alleges that such sales, exchanges, supplies, distributions,

16

deliveries and/or other provisions of gasoline containing MTBE to such facilities occurred over time, up to and including the present;

(b)    Gasoline containing MTBE was released to the subsurface from retail gasoline facilities owned and/or operated by the Owner/Operator Defendants, and each of them, and from other facilities at dispersed locations in the Commonwealth.  Such releases of gasoline containing MTBE have occurred over time, have been discovered or have become discoverable at various times, and are still occurring, all in varying amounts at different locations, impacting various aquifers in various sub-basins within the Commonwealth; and

(c)    MTBE takes time to migrate from release points to locations within the subsurface at which they have an appreciable impact on groundwater resources. MTBE has over time migrated in the subsurface from dispersed release points at or near the surface at retail gasoline facilities in the Commonwealth, causing pollution, contamination, and substantial damage to the Commonwealth's groundwater resources, causing appreciable injury to the Commonwealth.

**COUNT I**
**(Strict Products Liability for Defective Design and**
**Failure to Warn Against All Defendants)**

71.    The Commonwealth re-alleges paragraphs 1 through 70 above, and by this reference incorporates them as though set forth in full.

72.    The Refiner/Supplier Defendants, and each of them, designed, formulated, manufactured, compounded, refined, provided product information and/or instructions for use, packaged, labeled, promoted, marketed, distributed, transported, exchanged and/or sold gasoline containing MTBE.

17

73.    The Refiner/Supplier and Manufacturer/Supplier Defendants, and each of them, designed, formulated, manufactured, compounded, refined, provided product information and/or instructions for use, packaged, labeled, promoted, marketed, distributed, transported, exchanged and/or sold MTBE, which was intended by said Defendants, and each of them, to be used as a gasoline additive.

74.    The Owner/Operator Defendants took delivery of, stored and sold the gasoline containing MTBE which is contaminating and polluting ground water in the Commonwealth.

75.    The Refiner/Supplier and Manufacturer/Supplier Defendants, and each of them, represented, asserted, claimed and warranted that gasoline containing MTBE could be used in the same manner as gasoline not containing these compounds, and/or that gasoline containing MTBE did not require any different or special handling or precautions.

76.    Defendants, and each of them, knew that said product(s) were to be purchased and used without inspection for defects.

77.    MTBE and gasoline containing MTBE are defective products because, among other things:

(a)    The design and manufacture of these products was defective;

(b)    The benefits of using MTBE in gasoline, if any, are greatly outweighed by the associated costs and negative impacts imposed on society, consumers, and the environment, and on groundwater resources within the Commonwealth;

(c)    They cause extensive groundwater contamination by MTBE even when used in their foreseeable and intended manner;

18

(d)     Even at extremely low levels, MTBE renders drinking water putrid, foul, and unfit for purveying as drinking water to the public;

(e)     MTBE poses significant threats to the public health and welfare;

(f)     The Refiner/Supplier and Manufacturer/Supplier Defendants failed to provide adequate warnings of the known and foreseeable risks of MTBE and/or gasoline containing MTBE, including but not limited to groundwater contamination with MTBE;

(g)     The Refiner/Supplier and Manufacturer/Supplier Defendants failed to conduct reasonable, appropriate or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of MTBE; and

(h)     Commercial grade MTBE is defectively manufactured when it contains unnecessary but environmentally harmful impurities such as TBA.

78.     MTBE and/or gasoline containing MTBE were used as intended to be used and in a foreseeable manner, and as a proximate result of the defects previously described, MTBE directly and proximately caused the Commonwealth to sustain the injuries and damages set forth in this Complaint.

79.     As a direct and proximate result of the acts and omissions of the Refiner/Supplier and Manufacturer/Supplier Defendants alleged herein, the Commonwealth will have to assess, evaluate, investigate, monitor, abate, clean-up, correct, contain, and remove MTBE from groundwater resources within its territory, all at significant expense, loss, and damage. In particular, the Commonwealth must investigate MTBE releases from all underground gasoline storage tanks within its territory, including those that have never been reported to regulators as known or suspected sources of releases.

80.     As a further direct and proximate result of the acts and omissions of the Refiner/Supplier and Manufacturer Defendants alleged in this Complaint, the Commonwealth has sustained and will continue to sustain damages and substantially increased expenses. The Commonwealth has incurred and will continue to incur costs and attorneys' fees in prosecuting this action. The Commonwealth is entitled to recover all such damages, together with court costs and reasonable attorneys' fees, in this action.

81.     Defendants CITGO, Chevron, ConocoPhillips, Lyondell, Shell, Sunoco, and Texaco knew that it was substantially certain that their alleged acts and omissions described above would threaten public health and cause extensive contamination of common water supplies, public drinking water supplies, and property damage. These Defendants committed each of the above described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice and with conscious disregard of the health and safety of others, and of Plaintiff's rights.

82.     Defendants' conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or gasoline containing MTBE in conscious disregard of the known risks of injury to health and property. Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon the Commonwealth. Therefore, the Commonwealth requests an award of exemplary damages, to the extent available to the Commonwealth and not prohibited by law, in an amount sufficient to punish Defendants, Chevron, CITGO, ConocoPhillips, Lyondell, Shell, Sunoco, and Texaco. After the completion of additional investigation and discovery, the Commonwealth may seek leave of court to amend this Complaint to allege a claim for exemplary damages, to the extent available to the Commonwealth and not prohibited by law, against additional Defendants if warranted by the facts.

## COUNT II
### (Public Nuisance – 32 L.P.R.A. § 2761)

83.    The Commonwealth re-alleges paragraphs 1 through 82 above, and by this reference incorporates them as though set forth in full.

84.    The negligent, reckless, intentional and ultrahazardous activity of Defendants, and each of them, alleged herein has resulted in the contamination and pollution of the waters of the Commonwealth as alleged herein, and constitutes a public nuisance. 32 L.P.R.A. § 2761. The Secretary of Justice is authorized to institute proceedings against those parties that intrude on the lands, rights, or property of the Commonwealth, or commit a nuisance thereon. 3 L.P.R.A. § 73.

85.    The public nuisance caused, contributed to, maintained, and/or participated in by Defendants, and each of them, has substantially and unreasonably interfered with, obstructed and/or threatened, among other things, the Commonwealth's significant property and quasi-sovereign interests in the waters of the Commonwealth, the Commonwealth's ability to protect, conserve and manage the waters of the Commonwealth, which are by law precious and invaluable public resources held by the Commonwealth in trust for the benefit of the public, as well as the rights of the people of the Commonwealth to enjoy a water supply free from unacceptable health risk, taste, odor, pollution, and contamination.

86.    Each Defendant has, at all times relevant to this action, caused, maintained, participated in and/or assisted in the creation of such public nuisance. Among other things, each Defendant is a substantial contributor to such public nuisance as follows:

21

a.  The Manufacturer/Supplier Defendants manufactured, promoted and
    supplied MTBE to refiners when they knew, or reasonably should have
    known, that: (i) the refiners would in turn blend the MTBE into gasoline;
    (ii) such gasoline containing MTBE would then be placed into leaking
    gasoline delivery systems, including those in the Commonwealth; (iii)
    MTBE would be released even more readily than the constituents of
    conventional gasoline from gasoline delivery systems; and (iv) when
    released into the subsurface, MTBE would spread farther and faster than
    other components of gasoline, resist biodegradation, contaminate
    groundwater, including drinking water supplies, and, ultimately, be
    difficult and costly to find and remove from the water.

b.  The Refiner/Supplier Defendants, and each of them, refined, marketed
    and/or otherwise supplied gasoline containing MTBE that was delivered
    into the Commonwealth, when they knew, or reasonably should have
    known, that: (i) such gasoline would be placed into leaking gasoline
    delivery systems; (ii) MTBE would be released even more readily than the
    constituents of conventional gasoline from gasoline delivery systems; and
    (iii) when released into the subsurface, MTBE would spread farther and
    faster than other components of gasoline, resist biodegradation,
    contaminate groundwater, including drinking water supplies, and,
    ultimately, be difficult and costly to remove from the water.

c.  Defendants CITGO, Chevron, ConocoPhillips, Shell, Sunoco, and Texaco
    had first-hand knowledge and experience regarding leaking gasoline
    delivery systems and releases of MTBE to groundwater therefrom. These

Defendants obtained such first-hand knowledge and experience because each of them owned, operated and/or controlled individual gasoline stations with leaking gasoline delivery systems, including gasoline stations in the Commonwealth.

d. Defendants, and each of them, manufactured, refined, marketed, promoted, and/or otherwise supplied MTBE and/or gasoline containing MTBE to downstream handlers, when they knew, or reasonably should have known, that MTBE would: (i) be released into the environment from commercial and consumer uses and sources in the Commonwealth other than gasoline delivery systems; and (ii) contaminate the waters of the Commonwealth.

e. Despite their knowledge that contamination of the waters of the Commonwealth with MTBE was the inevitable consequence of their conduct as alleged herein, Defendants, and each of them, failed to provide any warnings or special instructions, or take any other precautionary measures to prevent or mitigate such contamination.

f. Defendants CITGO, Chevron, ConocoPhillips, Lyondell, Shell, Sunoco, and Texaco engaged in separate and joint activities to suppress, conceal and/or minimize information regarding the hazards of MTBE in order to mislead government agencies, including the Commonwealth, and the public regarding the hazards of MTBE.

87.    The public nuisance caused, contributed to, maintained, and/or participated in by Defendants, and each of them, has caused and/or threatens to cause

23

substantial injury to the waters of the Commonwealth, in which the Commonwealth has significant property rights and quasi-sovereign interests.

88.    The contamination of the waters of the Commonwealth with MTBE alleged herein has varied over time and has not yet ceased. MTBE continues to threaten, migrate into and enter the waters of the Commonwealth. Until the nuisance is abated and the waters of the Commonwealth are returned to their pre-injury quality, the Defendants are liable for the creation and continued maintenance of a public nuisance in contravention of the public's right to clean water and an unspoiled environment.

89.    As a direct and proximate result of Defendants' acts and omissions as alleged herein, the Commonwealth has incurred, is incurring, and will continue to incur, administrative, investigation, remediation, cleanup, restoration, removal, treatment and/or monitoring costs and expenses related to contamination of the waters of the Commonwealth with MTBE for which Defendants are jointly and severally liable.

90.    As a further direct and proximate result of the acts and omissions of the Defendants alleged in this Complaint, the Commonwealth has sustained and will continue to sustain other substantial expenses and damages for which Defendants are jointly and severally liable.

91.    The injuries to the waters of the Commonwealth caused and/or threatened by Defendants' acts and omissions as alleged herein are indivisible.

92.    Defendants' conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or gasoline containing MTBE in conscious disregard of the known risks of injury to health and property. Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable

24

impact upon the Commonwealth. Therefore, the Commonwealth requests an award of exemplary damages, to the extent available to the Commonwealth and not prohibited by law, in an amount sufficient to punish Defendants, Chevron, CITGO, ConocoPhillips, Lyondell, Shell, Sunoco, and Texaco. After the completion of additional investigation and discovery, the Commonwealth may seek leave of court to amend this Complaint to allege a claim for exemplary damages, to the extent available to the Commonwealth and not prohibited by law, against additional Defendants if warranted by the facts.

### COUNT III
### (Trespass - 31 L.P.R.A § 5141)

93.    The Commonwealth re-alleges paragraphs 1 through 92 above, and by this reference incorporates them as though set forth in full.

94.    The Commonwealth is the owner and/or actual possessor of property rights and interests in the waters of the Commonwealth, as alleged herein, which the Commonwealth holds in trust for the benefit of the public. These property rights and interests include, but are not limited to, a quasi-sovereign interest in protecting the quality of such waters from contamination and pollution.

95.    Defendants, and each of them, intentionally manufactured, refined, marketed, and/or otherwise supplied MTBE and/or gasoline containing MTBE with the knowledge that contamination of the waters of the Commonwealth with MTBE was substantially certain to result.

96.    Among other things, Defendants, and each of them, intentionally caused MTBE to enter, invade, intrude upon and injure the waters of the Commonwealth as follows:

25

g.  The Manufacturer/Supplier Defendants manufactured, promoted and supplied MTBE to refiners when they knew that it was substantially certain that: (i) the refiners would in turn blend the MTBE into gasoline; (ii) such gasoline containing MTBE would then be placed into leaking gasoline delivery systems, including those in the Commonwealth; (iii) MTBE would be released even more readily than the constituents of conventional gasoline from gasoline delivery systems; and (iv) when released into the subsurface, MTBE would spread farther and faster than other components of gasoline, resist biodegradation, contaminate groundwater, including drinking water supplies, and, ultimately, be difficult and costly to find and remove from the water.

h.  The Refiner/Supplier Defendants, and each of them, refined, marketed and/or otherwise supplied gasoline containing MTBE that was delivered into the Commonwealth, when they knew that it was substantially certain that: (i) such gasoline would be placed into leaking gasoline delivery systems; (ii) MTBE would be released even more readily than the constituents of conventional gasoline from gasoline delivery systems; and (iii) when released into the subsurface, MTBE would spread farther and faster than other components of gasoline, resist biodegradation, contaminate groundwater, including drinking water supplies, and, ultimately, be difficult and costly to remove from the water.

i.  Defendants CITGO, Chevron, ConocoPhillips, Shell, Sunoco, and Texaco had first-hand knowledge and experience regarding leaking gasoline delivery systems and releases of MTBE to groundwater therefrom. These

26

defendants obtained such first-hand knowledge and experience because each of them owned, operated and/or controlled individual gasoline stations with leaking gasoline delivery systems, including gasoline stations in the Commonwealth.

j.  Defendants, and each of them, manufactured, refined, marketed, promoted, and/or otherwise supplied MTBE and/or gasoline containing MTBE to downstream handlers, when they knew that it was substantially certain that MTBE would: (i) be released into the environment from commercial and consumer uses and sources in the Commonwealth other than gasoline delivery systems; and (ii) contaminate the waters of the Commonwealth.

k.  Despite their knowledge that groundwater contamination with MTBE was the inevitable consequence of their conduct as alleged herein, Defendants, and each of them, failed to provide any warnings or special instructions, or take any other precautionary measures to prevent or mitigate such contamination.

l.  Defendants CITGO, Chevron, ConocoPhillips, Lyondell, Shell, Sunoco, and Texaco engaged in separate and joint activities to suppress, conceal and/or minimize information regarding the hazards of MTBE in order to mislead government agencies, including the Commonwealth, and the public regarding the hazards of MTBE.

97.    Each of these Defendants' intentional acts and omissions has caused a trespass upon and contaminated the property, namely the waters, of the Commonwealth

27

causing the Commonwealth damages for which Defendants are liable pursuant to 31 L.P.R.A § 5141.

98.    The contamination of the waters of the Commonwealth with MTBE alleged herein has varied over time and has not yet ceased. MTBE continues to threaten, migrate into and enter the waters of the Commonwealth. Defendants continue to refrain from taking responsibility for this trespass and from taking action to remediate existing contamination and prevent future contamination of the Commonwealth's waters.

99.    The Commonwealth has not consented to and does not consent to the trespass alleged herein. Defendants, and each of them, knew or reasonably should have known, that the Commonwealth would not consent to this trespass.

100.    As a direct and proximate result of defendants' acts and omissions as alleged herein, the Commonwealth has incurred, is incurring, and will continue to incur, administrative, investigation, remediation, cleanup, restoration, removal, treatment and/or monitoring costs and expenses related to contamination of the waters of the Commonwealth with MTBE for which defendants are jointly and severally liable pursuant to 31 L.P.R.A § 5141.

101.    As a further direct and proximate result of the acts and omissions of the defendants alleged in this Complaint, the Commonwealth has sustained and will continue to sustain other substantial expenses and damages for which defendants are jointly and severally liable pursuant to 31 L.P.R.A § 5141.

102.    The injuries to the waters of the Commonwealth caused and/or threatened by defendants' acts and omissions as alleged herein are indivisible.

103.    Defendants' conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or gasoline containing MTBE in conscious disregard of the known risks of injury to health and property. Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon the Commonwealth. Therefore, the Commonwealth requests an award of exemplary damages, to the extent available to the Commonwealth and not prohibited by law, in an amount sufficient to punish Defendants, Chevron, CITGO, ConocoPhillips, Lyondell, Shell, Sunoco, and Texaco. After the completion of additional investigation and discovery, the Commonwealth may seek leave of court to amend this Complaint to allege a claim for exemplary damages, to the extent available to the Commonwealth and not prohibited by law, against additional Defendants if warranted by the facts.

## COUNT IV
### (Negligence - 31 L.P.R.A § 5141)

104.    The Commonwealth re-alleges paragraphs 1 through 103 above, and by this reference incorporates them as though set forth in full.

105.    Defendants had a duty to the Commonwealth to exercise due care in the design, manufacture, formulation, handling, control, disposal, marketing, sale, testing, labeling, use, and instructions for use of MTBE and/or gasoline containing MTBE.

106.    Defendants so negligently, carelessly, and recklessly designed, manufactured, formulated, handled, labeled, instructed, controlled (or failed to control), tested (or failed to test), marketed, sold and otherwise entrusted MTBE and gasoline containing MTBE that they breached their duties and directly and proximately caused MTBE to contaminate and threaten the waters of the Commonwealth, resulting in the damages alleged in this Complaint.

29

107. Defendants, and each of them, failed to conduct reasonable, appropriate or adequate scientific studies to evaluate the environmental fate and transport characteristics of MTBE, and/or the likelihood that use of MTBE as a component of gasoline would pollute public waters, render drinking water unusable and unsafe, and threaten public health and welfare and the environment.

108. The Manufacturer/Supplier Defendants, among other things, manufactured, promoted and/or otherwise supplied MTBE to refiners when they knew, or reasonably should have known, that: (a) the refiners would in turn blend the MTBE into gasoline; (b) such gasoline containing MTBE would then be placed into leaking gasoline delivery systems, including those in the Commonwealth; (c) MTBE would be released even more readily than the constituents of conventional gasoline from gasoline delivery systems; and (d) when released into the subsurface, MTBE would spread farther and faster than other components of gasoline, resist biodegradation, contaminate ground water, including drinking water supplies, and, ultimately, be difficult and costly to find and remove from the water.

109. The Refiner/Supplier Defendants, and each of them, among other things, refined, marketed, and/or otherwise supplied gasoline containing MTBE that was delivered into the Commonwealth and/or in areas affecting waters of the Commonwealth, when they knew, or reasonably should have known, that: (a) such gasoline would be placed into leaking gasoline delivery systems; (b) MTBE would be released even more readily than the constituents of conventional gasoline from gasoline delivery systems; and (c) when released into the subsurface, MTBE would spread farther and faster than other components of gasoline, resist biodegradation, contaminate ground water, including drinking water supplies, and, ultimately, be difficult and costly to remove from the water.

30

110.    Defendants CITGO, Chevron, ConocoPhillips, Lyondell, Shell, Sunoco, and Texaco also had first-hand knowledge and experience regarding leaking gasoline delivery systems and releases of MTBE to ground water from such systems. These defendants obtained such first-hand knowledge and experience because each of them owned, operated and/or controlled individual gasoline stations with leaking gasoline delivery systems.

111.    Defendants, and each of them, manufactured, refined, marketed, promoted and/or otherwise supplied MTBE and/or gasoline containing MTBE to downstream handlers, when they knew, or reasonably should have known, that MTBE would: (i) be released into the environment from commercial and consumer uses and sources in the Commonwealth other than gasoline delivery systems; and (ii) contaminate the waters of the Commonwealth.

112.    Despite their knowledge that groundwater contamination with MTBE was the inevitable consequence of their conduct as alleged herein, Defendants, and each of them, failed to provide any warnings or special instructions, or take any other precautionary measures to prevent or mitigate such contamination.

113.    In light of the facts alleged herein, Defendants, and each of them, breached their duty to use due care in the design, manufacture, formulation, handling, control, marketing, sale, testing, labeling, use, and instructions for use of MTBE and/or gasoline containing MTBE.

114.    As a direct and proximate result of Defendants' acts and omissions as alleged herein, the Commonwealth has incurred, is incurring, and will continue to incur, administrative, investigation, remediation, cleanup, restoration, removal, treatment and/or

31

monitoring costs and expenses related to contamination of the waters of the Commonwealth with MTBE for which defendants are jointly and severally liable pursuant to 31 L.P.R.A § 5141.

115.   As a further direct and proximate result of the acts and omissions of the Defendants alleged in this Complaint, the Commonwealth has sustained and will continue to sustain other substantial expenses and damages for which defendants are jointly and severally liable pursuant to 31 L.P.R.A § 5141.

116.   The injuries to the waters of the Commonwealth caused and/or threatened by Defendants' acts and omissions as alleged herein are indivisible.

117.   The contamination of the waters of the Commonwealth with MTBE alleged herein has varied over time and has not yet ceased. MTBE continues to threaten, migrate into and enter the waters of the Commonwealth. Defendants continue to refrain from taking responsibility for this trespass and from taking action to remediate existing contamination and prevent future contamination of the Commonwealth's waters.

118.   Defendants' conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or gasoline containing MTBE in conscious disregard of the known risks of injury to health and property. Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon the Commonwealth. Therefore, the Commonwealth requests an award of exemplary damages, to the extent available to the Commonwealth and not prohibited by law, in an amount sufficient to punish Defendants, Chevron, CITGO, ConocoPhillips, Lyondell, Shell, Sunoco, and Texaco. After the completion of additional investigation and discovery, the Commonwealth may seek leave of court to amend this Complaint to

allege a claim for exemplary damages, to the extent available to the Commonwealth and not prohibited by law, against additional Defendants if warranted by the facts.

## COUNT V
### (Puerto Rico Public Policy Environmental Act, Water Pollution Control Act, and Underground Storage Tank Control Regulations)

119.    The Commonwealth re-alleges paragraphs 1 through 118 above, and by this reference incorporates them as though set forth in full.

120.    The Defendants are each "person[s]" as defined by 24 L.P.R.A. § 591(d).

121.    The activities of Defendants, and each of them, alleged herein has resulted in the "pollution" of "waters" of the Commonwealth as defined by 24 L.P.R.A. § 591(i) and § 591(e), respectively.

122.    The MTBE and petroleum discharged to waters of the Commonwealth by the Defendants are "other" types of pollution as that term is defined by 24 L.P.R.A § 591(h).

123.    The Defendants' activities, individually and collectively, have directly or indirectly, caused the discharge or permitted the discharge of MTBE into the waters of the Commonwealth polluting said waters in such manner as to place them out of the minimum standards of purity set forth in the Commonwealth's regulations promulgated pursuant to 24 L.P.R.A. § 599 in violation of 24 L.P.R.A. § 595 and 12 L.P.R.A. § 1131(13)(A)(i).

124.    Each Defendant directly or indirectly, caused the discharge or permitted the discharge of MTBE into the waters of the Commonwealth and/or onto the land where

MTBE has seeped or will ultimately seep into the waters of the Commonwealth, polluting said waters.

125.    Violations of 24 L.P.R.A. § 595 and the regulations promulgated under 24 L.P.R.A. § 599 constitute violations of The Public Policy Environmental Act, Title II, Act No. 9, 12 L.P.R.A. §1121 *et seq.  See* 12 L.P.R.A. § 1132(b).

126.    The Defendants' unlawful discharges of MTBE into the waters of the Commonwealth caused damages to the environment and natural resources of the Commonwealth including but not limited to the ground waters, including Class SG1 ground waters, which are subject to very stringent criteria pursuant to the Puerto Rico Water Quality Standards set forth in EQB Regulation 6616, which constitutes an EPA-approved Water Quality Standard pursuant to 40 C.F.R. § 131.21 under the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.*

127.    Pursuant to § 3.2.6(B)(7) of EQB Regulation 6616, the taste and odor of Class SG1 waters shall not be altered except by natural means.  Any discharge of MTBE into such waters violates this requirement due to MTBE's putrid smell and foul taste. Accordingly, Defendants have violated this requirement.

128.    The Defendants' unlawful releases of regulated substances, containing MTBE, from underground storage tank system[s] into the waters of the Commonwealth violate Rule 1102(A) and (B) of the Puerto Rico Underground Storage Tank Control regulations, set forth in EQB Regulation 4362.

129.    Defendants' installation, operation, and/or closure of underground storage tank systems without taking all practicable measures to control releases or spills violate

34

Rule 1102(D) of the Puerto Rico Underground Storage Tank Control regulations, set forth in EQB Regulation 4362.

130.    Plaintiff EQB is empowered to and does seek the total value of the damages caused to the environment and natural resources of the Commonwealth caused by the Defendants' unlawful discharges of MTBE. 12 L.P.R.A. § 1131(29) and § 1136(b).

131.    Because the Defendants' activities, individually and collectively, have directly or indirectly, caused the discharge or permitted the discharge of MTBE into waters of the Commonwealth, the Defendants are liable for the total value of the damages caused to the environment and natural resources of the Commonwealth including the reasonable cost to restore and rehabilitate the environment and damaged natural resources along with the reasonable assessment costs, fees, and expenses the Commonwealth has incurred and will incur to assess, mitigate, restore, or replace any natural resources damaged or destroyed by the discharge of MTBE. 12 L.P.R.A § 1131(29) and § 1136(b).

## COUNT VI
### (Comprehensive Environmental Response, Compensation, and Liability Act)

132.    The Commonwealth re-alleges paragraphs 1 through 131 above, and by this reference incorporates them as though set forth in full.

133.    The Commonwealth is a "State" as defined by CERCLA § 101(27), 42 U.S.C. § 9601(27).

134.    There have been releases or threatened releases, as defined under CERCLA § 101(22), 42 U.S.C. § 9601(22), of MTBE, which is a "hazardous substance," as defined under CERCLA § 101(14), 42 U.S.C. § 9601(14), at or from facilities within the Commonwealth.

35

135.   Each of the Defendants is a "person" as defined by CERCLA § 101(21), 42 U.S.C. § 9601(21).

136.   Each of the Defendants is a liable person within the meaning of CERCLA § 107(a)(1)-(3), 42 U.S.C. § 9607(a)(1)-(3).

137.   Pursuant to CERCLA § 107(a)(4)(A), 42 U.S.C. § 9607(a)(4)(A), the Defendants are jointly and severally liable to the Commonwealth for all costs of removal or remedial action incurred by the Commonwealth not inconsistent with the national contingency plan to address releases or threatened releases of MTBE at or from facilities within the Commonwealth.

138.   Pursuant to CERCLA § 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), and CERCLA § 107(f), 42 U.S.C. §9607(f), the Defendants are jointly and severally liable to the Commonwealth for damages for injury to, destruction of, and/or loss of natural resources resulting from the releases or threatened releases of MTBE at or from facilities within the Commonwealth.

139.   "Natural resources," within the meaning of CERCLA § 101(16), 42 U.S.C. § 9601(16), located within the Commonwealth and belonging to, managed by, controlled by, or appertaining to the Commonwealth, have been injured, destroyed, or lost as a result of the releases or threatened releases of MTBE at or from facilities within the Commonwealth.

140.   The Commonwealth is entitled to recover its reasonable costs in assessing the injury to, destruction of, or loss of natural resources resulting from the releases or threatened releases of MTBE at or from facilities within the Commonwealth.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, the Commonwealth of Puerto Rico, in both its *parens patriae* capacity and through the Environmental Quality Board, comes before this Court, and respectfully requests this Court to:

A. Declare that Defendants are jointly and severally liable for the full costs of all investigatory, remedial, removal, and other actions necessary to detect, delineate, abate, remove and remediate MTBE in the waters of the Commonwealth and to restore such waters to their original condition, and for such orders as may be necessary to provide full relief to address risks to the Commonwealth;

B. Order Defendants to pay compensatory damages in an amount at least equal to the full cost of restoring the waters of the Commonwealth to their original condition prior to the contamination of such waters with MTBE, including but not limited to, the costs of:

(1) Testing soils around all underground storage tanks suspected of leaking MTBE or MTBE-containing substances;

(2) testing all public and private drinking water supplies for the presence of MTBE;

(3) treatment of all water supplies containing detectable levels of MTBE until restored to non-detectable levels and provision of alternate water supplies, where appropriate; and

37

(4) present and future monitoring of surface and ground waters to detect the presence of MTBE;

C. Order Defendants to pay all other damages sustained by the Commonwealth as a direct and proximate result of defendant's acts and omissions alleged herein, according to proof, including but not limited to remedial, administrative, oversight and legal expenses and compensation for damage to waters of the Commonwealth;

D. Order Defendants to pay Damages to compensate the Commonwealth for injuries to the natural resources of the Commonwealth, including lost use, lost value, and existence value of natural resources harmed by releases of MTBE;

E. Issue an Order declaring that the Owner/Operator Defendants' gasoline delivery systems and/or refineries constitute a nuisance in the manner they are maintained and operated, and compelling them to abate that nuisance;

F. Issue an Order compelling Defendants and each of them to abate the public nuisance proximately caused by their conduct as alleged herein;

G. Grant all appropriate injunctive relief to investigate, abate and/or mitigate the MTBE contamination of waters of the Commonwealth;

H. Order defendants Chevron U.S.A. Inc., ChevronTexaco Corporation, CITGO Refining and Chemical Company, LP, CITGO Petroleum Corporation, ConocoPhillips Company, Lyondell Chemical Company, Shell Oil Company, Sunoco, Inc., Sunoco, Inc. (R&M), and Texaco

Refining and Marketing Inc. to pay exemplary damages, to the extent available to the Commonwealth and not prohibited by law, in an amount sufficient to punish defendants Chevron U.S.A. Inc., ChevronTexaco Corporation, CITGO Refining and Chemical Company, LP, CITGO Petroleum Corporation, ConocoPhillips Company, Lyondell Chemical Company, Shell Oil Company, Sunoco, Inc., Sunoco, Inc. (R&M), and Texaco Refining and Marketing Inc. and to deter those defendants from ever committing the same or similar acts;

I. Order Defendants to pay all costs and reasonable attorneys' fees incurred in prosecuting this action, together with prejudgment interest, to the full extent permitted by law;

J. For such and other further relief as the court may deem just and proper.

PLAINTIFF IS ENTITLED TO A TRIAL BY A JURY AND HEREBY DEMANDS A TRIAL BY A JURY.

Dated: June 12, 2007

_____
Roberto Sanchez Ramos, Esquire
Secretary of Justice
Commonwealth of Puerto Rico

_____
Orlando H. Martinez, Esquire (USDC P.R. 213052)
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, Puerto Rico  00907

_____
John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands  00820-5008

_____
Gordon C. Rhea, Esquire
Richardson, Patrick, Westbrook &
Brickman, L.L.C.
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC  29465

40

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

COMMONWEALTH OF PUERTO RICO and COMMONWEALTH OF PUERTO RICO through the ENVIRONMENTAL QUALITY BOARD

**(b)** County of Residence of First Listed Plaintiff  Puerto Rico
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, Puerto Rico 00907    Telephone (787) 722-2378

## DEFENDANTS

SHELL OIL COMPANY, SHELL COMPANY PUERTO RICO, LTD., SHELL CHEMICAL YABUCOA, INC., SHELL TRADING (US) COMPANY, MOTIVA ENTERPRISES, LLC, EQUILON ENTERPRISES, LLC, CHEVRON TEXACO CORPORATION, CHEVRON, U.S.A. INC., CHEVRON PUERTO RICO, LLC, TEXACO PUERTO RICO INC., CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE, CHEVRON INTERNATIONAL OIL COMPANY, INC., TEXACO REFINING AND MARKETING, INC., CHEVRON MARKETING, INC., CHEVRON ESTRELLA PUERTO RICO INC., SUNOCO INC., SUNOCO INC. (R&M), PUERTO RICO SUN OIL COMPANY, LLC, CONOCOPHILLIPS COMPANY, CITGO REFINING AND CHEMICAL COMPANY, L.P. CITGO INTERNATIONAL, P.R., CITGO PETROLEO CORPORATION, TOTAL PETROLEUM PUERTO RICO CORPORATION, TOTAL OIL, INC., LYONDELL CHEMICAL COMPANY

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☒ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 9601, et. seq.

Brief description of cause:
Causes of actions for damages and injunctive relief related to discharges of Methyl Tertiary Butyl Ether to the environment of the Commonwealth.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  June 11, 2007    SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



# United States District Court *for the* District of Puerto Rico

## CURRENT ADDRESS NOTICE

PLEASE, INCLUDE THIS NOTICE WITH THE FILING OF YOUR CIVIL COVER SHEET AND COMPLAINT. YOU HAVE AN ONGOING RESPOSIBILITY TO KEEP THE COURT INFORMED OF YOUR CURRENT ADDRESS.

NOTICES MAY NOT BE RECEIVED IF YOU DO NOT COMPLY WITH THIS REQUEST.

| | |
|---|---|
| **NAME OF ATTORNEY** (Last Name, First Name, Initial) | Orlando H. Martinez Echeverria |

**OFFICE ADDRESS**

Centro de Seguros
Suite 413
701 Ponce de Leon Ave.
San Juan, PR  00907

| TELEPHONE NO. | FAX NO. |
|---|---|
| (787) 722-2378 | (787) 724-0353 |

**MAILING ADDRESS**

Same.

**USDC NO.**   213052

Law Firm: Orlando H. Martinez Law Offices

Primary Email:   omartinez@martinezlaw.org

Additional Email:  omartinez@yahoo.com



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1.  Title of Case (Name of first party on each side only)
    Commonwealth of Puerto Rico v. Shell Oil Company

2.  Category in which case belongs: (See Local Rules)

    |  |  |
    |---|---|
    | __x__ | ORDINARY CIVIL CASE |
    | _____ | SOCIAL SECURITY |
    | _____ | BANK CASE |
    | _____ | INJUNCTION |

3.  Title and number, if any, of related cases (See Local Rules)

4.  Has a prior action between the same parties and based on the same claim ever been filed in this Court?

    ☐ YES        ☒ NO

5.  Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?

    ☐ YES        ☒ NO

6.  Does this case question the constitutionality of a state statute (FRCP 24)?

    ☐ YES        ☐ NO

(Please Print)

USDC ATTORNEY'S ID NO. __213052__

ATTORNEY'S NAME: Orlando H. Martinez Echeverria

MAILING ADDRESS: __Centro de Seguros, Suite 413, 701 Ponce de Leon Ave.,San Juan__ ZIP CODE __00907__

TELEPHONE NO. __PR  (787)722-2378__

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| COMMONWEALTH OF PUERTO RICO and COMMONWEALTH OF PUERTO through the ENVIRONMENTAL QUALTY BOARD, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | COMPLAINT |
| v. | ) ) ) | |
| SHELL OIL COMPANY, SHELL COMPANY PUERTO RICO LTD., SHELL CHEMICAL YABUCOA, INC., SHELL TRADING (US) COMPANY, MOTIVA ENTREPRISES, LLC, EQUILON ENTERPRISES, LLC, CHEVRONTEXACO CORPORATION, CHEVRON, U.S.A., INC.,  CHEVRON PUERTO RICO, LLC, TEXACO PUERTO RICO, INC., CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE, CHEVRON INTERNATIONAL OIL COMPANY, INC., TEXACO REFINING AND MARKETING, INC., CHEVRON CARIBEAN, INC., CHEVRON ESTRELLA PUERTO RICO, INC., SUNOCO, INC., SUNOCO INC. (R&M), PUERTO RICO SUN OIL COMPANY, LLC, CONOCOPHILLIPS COMPANY, CITGO REFINING AND CHEMICAL COMPANY, LP, CITGO INTERNATIONAL P.R., CITGO PETROLEUM CORPORATION, TOTAL PETROLEUM PUERTO RICO CORPORATION, TOTAL OIL INC., LYONDELL CHEMICAL COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.  07-1505 (ccc) |
| Defendants. | ) ) | |

## APPLICATION AND ORDER FOR ADMISSION PRO HAC VICE

Comes now, Gordon C. Rhea, applicant herein and respectfully states:

1.    Applicant is an attorney and a member of the law firm of Richardson, Patrick, Westbrook, & Brickman, L.L.C. with offices at:

| Address: | 1037 Chuck Dawley Blvd., Bldg. A |
| | Mt. Pleasant, SC 29464 |
| Email: | grhea@rpwb.com |
| Telephone No.: | 843-727-6656 |
| Fax No.: | 843-216-6509 |

2.    Applicant will sign all pleadings with the name Gordon C. Rhea.

3.    Applicant has been retained personally or a s a member of the above-named firm by The Commonwealth of Puerto Rico to provide legal representation in connection with the above-styled matter now pending before the United States District Court for the District of Puerto Rico.

4.    Since March 11, 1983, applicant has been and presently is a member in good standing with the bar of the highest court of the Virgin Islands district of St. Croix, where applicant regularly practices law. Applicants bar license number is 220.

5.    Applicant has been admitted to practice before the following courts:

| Court: | Admission Date: |
|---|---|
| Superior Court of the United States Virgin Islands | March, 1983 |
| U. S. District Court of the United States Virgin Islands | |
| Third Circuit Court of Appeals | November, 1984 |
| District of Columbia Court of Appeals | February, 1976 |

United States District Court of the District of Columbia

| | |
|---|---|
| Supreme Court of California | December, 1974 |
| United Sates District Court for the Central District of California | December, 1974 |
| Ninth Circuit Court of Appeals | March, 1975 |
| Supreme Court of the United States | July 14, 1980 |

6.    Applicant is a member in good standing of the bars of the courts listed in paragraph 5.

7.    Applicant is not currently suspended from the practice of law before any court or jurisdiction.

8.    Applicant is not currently the subject of any complaint for unethical conduct, disciplinary proceeding or criminal charges before any court or jurisdiction.

9.    Applicant has not previously filed for pro hac vice admission in the United States District Court for the District of Puerto Rico.

10.    Local Counsel of record associated with applicant in this matter is:

| | |
|---|---|
| Name: | Orlando Martinez |
| USDC-PR Bar No. | 213052 |
| Address: | Centro de Seguros, Suite 413 |
| | 701 Ponce de Leon Avenue |
| | San Juan, Puerto Rico 00907 |
| Email: | omartinez@martinezlaw.com |
| Telephone No.: | (787) 722-2378 |

Fax No.:            (787) 724-0353 _____

11.    Applicant has read the local rules of the court and will comply with same.

12.    Applicant has read Local Rules of the United States District Court for the District of Puerto which provide in part that attorneys appearing pro hac vice must comply with the provisions set forth therein and pay an admission fee of $150.00 per appearance in each new case before the court. Accordingly, payment of the pro hac vice admission fee is attached hereto in the form of a check or money order payable to: "Clerk, U.S. District Court."

WHEREFORE, applicant respectfully requests to be admitted to practice in the United States District Court for the District of Puerto Rico for the above-styled case only.

Date:  May 4, 2007

_____
Gordon C. Rhea

_____
Gordon C. Rhea

I HEREBY CERTIFY, pursuant to Local Rule 83.1(f), that I consent to the designation of local counsel of record for all purposes.

Date:

June 12, 2007

_Orlando H. Martinez Echevers_
Printed Name

Orlando Martinez

I HEREBY CERTIFY that I have served a true and correct copy of this document upon each attorney of record and the original upon the Clerk of the Court accompanied by a $150.00 pro hac vice admission fee.

Gordon C. Rhea

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO          )
RICO and COMMONWEALTH OF        )
PUERTO through the              )
ENVIRONMENTAL QUALTY            )
BOARD,                          )
                                )
          Plaintiffs,           )          COMPLAINT
                                )
v.                              )
                                )
SHELL OIL COMPANY, SHELL        )
COMPANY PUERTO RICO LTD.,       )
SHELL CHEMICAL YABUCOA, INC.,   )
SHELL TRADING (US) COMPANY,     )
MOTIVA ENTREPRISES, LLC,        )
EQUILON ENTERPRISES, LLC,       )
CHEVRONTEXACO                   )
CORPORATION, CHEVRON, U.S.A.,   )
INC.,  CHEVRON PUERTO RICO,     )
LLC, TEXACO PUERTO RICO,        )
INC., CHEVRON PHILLIPS          )
CHEMICAL PUERTO RICO CORE,      )
CHEVRON INTERNATIONAL           )
OIL COMPANY, INC.,              )          Case No. _07 - 1505 (ccc)
TEXACO REFINING AND             )
MARKETING, INC., CHEVRON        )
CARIBEAN, INC., CHEVRON         )
ESTRELLA PUERTO RICO, INC.,     )
SUNOCO, INC., SUNOCO INC. (R&M),)
PUERTO RICO SUN OIL COMPANY,    )
LLC, CONOCOPHILLIPS COMPANY,    )
CITGO REFINING AND CHEMICAL     )
COMPANY, LP, CITGO              )
INTERNATIONAL P.R., CITGO       )
PETROLEUM CORPORATION,          )
TOTAL PETROLEUM PUERTO RICO     )
CORPORATION, TOTAL OIL INC.,    )
LYONDELL CHEMICAL COMPANY,      )
                                )
          Defendants.           )
_____)

## APPLICATION AND ORDER FOR ADMISSION PRO HAC VICE

Comes now, John K. Dema, applicant herein and respectfully states:

1.    Applicant is an attorney and a member of the law firm of John K. Dema, P.C. with offices at:

| Address: | 1236 Strand Street, Suite 103<br>Christiansted, VI 00820 |
|---|---|
|  | 11300 Rockville Pike, Suite 112<br>Rockville, MD 20852 |
| Email: | jdema@lojkd.com |
| Telephone No.: | (340) 773-6142 |
| Fax No.: | (340) 773-3944 |

2.    Applicant will sign all pleadings with the name <u>John K. Dema</u>.

3.    Applicant has been retained personally or a s a member of the above-named firm by <u>The Commonwealth of Puerto Rico</u> to provide legal representation in connection with the above-styled matter now pending before the United States District Court for the District of Puerto Rico.

4.    Since December 12, 1973, applicant has been and presently is a member in good standing with the bar of the highest court of the Virgin Islands district of St. Croix, where applicant regularly practices law.  Applicants bar license number is 357.

5.    Applicant has been admitted to practice before the following courts:

| Court: | Admission Date: |
|---|---|
| U.S. District Court for the<br>District of the Virgin Islands | January, 1973 |
| U.S. Court of Appeals for the<br>3d Circuit | January, 1973 |

2

| U.S. District Court for the District of Columbia | June, 1972 |
| U.S. District Court for the District of Puerto Rico | May, 2004 |

6.    Applicant is a member in good standing of the bars of the courts listed in paragraph 5.

7.    Applicant is not currently suspended from the practice of law before any court or jurisdiction.

8.    Applicant is not currently the subject of any complaint for unethical conduct, disciplinary proceeding or criminal charges before any court or jurisdiction.

9.    Applicant has not previously filed for pro hac vice admission in the United States District Court for the District of Puerto Rico.

10.    Local Counsel of record associated with applicant in this matter is:

| Name: | Orlando Martinez |
| USDC-PR Bar No. | 213052 |
| Address: | Centro de Seguros, Suite 413 |
| | 701 Ponce de Leon Avenue |
| | San Juan, Puerto Rico 00907 |
| Email: | omartinez@martinezlaw.com |
| Telephone No.: | (787) 722-2378 |
| Fax No.: | (787) 724-0353 |

11.    Applicant has read the local rules of the court and will comply with same.

12.    Applicant has read Local Rules of the United States District Court for the District of Puerto which provide in part that attorneys appearing pro hac vice must

3

comply with the provisions set forth therein and pay an admission fee of $150.00 per appearance in each new case before the court. Accordingly, payment of the pro hac vice admission fee is attached hereto in the form of a check or money order payable to: "Clerk, U.S. District Court."

WHEREFORE, applicant respectfully requests to be admitted to practice in the United States District Court for the District of Puerto Rico for the above-styled case only.

Date: June 11, 2007

_____
Printed Name

_____
John K. Dema

I HEREBY CERTIFY, pursuant to Local Rule 83.1(f), that I consent to the designation of local counsel of record for all purposes.

Date: June 12, 2007

_____
Printed Name

_____
Orlando Martinez

4

I HEREBY CERTIFY that I have served a true and correct copy of this document upon each attorney of record and the original upon the Clerk of the Court accompanied by a $150.00 pro hac vice admission fee.

John K. Dema

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| COMMONWEALTH OF PUERTO | ) | |
| RICO and COMMONWEALTH OF | ) | |
| PUERTO RICO through the | ) | |
| ENVIRONMENTAL QUALITY | ) | |
| BOARD, | ) | |
| | ) | **FIRST AMENDED** |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| SHELL OIL COMPANY; | ) | |
| SHELL COMPANY PUERTO RICO LTD.; | ) | |
| SHELL CHEMICAL YABUCOA, INC.; | ) | |
| SHELL TRADING (US) COMPANY; | ) | |
| MOTIVA ENTREPRISES, LLC; | ) | |
| EQUILON ENTERPRISES, LLC; | ) | |
| CHEVRON CORPORATION; | ) | |
| CHEVRON, U.S.A., INC.; | ) | |
| CHEVRON PUERTO RICO, LLC; | ) | |
| TEXACO PUERTO RICO, INC.; | ) | |
| CHEVRON PHILLIPS; | ) | |
| CHEMICAL PUERTO RICO CORE, INC.; | ) | **District Court** |
| TEXACO PETROLEUM, INC.; | ) | |
| CHEVRON INTERNATIONAL | ) | |
| OIL COMPANY, INC.; | ) | **Case No. 07-1505 (ccc)** |
| TEXACO REFINING AND | ) | |
| MARKETING, INC.; | ) | |
| CHEVRON CARIBBEAN, INC.; | ) | |
| CHEVRON ESTRELLA PUERTO RICO, INC.; | ) | |
| ESSO STANDARD OIL COMPANY | ) | |
| (PUERTO RICO); | ) | |
| EXXONMOBIL CORPORATION; | ) | |
| HOVENSA L.L.C.; | ) | |
| HESS OIL VIRGIN ISLANDS | ) | |
| CORPORATION; | ) | |
| SUNOCO, INC.; | ) | |
| SUNOCO INC. (R&M); | ) | |
| PUERTO RICO SUN OIL COMPANY, LLC; | ) | |
| CONOCOPHILLIPS COMPANY; | ) | |
| CITGO REFINING AND CHEMICAL | ) | |
| COMPANY, LP; | ) | |
| CITGO INTERNATIONAL P.R.; | ) | |
| CITGO PETROLEUM CORPORATION; | ) | |
| TOTAL PETROLEUM PUERTO RICO | ) | |
| CORPORATION; | ) | |
| TOTAL OIL INC.; | ) | |
| LYONDELL CHEMICAL COMPANY; | ) | |

1

**and DOES 1-99;**                                    )
                                                      )
                    **Defendants.**                   )
                                                      )
_____)

## <u>FIRST AMENDED COMPLAINT</u>

COMES NOW Plaintiff, the Commonwealth of Puerto Rico and the Commonwealth of Puerto Rico through the Puerto Rico Environmental Quality Board (collectively referred to as "the Commonwealth" or "Plaintiff"), a sovereign entity that manages, controls, holds in trust, and owns the water resources within its boundaries on behalf of the public as trustee over the Commonwealth's water resources and quasi-sovereign interests, by and through its undersigned counsel, and brings this civil action against the above-named defendants (collectively hereinafter referred to as the "Defendants") and alleges as follows:

## <u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court over this action is based upon 28 U.S.C. § 1331; 15 U.S.C. § 2619(a); 42 U.S.C. § 6972(a); and 42 U.S.C. § 9613(b).

2.      This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1395(a), and 42 U.S.C. § 9613(b).

## SUMMARY OF THE CASE

4.      The waters of the Commonwealth, whether surface or ground waters, constitute limited, precious and invaluable public resources that are owned and held in trust for the citizens of the Commonwealth and for which the Commonwealth has the authority and responsibility to protect for present and future generations.

5.      Defendants' use of methyl tertiary butyl ether and its natural degradation byproducts, including tertiary butyl alcohol (collectively referred to herein as "MTBE") in gasoline has created an unparalleled threat to both the surface and ground waters of the Commonwealth, including public and private drinking water supplies. Unlike other gasoline constituents, MTBE has unique characteristics that cause extensive environmental contamination. MTBE contaminates and spreads in water resources quickly and is difficult to remove and treat, consequently presenting a grave threat to waters throughout the Commonwealth. MTBE has already contaminated water resources of the Commonwealth and threatens to contaminate many more, as a result of the normal and foreseeable storage, purchase and use of gasoline within the Commonwealth.

6.      MTBE can cause significant adverse health effects and, even at very low concentrations, can render drinking water unfit for human consumption due to the fact that MTBE has a very strong odor and taste.

7.      The Defendants in this action are all corporate members of the petroleum and chemical industries. As described below, Defendants include refiners of gasoline containing MTBE; manufacturers and promoters of MTBE; suppliers of gasoline containing MTBE; and owners and operators of facilities that have released MTBE into the waters of the Commonwealth.

8.      In addition to producing and/or supplying MTBE or gasoline containing MTBE within the Commonwealth, Defendants knowingly and willfully promoted,

3

marketed and sold MTBE and petroleum products containing MTBE, when they knew or reasonably should have known that MTBE would be released into the environment and pollute the waters of the Commonwealth, would interfere with the Commonwealth's interest in protecting and preserving the Commonwealth's waters, and would threaten public health and welfare and the environment, as has occurred and is continuing to occur within the Commonwealth.

## PLAINTIFF

9.    Plaintiff, the Government of the Commonwealth of Puerto Rico and the Commonwealth of Puerto Rico through the Environmental Quality Board, is a sovereign entity that manages, controls, holds in trust, and owns the water resources within its boundaries.  It owns and holds such resources in trust for the benefit of all of its citizens. The Commonwealth brings this action as a trustee and owner of waters within the Commonwealth and pursuant to its police powers, which include, but are not limited to, the power to prevent pollution of the waters of the Commonwealth, prevent public nuisances, and to prevent potential hazards to the public health, welfare, and environment.

10.    Plaintiff has standing to sue because it has a property interest in the waters of the Commonwealth as well as a quasi-sovereign interest in protecting such waters from contamination.  The contamination of the waters of the Commonwealth by MTBE constitutes an injury to the waters of the Commonwealth, property owned by the Commonwealth and held in public trust by the Commonwealth for the People of Puerto Rico.  The Commonwealth seeks damages in its *parens patriae* capacity for the contamination of such waters.

11.    It is the public policy of the Commonwealth to maintain the purity of the waters of Puerto Rico required for the welfare, safety, and development of the Commonwealth and to insure and protect the water supply that may be needed by present

and future generations.  To achieve this purpose, the laws of the Commonwealth have deemed all waters and bodies of water of Puerto Rico to be the property and wealth of the People of Puerto Rico.  *See* 12 L.P.R.A. §§ 1115a, 1115c.  It is the duty of the Commonwealth Government to administer and protect this patrimony in the name and on behalf of the Puerto Rican people.

12.    The Commonwealth, through the Environmental Quality Board, has standing to enforce the Commonwealth's environmental regulations and statutes through The Public Policy Environmental Act, Title II, Act No. 9, 12 L.P.R.A. §1121 *et seq.*

13.    The Secretary of Justice may, when in his judgment the interests of the Commonwealth require it, institute and conduct proceedings against persons who intrude on the lands, rights, or property of the Commonwealth, or commit or erect any nuisance thereon.

## **<u>DEFENDANTS</u>**

14.    The Defendants in this action are all corporate members of the petroleum industry.  As described below, Defendants include refiners of gasoline containing MTBE that contaminates waters of the Commonwealth; manufacturers and promoters of MTBE; suppliers of gasoline containing MTBE that contaminates waters of the Commonwealth; and owners and/or operators of gasoline facilities that have released MTBE that contaminates waters of the Commonwealth.

15.    Any and all references to Defendant, Defendants, or a particular Defendant by name in this Complaint include all predecessors, successors, parents, subsidiaries, affiliates, divisions, and agents of the named Defendants.

16.    When the term "Defendants" is used alone, it refers to all Defendants named herein jointly and severally.

17.    When reference in this complaint is made to any act or omission of the Defendants, it shall be deemed to mean that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of Defendants, and did so while acting within the scope of their employment or agency.

A.    **Refiner/Supplier Defendants**

18.    Upon information and belief, the following Defendants, at all times relevant to this action, refined, marketed and/or otherwise supplied (directly or indirectly) gasoline and/or other products containing MTBE that each such Defendant knew or should have known would be delivered into the Commonwealth.    The following Defendants and Does 1 through 99 are collectively referred to as the "Refiner/Supplier Defendants."

19.    Chevron Corporation ("Chevron Corp.") is a Delaware corporation with its principal place of business at 6001 Bollinger Canyon Road, San Ramon, California. Defendant Chevron Corp. is the successor-in-interest to ChevronTexaco Corporation and successor-in-interest to Texaco, Inc.    Upon information and belief, the Commonwealth further alleges that Chevron Corp. owns and/or controls defendant Chevron U.S.A., Inc.

20.    Chevron Puerto Rico LLC ("Chevron PR") is an affiliate of Chevron Global Energy, Inc., which is also known as Chevron Texaco Products Company, a Delaware limited liability company, with its principal place of business at 6001 Bollinger Canyon Rd., Room 5378, San Ramon, CA.    Chevron PR's principal place of business is located at the Texaco Plaza Building, Suite 400, Metro Office Park, Guaynabo, Puerto Rico.    Upon information and belief, the Commonwealth alleges that Chevron PR was

formerly known as Texaco Puerto Rico LLC, which was formerly known as Texas Company (Puerto Rico) Inc.

21.     Texaco Puerto Rico, Inc. ("Texaco PR") is a Puerto Rico corporation with its principal place of business located at Texaco Plaza Metro Office Park, Street 1 #2, 4th Floor, Suite 400, Guaynabo, Puerto Rico.

22.     Chevron Phillips Chemical Puerto Rico Core, Inc. ("Chevron Phillips"), upon information and belief formally known as Phillips Puerto Rico Core Inc., is a Delaware corporation with its principal place of business in Puerto Rico located at Carr 710 KM 1.3, Guayama, Puerto Rico.  Chevron Phillips is a subsidiary of Chevron Phillips Chemical LLC.

23.      Texaco Petroleum, Inc. ("Texaco Petroleum") is a Delaware Corporation with its principal place of business in Puerto Rico at Street 1, #2 Metro Office Park, Guayanabo, Puerto Rico.

24.     Chevron International Oil Company, Inc. ("Chevron International") is a Delaware corporation with its principal place of business in Puerto Rico at Almacenes Del Castillo, Zona Libre, San Juan, Puerto Rico.

25.     Chevron U.S.A., Inc. ("Chevron U.S.A.") is a Pennsylvania corporation with its principal place of business at 6001 Bollinger Road, San Ramon, California. Chevron U.S.A. acquired Gulf Oil Corporation ("Gulf Oil") through merger in 1984 and is the successor in interest to Gulf Oil.

26.     The term "Chevron" as used in this Complaint refers to Chevron Corp. and Chevron U.S.A.

27.     Texaco Refining and Marketing, Inc. ("Texaco") is a Delaware corporation with its principal place of business in Houston, Texas.

28.     CITGO Refining and Chemical Company, LP ("CITGO Refining"), a subsidiary of CITGO Investment Company, is an Oklahoma limited partnership with its principal place of business at 6100 South Yale Avenue, Tulsa, Oklahoma.

29.     CITGO International P.R. ("CITGO International"), also known as CITGO Puerto Rico Petroleum Corporation is a Delaware corporation with its principal place of business at 6100 South Yale Avenue, Tulsa, Oklahoma.

30.     CITGO Petroleum Corporation ("CITGO Petroleum") is a Delaware corporation with its principal place of business at 6100 South Yale Avenue, Tulsa, Oklahoma.

31.     The term "CITGO" as used in this Complaint refers to CITGO Petroleum and/or CITGO Refining.

32.     ConocoPhillips Company ("ConocoPhillips") is a Delaware corporation with its principal place of business at 600 North Dairy Ashford, Houston, Texas. On information and belief, the Commonwealth alleges that ConocoPhillips was formed as the result of a merger in 2002 of Conoco, Inc. and Phillips Petroleum Company. On information and belief, the Commonwealth further alleges that ConocoPhillips is the successor corporation to Conoco, Inc. and Phillips Petroleum Company. The Commonwealth is further informed and believes that ConocoPhillips is the successor corporation to Tosco Corporation, including its subsidiary Tosco Refining LP, which was acquired by Phillips Petroleum Company in 2001.

33.     Esso Standard Oil Company (Puerto Rico) ("ESSORICO") is a Commonwealth of Puerto Rico corporation with its principal place of business at San Patricio Avenue, Parkside Corner #1, Guaynabo, Puerto Rico.  ESSORICO is wholly owned by defendant ExxonMobil Corporation.

34.     ExxonMobil Corporation ("ExxonMobil Corp.") is a New Jersey corporation with its principal place of business at 5959 Las Colinas Boulevard, Irving, Texas. Defendant ExxonMobil was formed as a result of a merger in 1999 of Mobil Oil Corporation and Exxon Corporation.

35.     HOVENSA L.L.C. ("HOVENSA") is a limited liability company organized and existing under the laws of the United States Virgin Islands with its principal place of business located at 1 Estate Hope, Christiansted, St. Croix, United States Virgin Islands.

36.     Hess Oil Virgin Islands Corporation ("HOVIC"), a wholly-owned subsidiary of Hess Corporation, is a corporation organized and existing under the laws of the United States Virgin Islands with its principal place of business located at 1185 Avenue of the Americas, New York, NY.  Defendants HOVENSA and HOVIC are collectively referred to in this Complaint as "Hess."

37.     Shell Oil Company ("Shell Oil") is a Delaware corporation with its principal place of business at One Shell Plaza, 910 Louisiana Street, Houston, Texas.

38.     Shell Company Puerto Rico Ltd. ("Shell Company PR") is a Puerto Rico corporation with its principal place of business in San Juan, Puerto Rico.

39.     Shell Chemical Yabucoa, Inc. ("Shell Chemical Yabucoa") is a Puerto Rico corporation with its principal place of business located at Road 901, KM 2.7, Yabucoa, Puerto Rico.

40.     Shell Trading (US) Company ("Shell Trading") is a Delaware corporation with its principal place of business in Houston, Texas and its principal place of business in Puerto Rico at 361 San Francisco Street, Penthouse, Old San Juan, Puerto Rico.

41.     Motiva Enterprises, LLC ("Motiva") is a Delaware limited liability company with its principal place of business at 1100 Louisiana Street, Suite 1000, Houston, Texas.  Upon information and belief, the Commonwealth alleges that Motiva is a successor in interest to certain entities related to defendant Shell Oil Company and defendant Texaco Refining and Marketing, Inc., and is owned and/or controlled by Defendant Shell Oil.  Upon information and belief, the Commonwealth alleges that Motiva was formerly known as Star Enterprises LLC.

42.     Equilon Enterprises, LLC ("Equilon"), d/b/a Shell Oil Products US, is a Delaware limited liability company with its principal place of business at 1100 Louisiana Street, Suite 2200, Houston, Texas.

43.     The term "Shell" as used herein refers to Shell Oil and Motiva.

44.     Sunoco, Inc., formerly known as Sun Oil Company and Sun Company, Inc., is a Pennsylvania corporation with its principal place of business at 1801 Market Street, 27th Floor, Philadelphia, Pennsylvania.

45.     Sunoco, Inc. (R&M), formerly known as Sun Refining and Marketing Company and Sun Company Inc. (R&M), is a Pennsylvania corporation with its principal place of business at 1801 Market Street, 27th Floor, Philadelphia, Pennsylvania.

46.     Puerto Rico Sun Oil Company LLC is a Delaware corporation with its principal place of business located at Road 901, KM 2.7, Yabucoa, Puerto Rico.

47.     The term "Sunoco" as used herein refers to Sunoco Inc. and Sunoco Inc. (R&M).

48.     Total Petroleum Puerto Rico Corporation ("Total PR"), successor to Gasolinas de Puerto Rico Corporation, is a Puerto Rico corporation with its principal place of business at Mario Julia Industrial Park, A Street, Suite 11A, Guaynabo, Puerto Rico.  Upon information and belief, the Commonwealth alleges that Total PR is a wholly owned subsidiary of Total Outre Mer, S.A. of France.

49.     Total Oil, Inc. is a Delaware corporation with its principal place of business at 909 Fannin Street, Suite 2200, Houston, Texas.

**B.      MTBE Manufacturer/Supplier Defendants**

50.     Upon information and belief, the following Defendants, at all times relevant to this action, manufactured and supplied MTBE and/or other products containing MTBE that each such Defendant knew or should have known would be delivered into the Commonwealth.  The following Defendants and Does 1 through 99 are collectively referred to as the "Manufacturer/Supplier Defendants."

51.    Lyondell Chemical Company, successor in interest to ARCO Chemical Company (collectively, "Lyondell"), is a Delaware corporation with its principal place of business at 1221 McKinney Street, Houston, Texas.

52.    In addition to Lyondell, Defendants Chevron U.S.A., Chevron Phillips, CITGO, ConocoPhillips, ExxonMobil, Shell Oil, Sunoco, Inc. (R & M), Hess, Texaco, and Does 1 through 99 manufactured MTBE for use in gasoline.

## C.    Owner/Operator Defendants

53.    Upon information and belief, the following Defendants, at all times relevant to this action, owned and or operated gasoline service stations and/or underground storage tanks that have discharged gasoline containing MTBE.    The following Defendants and Does 1 through 99 are collectively referred to as the "Owner/Operator Defendants."

54.    Chevron Caribbean, Inc. ("Chevron Caribbean") is a Delaware corporation with its principal place of business at Texaco Plaza Building, Suite 400, Metro Office Park, Guaynabo, Puerto Rico.  Upon information and belief, the Commonwealth alleges that Chevron Caribbean was formerly known as Texaco Caribbean, Inc.

55.    Chevron Estrella Puerto Rico, Inc. ("Chevron Estrella") is a Puerto Rico corporation, formerly known as Texaco Estrella Puerto Rico, inc., with its principal place of business at the Texaco Plaza Building, Suite 400, Metro Office Park, Guaynabo, Puerto Rico.

56.    Defendants Chevron U.S.A., Chevron Phillips, CITGO, ConocoPhillips, Shell, Sunoco, Total PR, and Does 1 through 99 are/were the owners of services stations

and underground storage tanks and/or are the successors to the owners of service stations and underground storage tanks.

**D.     Does 1-99**

57.     "Does" 1 through 99 are corporations, partnerships, associations, natural persons or other entities that are not presently known to the Plaintiff, certain of which are corporate successors to, predecessors of, assigns of, or are otherwise related to other Defendants, and as well are manufacturers, refiners, blenders, distributors, suppliers, marketers, and retailers of MTBE.  The true names and identities of Does 1 through 99 are not known to the Plaintiff, and therefore the Plaintiff sues said Defendants by fictitious names.

<u>**ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**</u>

**The Contaminant – MTBE**

58.     Methyl tertiary butyl ether is an additive to gasoline.  As used herein, MTBE consists not only of methyl tertiary butyl ether, but also the contaminants in commercial grade MTBE.

59.     Tertiary butyl alcohol ("TBA") is present in some gasoline as an impurity in commercial grade MTBE and a degradation or breakdown product of MTBE.

60.     MTBE contaminates the environment through leaks and spills from gasoline delivery systems.  Once released to the environment, MTBE has unique characteristics that cause extensive environmental contamination and a corresponding threat to the public health and welfare.  In particular, the fate and transport of MTBE in the subsurface differs significantly from that of gasoline constituents that have historically been of environmental and/or toxicological concern, specifically the "BTEX compounds" (benzene, toluene, ethylbenzene, and xylene).

61.     Once released into the subsurface, MTBE separates from other gasoline constituents in the presence of moisture.  In contrast to the BTEX compounds, MTBE has a strong affinity for water.  If MTBE is released into the environment in sufficient quantities, MTBE has the capacity to migrate through the soil, the groundwater, penetrate deeper within the aquifer, and cause persistent contamination that can threaten the potability of drinking water wells.  There is a potentially lengthy delay, based on site specific factors, between the time MTBE is released and the time it and its degradation products accumulate in potentially usable ground water in sufficient quantities to contaminate public drinking water resources.

62.     MTBE spreads farther and faster than other components of gasoline, resists biodegradation, and is difficult and costly to remove from groundwater and drinking water supplies.

63.     No federal or Commonwealth agency has approved MTBE as an additive to drinking water.  No federal or Commonwealth agency has approved releasing MTBE to groundwater.

64.     Along with its other vile properties, MTBE can render water supplies undrinkable by changing the taste and odor of water into a foul smelling liquid with a turpentine odor and chemical taste unfit for human consumption.

65.     MTBE also presents a significant public health threat.  Because of MTBE's potential for causing cancer, it is currently classified by the U.S. Environmental Protection Agency ("EPA") as a "possible carcinogen" and an EPA draft risk assessment has recommended reclassifying MTBE as a "probable carcinogen."

66.     Because of MTBE's propensity to contaminate vast quantities of water, to date, at least 25 States or Commonwealths have banned or enacted laws that have set a date certain banning the use of MTBE as an additive in gasoline.

**Defendants' Promotion of MTBE**

67.    The Refiner/Supplier and Manufacturer/Supplier Defendants, all of whom have promoted the use of gasoline containing MTBE for its purported environmental benefits, knew or should have known of the grave harm and threat to the public health and welfare represented by the proliferating use of this compound, including (among other things): widespread pollution of groundwater with MTBE, contamination of public drinking water by these compounds, drinking water supplies rendered unfit and unusable for consumption, public health threatened, and increased costs to public water suppliers and their customers.

68.    Despite knowing that MTBE pollution was inevitable unless adequate precautions were taken, and despite the availability of reasonable alternatives (including but not limited to adequate warnings), Defendants chose not to warn customers, retailers, regulators or public officials, including the Commonwealth.  As production and sales of these compounds and gasoline containing them increased, Defendants failed to take any reasonable, appropriate, and special precautions to store gasoline containing MTBE safely, or to prevent, detect and clean-up spills and leaks of gasoline containing this product.  Despite knowing the risk of harm posed by MTBE, Defendants also failed to warn purchasers, the public, regulators, and/or the Commonwealth that without such precautions more and more MTBE would be released into the environment and cause, among other significant adverse effects, long term groundwater contamination, pollution of water supplies, and threats to public health and safety.

69.    The Refiner/Supplier Defendants further exacerbated the situation by continuing unreasonable and negligent acts, including providing gasoline containing MTBE to gasoline stations without either providing appropriate warnings or taking other precautions adequate to prevent releases of MTBE to the subsurface, knowing that release

to the environment of this compound would be inevitable because a substantial percentage of those gasoline stations would store such gasoline without taking reasonable, appropriate or special precautions, including placing the gasoline in inadequate and leaking gasoline delivery systems, and failing to take reasonable, appropriate, or special measures to monitor, detect, and respond to releases of MTBE to soil and/or groundwater, and without taking reasonable, appropriate or special precautions to investigate, contain and clean up releases of these compounds.

70.    The Refiner/Supplier and Manufacturer/Supplier Defendants took affirmative actions that led to the contamination of the Commonwealth's groundwater resources with MTBE, including but not limited to, making representations to downstream users of MTBE and/or gasoline containing MTBE, as well as to the public and government agencies, that such products were environmentally sound and appropriate for widespread production, distribution, sale and use. Indeed, Defendants represented that gasoline containing MTBE could be handled the same as ordinary gasoline, and required no special measures to protect against or respond to suspected releases to the subsurface.

71.    The manufacturers, refiners, and suppliers of MTBE and gasoline containing MTBE had a duty (which they breached) to test MTBE thoroughly to determine its environmental fate and transport characteristics, and potential human health impacts before they sold MTBE and/or gasoline containing MTBE, and had a further duty (which they also breached) to take precautions necessary to assure that gasoline containing MTBE was properly stored and to institute all necessary measures to contain and promptly abate the inevitable spills and leaks. Nonetheless, the Defendants, and each of them, failed adequately to test, store, warn about, or control gasoline containing MTBE, and, among other things, failed to abate groundwater contamination caused by

MTBE, including contamination in and pollution to the Commonwealth's groundwater resources.

72.    The Refiner/Supplier and Manufacturer/Supplier Defendants, their agents and employees created, participated in, and/or facilitated the flow of MTBE and/or gasoline containing one or more such compounds into gasoline distribution, storage, and dispensing systems that they knew could not safely contain such products. The widespread problems of leaking gasoline delivery systems were well known to the Defendants prior to the introduction of MTBE.  At least as early as the mid-1960's, these Defendants knew, or reasonably should have known, that gasoline delivery systems suffer significant and widespread leaks and failures, and release gasoline products into the environment, including into groundwater.

73.    Before introducing MTBE into gasoline delivery systems, the Refiner/Supplier and Manufacturer/Supplier Defendants knew, or reasonably should have known, among other things, that MTBE released into the environment would mix easily with ground water, move great distances, resist biodegradation and/or bioremediation, render drinking water unsafe and/or non-potable, cause significant expenses to remove from public drinking water supplies, and otherwise threaten the public health and welfare. The Defendants knew, or they reasonably should have known, that the gasoline distribution and retail system in the Commonwealth contained leaking gasoline delivery systems.  They knew, or they reasonably should have known, that gasoline facilities, including those in the Commonwealth, commonly lacked adequate storage facilities for gasoline containing MTBE, and that the operators of these facilities were unaware of either the special hazards of MTBE or the steps necessary to eliminate or mitigate those hazards.

74.    At all times relevant to this action:

(a)  The Manufacturer/Supplier Defendants, and each of them, sold, exchanged, supplied, distributed, delivered and/or otherwise provided MTBE to the Refiner/Supplier Defendants, and each of them, sold, exchanged, supplied, distributed, delivered and/or otherwise provided gasoline containing MTBE to retail gasoline stations and/or other gasoline delivery systems in the Commonwealth. Upon information and belief, the Commonwealth alleges that such sales, exchanges, supplies, distributions, deliveries and/or other provisions of gasoline containing MTBE to such facilities occurred over time, up to and including the present;

(b)  Gasoline containing MTBE was released to the subsurface from retail gasoline facilities owned and/or operated by the Owner/Operator Defendants, and each of them, and from other facilities at dispersed locations in the Commonwealth. Such releases of gasoline containing MTBE have occurred over time, have been discovered or have become discoverable at various times, and are still occurring, all in varying amounts at different locations, impacting various aquifers in various sub-basins within the Commonwealth; and

(c)  MTBE takes time to migrate from release points to locations within the subsurface at which they have an appreciable impact on groundwater resources. MTBE has over time migrated in the subsurface from dispersed release points at or near the surface at retail gasoline facilities in the Commonwealth, causing pollution, contamination, and substantial damage to the Commonwealth's groundwater resources, causing appreciable injury to the Commonwealth.

## COUNT I
### (Strict Products Liability for Defective Design and
### Failure to Warn Against All Defendants)

75.     The Commonwealth re-alleges paragraphs 1 through 74 above, and by this reference incorporates them as though set forth in full.

76.     The Refiner/Supplier Defendants, and each of them, designed, formulated, manufactured, compounded, refined, provided product information and/or instructions for use, packaged, labeled, promoted, marketed, distributed, transported, exchanged and/or sold gasoline containing MTBE.

77.     The Refiner/Supplier and Manufacturer/Supplier Defendants, and each of them, designed, formulated, manufactured, compounded, refined, provided product information and/or instructions for use, packaged, labeled, promoted, marketed, distributed, transported, exchanged and/or sold MTBE, which was intended by said Defendants, and each of them, to be used as a gasoline additive.

78.     The Owner/Operator Defendants took delivery of, stored and sold the gasoline containing MTBE which is contaminating and polluting ground water in the Commonwealth.

79.     The Refiner/Supplier and Manufacturer/Supplier Defendants, and each of them, represented, asserted, claimed and warranted that gasoline containing MTBE could be used in the same manner as gasoline not containing these compounds, and/or that gasoline containing MTBE did not require any different or special handling or precautions.

80.     Defendants, and each of them, knew that said product(s) were to be purchased and used without inspection for defects.

81.     MTBE and gasoline containing MTBE are defective products because, among other things:

(a)     The design and manufacture of these products was defective;

(b)     The benefits of using MTBE in gasoline, if any, are greatly outweighed by the associated costs and negative impacts imposed on society, consumers, and the environment, and on groundwater resources within the Commonwealth;

(c)     They cause extensive groundwater contamination by MTBE even when used in their foreseeable and intended manner;

(d)     Even at extremely low levels, MTBE renders drinking water putrid, foul, and unfit for purveying as drinking water to the public;

(e)     MTBE poses significant threats to the public health and welfare;

(f)     The Refiner/Supplier and Manufacturer/Supplier Defendants failed to provide adequate warnings of the known and foreseeable risks of MTBE and/or gasoline containing MTBE, including but not limited to groundwater contamination with MTBE;

(g)     The Refiner/Supplier and Manufacturer/Supplier Defendants failed to conduct reasonable, appropriate or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of MTBE; and

(h)     Commercial grade MTBE is defectively manufactured when it contains unnecessary but environmentally harmful impurities such as TBA.

82.     MTBE and/or gasoline containing MTBE were used as intended to be used and in a foreseeable manner, and as a proximate result of the defects previously described, MTBE directly and proximately caused the Commonwealth to sustain the injuries and damages set forth in this Complaint.

83.     As a direct and proximate result of the acts and omissions of the Refiner/Supplier and Manufacturer/Supplier Defendants alleged herein, the Commonwealth will have to assess, evaluate, investigate, monitor, abate, clean-up, correct, contain, and remove MTBE from groundwater resources within its territory, all at significant expense, loss, and damage.  In particular, the Commonwealth must investigate MTBE releases from all underground gasoline storage tanks within its territory, including those that have never been reported to regulators as known or suspected sources of releases.

84.     As a further direct and proximate result of the acts and omissions of the Refiner/Supplier and Manufacturer Defendants alleged in this Complaint, the Commonwealth has sustained and will continue to sustain damages and substantially increased expenses.  The Commonwealth has incurred and will continue to incur costs and attorneys' fees in prosecuting this action.  The Commonwealth is entitled to recover all such damages, together with court costs and reasonable attorneys' fees, in this action.

85.     Defendants CITGO, Chevron, ConocoPhillips, ExxonMobil, Lyondell, Shell, Sunoco, and Texaco knew that it was substantially certain that their alleged acts and omissions described above would threaten public health and cause extensive contamination of common water supplies, public drinking water supplies, and property damage.  These Defendants committed each of the above described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice and with conscious disregard of the health and safety of others, and of Plaintiff's rights.

86.     Defendants' conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or gasoline containing MTBE in conscious disregard of the known risks of injury to health and property.  Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable

impact upon the Commonwealth.  Therefore, the Commonwealth requests an award of exemplary damages, to the extent available to the Commonwealth and not prohibited by law, in an amount sufficient to punish Defendants, Chevron, CITGO, ConocoPhillips, ExxonMobil, Lyondell, Shell, Sunoco, and Texaco.  After the completion of additional investigation and discovery, the Commonwealth may seek leave of court to amend this Complaint to allege a claim for exemplary damages, to the extent available to the Commonwealth and not prohibited by law, against additional Defendants if warranted by the facts.

## COUNT II
### (Public Nuisance - 32 L.P.R.A. § 2761 Against All Defendants)

87.    The Commonwealth re-alleges paragraphs 1 through 86 above, and by this reference incorporates them as though set forth in full.

88.    The negligent, reckless, intentional and ultrahazardous activity of Defendants, and each of them, alleged herein has resulted in the contamination and pollution of the waters of the Commonwealth as alleged herein, and constitutes a public nuisance.  32 L.P.R.A. § 2761.  The Secretary of Justice is authorized to institute proceedings against those parties that intrude on the lands, rights, or property of the Commonwealth, or commit a nuisance thereon.  3 L.P.R.A. § 73.

89.    The public nuisance caused, contributed to, maintained, and/or participated in by Defendants, and each of them, has substantially and unreasonably interfered with, obstructed and/or threatened, among other things, the Commonwealth's significant property and quasi-sovereign interests in the waters of the Commonwealth, the Commonwealth's ability to protect, conserve and manage the waters of the Commonwealth, which are by law precious and invaluable public resources held by the

Commonwealth in trust for the benefit of the public, as well as the rights of the people of the Commonwealth to enjoy a water supply free from unacceptable health risk, taste, odor, pollution, and contamination.

90.    Each Defendant has, at all times relevant to this action, caused, maintained, participated in and/or assisted in the creation of such public nuisance. Among other things, each Defendant is a substantial contributor to such public nuisance as follows:

    a.  The Manufacturer/Supplier Defendants manufactured, promoted and supplied MTBE to refiners when they knew, or reasonably should have known, that: (i) the refiners would in turn blend the MTBE into gasoline; (ii) such gasoline containing MTBE would then be placed into leaking gasoline delivery systems, including those in the Commonwealth; (iii) MTBE would be released even more readily than the constituents of conventional gasoline from gasoline delivery systems; and (iv) when released into the subsurface, MTBE would spread farther and faster than other components of gasoline, resist biodegradation, contaminate groundwater, including drinking water supplies, and, ultimately, be difficult and costly to find and remove from the water.

    b.  The Refiner/Supplier Defendants, and each of them, refined, marketed and/or otherwise supplied gasoline containing MTBE that was delivered into the Commonwealth, when they knew, or reasonably should have known, that: (i) such gasoline would be placed into leaking gasoline delivery systems; (ii) MTBE would be released even more readily than the constituents of conventional gasoline from gasoline delivery systems; and

23

(iii) when released into the subsurface, MTBE would spread farther and faster than other components of gasoline, resist biodegradation, contaminate groundwater, including drinking water supplies, and, ultimately, be difficult and costly to remove from the water.

c. Defendants CITGO, Chevron, ConocoPhillips, ExxonMobil, Shell, Sunoco, and Texaco had first-hand knowledge and experience regarding leaking gasoline delivery systems and releases of MTBE to groundwater therefrom. These Defendants obtained such first-hand knowledge and experience because each of them owned, operated and/or controlled individual gasoline stations with leaking gasoline delivery systems, including gasoline stations in the Commonwealth.

d. Defendants, and each of them, manufactured, refined, marketed, promoted, and/or otherwise supplied MTBE and/or gasoline containing MTBE to downstream handlers, when they knew, or reasonably should have known, that MTBE would: (i) be released into the environment from commercial and consumer uses and sources in the Commonwealth other than gasoline delivery systems; and (ii) contaminate the waters of the Commonwealth.

e. Despite their knowledge that contamination of the waters of the Commonwealth with MTBE was the inevitable consequence of their conduct as alleged herein, Defendants, and each of them, failed to provide any warnings or special instructions, or take any other precautionary measures to prevent or mitigate such contamination.

    f.    Defendants CITGO, Chevron, ConocoPhillips, Lyondell, ExxonMobil, Shell, Sunoco, and Texaco engaged in separate and joint activities to suppress, conceal and/or minimize information regarding the hazards of MTBE in order to mislead government agencies, including the Commonwealth, and the public regarding the hazards of MTBE.

91.    The public nuisance caused, contributed to, maintained, and/or participated in by Defendants, and each of them, has caused and/or threatens to cause substantial injury to the waters of the Commonwealth, in which the Commonwealth has significant property rights and quasi-sovereign interests.

92.    The contamination of the waters of the Commonwealth with MTBE alleged herein has varied over time and has not yet ceased. MTBE continues to threaten, migrate into and enter the waters of the Commonwealth.  Until the nuisance is abated and the waters of the Commonwealth are returned to their pre-injury quality, the Defendants are liable for the creation and continued maintenance of a public nuisance in contravention of the public's right to clean water and an unspoiled environment.

93.    As a direct and proximate result of Defendants' acts and omissions as alleged herein, the Commonwealth has incurred, is incurring, and will continue to incur, administrative, investigation, remediation, cleanup, restoration, removal, treatment and/or monitoring costs and expenses related to contamination of the waters of the Commonwealth with MTBE for which Defendants are jointly and severally liable.

94.    As a further direct and proximate result of the acts and omissions of the Defendants alleged in this Complaint, the Commonwealth has sustained and will continue

to sustain other substantial expenses and damages for which Defendants are jointly and severally liable.

95.     The injuries to the waters of the Commonwealth caused and/or threatened by Defendants' acts and omissions as alleged herein are indivisible.

96.     Defendants' conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or gasoline containing MTBE in conscious disregard of the known risks of injury to health and property.  Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon the Commonwealth.  Therefore, the Commonwealth requests an award of exemplary damages, to the extent available to the Commonwealth and not prohibited by law, in an amount sufficient to punish Defendants, Chevron, CITGO, ConocoPhillips, ExxonMobil, Lyondell, Shell, Sunoco, and Texaco.  After the completion of additional investigation and discovery, the Commonwealth may seek leave of court to amend this Complaint to allege a claim for exemplary damages, to the extent available to the Commonwealth and not prohibited by law, against additional Defendants if warranted by the facts.

## COUNT III
**(Trespass - 31 L.P.R.A § 5141 Against All Defendants)**

97.     The Commonwealth re-alleges paragraphs 1 through 96 above, and by this reference incorporates them as though set forth in full.

98.     The Commonwealth is the owner and/or actual possessor of property rights and interests in the waters of the Commonwealth, as alleged herein, which the Commonwealth holds in trust for the benefit of the public. These property rights and

interests include, but are not limited to, a quasi-sovereign interest in protecting the quality of such waters from contamination and pollution.

99.    Defendants, and each of them, intentionally manufactured, refined, marketed, and/or otherwise supplied MTBE and/or gasoline containing MTBE with the knowledge that contamination of the waters of the Commonwealth with MTBE was substantially certain to result.

100.    Among other things, Defendants, and each of them, intentionally caused MTBE to enter, invade, intrude upon and injure the waters of the Commonwealth as follows:

a.    The Manufacturer/Supplier Defendants manufactured, promoted and supplied MTBE to refiners when they knew that it was substantially certain that: (i) the refiners would in turn blend the MTBE into gasoline; (ii) such gasoline containing MTBE would then be placed into leaking gasoline delivery systems, including those in the Commonwealth; (iii) MTBE would be released even more readily than the constituents of conventional gasoline from gasoline delivery systems; and (iv) when released into the subsurface, MTBE would spread farther and faster than other components of gasoline, resist biodegradation, contaminate groundwater, including drinking water supplies, and, ultimately, be difficult and costly to find and remove from the water.

b.    The Refiner/Supplier Defendants, and each of them, refined, marketed and/or otherwise supplied gasoline containing MTBE that was delivered into the Commonwealth, when they knew that it was substantially certain

that: (i) such gasoline would be placed into leaking gasoline delivery systems; (ii) MTBE would be released even more readily than the constituents of conventional gasoline from gasoline delivery systems; and (iii) when released into the subsurface, MTBE would spread farther and faster than other components of gasoline, resist biodegradation, contaminate groundwater, including drinking water supplies, and, ultimately, be difficult and costly to remove from the water.

c.    Defendants CITGO, Chevron, ConocoPhillips, ExxonMobil, Shell, Sunoco, and Texaco had first-hand knowledge and experience regarding leaking gasoline delivery systems and releases of MTBE to groundwater therefrom. These defendants obtained such first-hand knowledge and experience because each of them owned, operated and/or controlled individual gasoline stations with leaking gasoline delivery systems, including gasoline stations in the Commonwealth.

d.    Defendants, and each of them, manufactured, refined, marketed, promoted, and/or otherwise supplied MTBE and/or gasoline containing MTBE to downstream handlers, when they knew that it was substantially certain that MTBE would: (i) be released into the environment from commercial and consumer uses and sources in the Commonwealth other than gasoline delivery systems; and (ii) contaminate the waters of the Commonwealth.

e.    Despite their knowledge that groundwater contamination with MTBE was the inevitable consequence of their conduct as alleged herein, Defendants, and each of them, failed to provide any warnings or special instructions, or

take any other precautionary measures to prevent or mitigate such contamination.

    f.   Defendants CITGO, Chevron, ConocoPhillips, ExxonMobil, Lyondell, Shell, Sunoco, and Texaco engaged in separate and joint activities to suppress, conceal and/or minimize information regarding the hazards of MTBE in order to mislead government agencies, including the Commonwealth, and the public regarding the hazards of MTBE.

101.   Each of these Defendants' intentional acts and omissions has caused a trespass upon and contaminated the property, namely the waters, of the Commonwealth causing the Commonwealth damages for which Defendants are liable pursuant to 31 L.P.R.A § 5141.

102.   The contamination of the waters of the Commonwealth with MTBE alleged herein has varied over time and has not yet ceased. MTBE continues to threaten, migrate into and enter the waters of the Commonwealth. Defendants continue to refrain from taking responsibility for this trespass and from taking action to remediate existing contamination and prevent future contamination of the Commonwealth's waters.

103.   The Commonwealth has not consented to and does not consent to the trespass alleged herein. Defendants, and each of them, knew or reasonably should have known, that the Commonwealth would not consent to this trespass.

104.   As a direct and proximate result of Defendants' acts and omissions as alleged herein, the Commonwealth has incurred, is incurring, and will continue to incur, administrative, investigation, remediation, cleanup, restoration, removal, treatment and/or monitoring costs and expenses related to contamination of the waters of the

Commonwealth with MTBE for which Defendants are jointly and severally liable pursuant to 31 L.P.R.A § 5141.

105.    As a further direct and proximate result of the acts and omissions of the defendants alleged in this Complaint, the Commonwealth has sustained and will continue to sustain other substantial expenses and damages for which Defendants are jointly and severally liable pursuant to 31 L.P.R.A § 5141.

106.    The injuries to the waters of the Commonwealth caused and/or threatened by defendants' acts and omissions as alleged herein are indivisible.

107.    Defendants' conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or gasoline containing MTBE in conscious disregard of the known risks of injury to health and property.  Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon the Commonwealth.  Therefore, the Commonwealth requests an award of exemplary damages, to the extent available to the Commonwealth and not prohibited by law, in an amount sufficient to punish Defendants Chevron, CITGO, ConocoPhillips, ExxonMobil, Lyondell, Shell, Sunoco, and Texaco.  After the completion of additional investigation and discovery, the Commonwealth may seek leave of court to amend this Complaint to allege a claim for exemplary damages, to the extent available to the Commonwealth and not prohibited by law, against additional Defendants if warranted by the facts.

**COUNT IV**
**(Negligence - 31 L.P.R.A § 5141 Against All Defendants)**

108.    The Commonwealth re-alleges paragraphs 1 through 107 above, and by this reference incorporates them as though set forth in full.

109.    Defendants had a duty to the Commonwealth to exercise due care in the design, manufacture, formulation, handling, control, disposal, marketing, sale, testing, labeling, use, and instructions for use of MTBE and/or gasoline containing MTBE.

110.    Defendants so negligently, carelessly, and recklessly designed, manufactured, formulated, handled, labeled, instructed, controlled (or failed to control), tested (or failed to test), marketed, sold and otherwise entrusted MTBE and gasoline containing MTBE that they breached their duties and directly and proximately caused MTBE to contaminate and threaten the waters of the Commonwealth, resulting in the damages alleged in this Complaint.

111.    Defendants, and each of them, failed to conduct reasonable, appropriate or adequate scientific studies to evaluate the environmental fate and transport characteristics of MTBE, and/or the likelihood that use of MTBE as a component of gasoline would pollute public waters, render drinking water unusable and unsafe, and threaten public health and welfare and the environment.

112.    The Manufacturer/Supplier Defendants, among other things, manufactured, promoted and/or otherwise supplied MTBE to refiners when they knew, or reasonably should have known, that: (a) the refiners would in turn blend the MTBE into gasoline; (b) such gasoline containing MTBE would then be placed into leaking gasoline delivery systems, including those in the Commonwealth; (c) MTBE would be released even more readily than the constituents of conventional gasoline from gasoline delivery systems; and (d) when released into the subsurface, MTBE would spread farther and faster than other components of gasoline, resist biodegradation, contaminate ground water, including drinking water supplies, and, ultimately, be difficult and costly to find and remove from the water.

113.    The Refiner/Supplier Defendants, and each of them, among other things, refined, marketed, and/or otherwise supplied gasoline containing MTBE that was delivered into the Commonwealth and/or in areas affecting waters of the Commonwealth, when they knew, or reasonably should have known, that: (a) such gasoline would be placed into leaking gasoline delivery systems; (b) MTBE would be released even more readily than the constituents of conventional gasoline from gasoline delivery systems; and (c) when released into the subsurface, MTBE would spread farther and faster than other components of gasoline, resist biodegradation, contaminate ground water, including drinking water supplies, and, ultimately, be difficult and costly to remove from the water.

114.    Defendants CITGO, Chevron, ConocoPhillips, ExxonMobil, Lyondell, Shell, Sunoco, and Texaco also had first-hand knowledge and experience regarding leaking gasoline delivery systems and releases of MTBE to ground water from such systems. These defendants obtained such first-hand knowledge and experience because each of them owned, operated and/or controlled individual gasoline stations with leaking gasoline delivery systems.

115.    Defendants, and each of them, manufactured, refined, marketed, promoted and/or otherwise supplied MTBE and/or gasoline containing MTBE to downstream handlers, when they knew, or reasonably should have known, that MTBE would: (i) be released into the environment from commercial and consumer uses and sources in the Commonwealth other than gasoline delivery systems; and (ii) contaminate the waters of the Commonwealth.

116.    Despite their knowledge that groundwater contamination with MTBE was the inevitable consequence of their conduct as alleged herein, Defendants, and each of

them, failed to provide any warnings or special instructions, or take any other precautionary measures to prevent or mitigate such contamination.

117.    In light of the facts alleged herein, Defendants, and each of them, breached their duty to use due care in the design, manufacture, formulation, handling, control, marketing, sale, testing, labeling, use, and instructions for use of MTBE and/or gasoline containing MTBE.

118.    As a direct and proximate result of Defendants' acts and omissions as alleged herein, the Commonwealth has incurred, is incurring, and will continue to incur, administrative, investigation, remediation, cleanup, restoration, removal, treatment and/or monitoring costs and expenses related to contamination of the waters of the Commonwealth with MTBE for which defendants are jointly and severally liable pursuant to 31 L.P.R.A § 5141.

119.    As a further direct and proximate result of the acts and omissions of the Defendants alleged in this Complaint, the Commonwealth has sustained and will continue to sustain other substantial expenses and damages for which defendants are jointly and severally liable pursuant to 31 L.P.R.A § 5141.

120.    The injuries to the waters of the Commonwealth caused and/or threatened by Defendants' acts and omissions as alleged herein are indivisible.

121.    The contamination of the waters of the Commonwealth with MTBE alleged herein has varied over time and has not yet ceased.  MTBE continues to threaten, migrate into and enter the waters of the Commonwealth.  Defendants continue to refrain from taking responsibility for this trespass and from taking action to remediate existing contamination and prevent future contamination of the Commonwealth's waters.

122.    Defendants' conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or gasoline containing MTBE in conscious disregard of the known risks of injury to health and property.  Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon the Commonwealth.  Therefore, the Commonwealth requests an award of exemplary damages, to the extent available to the Commonwealth and not prohibited by law, in an amount sufficient to punish Defendants, Chevron, CITGO, ConocoPhillips, ExxonMobil, Lyondell, Shell, Sunoco, and Texaco.  After the completion of additional investigation and discovery, the Commonwealth may seek leave of court to amend this Complaint to allege a claim for exemplary damages, to the extent available to the Commonwealth and not prohibited by law, against additional Defendants if warranted by the facts.

**COUNT V**
**(Puerto Rico Public Policy Environmental Act, Water Pollution Control Act, and Underground Storage Tank Control Regulations Against All Defendants)**

123.    The Commonwealth re-alleges paragraphs 1 through 122 above, and by this reference incorporates them as though set forth in full.

124.    The Defendants are each "person[s]" as defined by 24 L.P.R.A. § 591(d).

125.    The activities of Defendants, and each of them, alleged herein has resulted in the "pollution" of "waters" of the Commonwealth as defined by 24 L.P.R.A. § 591(i) and § 591(e), respectively.

126.    The MTBE and petroleum discharged to waters of the Commonwealth by the Defendants are "other" types of pollution as that term is defined by 24 L.P.R.A § 591(h).

127.    The Defendants' activities, individually and collectively, have directly or indirectly, caused the discharge or permitted the discharge of MTBE into the waters of the Commonwealth polluting said waters in such manner as to place them out of the minimum standards of purity set forth in the Commonwealth's regulations promulgated pursuant to 24 L.P.R.A. § 599 in violation of 24 L.P.R.A. § 595 and 12 L.P.R.A. § 1131(13)(A)(i).

128.    Each Defendant directly or indirectly, caused the discharge or permitted the discharge of MTBE into the waters of the Commonwealth and/or onto the land where MTBE has seeped or will ultimately seep into the waters of the Commonwealth, polluting said waters.

129.    Violations of 24 L.P.R.A. § 595 and the regulations promulgated under 24 L.P.R.A. § 599 constitute violations of The Public Policy Environmental Act, Title II, Act No. 9, 12 L.P.R.A. §1121 *et seq.  See* 12 L.P.R.A. § 1132(b).

130.    The Defendants' unlawful discharges of MTBE into the waters of the Commonwealth caused damages to the environment and natural resources of the Commonwealth including but not limited to the ground waters, including Class SG1 ground waters, which are subject to very stringent criteria pursuant to the Puerto Rico Water Quality Standards set forth in EQB Regulation 6616, which constitutes an EPA-approved Water Quality Standard pursuant to 40 C.F.R. § 131.21 under the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.*

131.    Pursuant to § 3.2.6(B)(7) of EQB Regulation 6616, the taste and odor of Class SG1 waters shall not be altered except by natural means.  Any discharge of MTBE

into such waters violates this requirement due to MTBE's putrid smell and foul taste. Accordingly, Defendants have violated this requirement.

132.    The Defendants' unlawful releases of regulated substances, containing MTBE, from underground storage tank system[s] into the waters of the Commonwealth violate Rule 1102(A) and (B) of the Puerto Rico Underground Storage Tank Control regulations, set forth in EQB Regulation 4362.

133.    Defendants' installation, operation, and/or closure of underground storage tank systems without taking all practicable measures to control releases or spills violate Rule 1102(D) of the Puerto Rico Underground Storage Tank Control regulations, set forth in EQB Regulation 4362.

134.    Plaintiff EQB is empowered to and does seek the total value of the damages caused to the environment and natural resources of the Commonwealth caused by the Defendants' unlawful discharges of MTBE. 12 L.P.R.A. § 1131(29) and § 1136(b).

135.    Because the Defendants' activities, individually and collectively, have directly or indirectly, caused the discharge or permitted the discharge of MTBE into waters of the Commonwealth, the Defendants are liable for the total value of the damages caused to the environment and natural resources of the Commonwealth including the reasonable cost to restore and rehabilitate the environment and damaged natural resources along with the reasonable assessment costs, fees, and expenses the Commonwealth has incurred and will incur to assess, mitigate, restore, or replace any natural resources damaged or destroyed by the discharge of MTBE. 12 L.P.R.A § 1131(29) and § 1136(b).

**COUNT VI**
**(Comprehensive Environmental Response, Compensation, and Liability Act**
**("CERCLA") Against CERCLA Defendants)**

136.    The Commonwealth re-alleges paragraphs 1 through 135 above, and by this reference incorporates them as though set forth in full.

137.    The Commonwealth is a "State" as defined by CERCLA § 101(27), 42 U.S.C. § 9601(27).

138.    There have been releases or threatened releases, as defined under CERCLA § 101(22), 42 U.S.C. § 9601(22), of MTBE, which is a "hazardous substance," as defined under CERCLA § 101(14), 42 U.S.C. § 9601(14), at or from facilities within the Commonwealth.

139.    Each of the Defendants Chevron PR, Chevron Phillips, ESSORICO, Shell Company PR, Texaco PR, and Does 1 through 99 (collectively referred to as the "CERCLA Defendants") is a "person" as defined by CERCLA § 101(21), 42 U.S.C. § 9601(21).

140.    Chevron Phillips is a liable person within the meaning of CERCLA § 107(a)(1)-(2), 42 U.S.C. § 9607(a)(1)-(2).   Upon information and belief, each of the other CERCLA Defendants is a liable person within the meaning of CERCLA § 107(a)(1)-(3), 42 U.S.C. § 9607(a)(1)-(3).

141.    Pursuant to CERCLA § 107(a)(4)(A), 42 U.S.C. § 9607(a)(4)(A), the CERCLA Defendants are jointly and severally liable to the Commonwealth for all costs of removal or remedial action incurred by the Commonwealth not inconsistent with the national contingency plan to address releases or threatened releases of MTBE at or from facilities within the Commonwealth.

142.    Pursuant to CERCLA § 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), and CERCLA § 107(f), 42 U.S.C. §9607(f), the CERCLA Defendants are jointly and severally liable to the Commonwealth for damages for injury to, destruction of, and/or loss of natural resources resulting from the releases or threatened releases of MTBE at or from facilities within the Commonwealth.

143.    "Natural resources," within the meaning of CERCLA § 101(16), 42 U.S.C. § 9601(16), located within the Commonwealth and belonging to, managed by, controlled by, or appertaining to the Commonwealth, have been injured, destroyed, or lost as a result of the releases or threatened releases of MTBE at or from facilities within the Commonwealth.

144.    The Commonwealth is entitled to recover its reasonable costs in assessing the injury to, destruction of, or loss of natural resources resulting from the releases or threatened releases of MTBE at or from facilities within the Commonwealth.

**COUNT VII**
**(Citizen Suit Pursuant to Toxic Substances Control Act ("TSCA") § 8(e) and 20(a)(1) Against TSCA Defendants)**

145.    The Commonwealth re-alleges paragraphs 1 through 144 above, and by this reference incorporates them as though set forth in full.

146.    In enacting TSCA, Congress determined that:

a.   human beings and the environment are being exposed each year to a large number of chemical substances and mixtures;

b.   among the many chemical substances and mixtures which are constantly being developed and produced, there are some whose manufacture, processing, distribution in commerce, use, or disposal

> may present an unreasonable risk of injury to health or the
> environment....

15 U.S.C. § 2601(a)(l)-(2).

147.    It is the policy of the United States that "adequate data should be developed with respect to the effect of chemical substances and mixtures on health and the environment and that the development of such data should be the responsibility of those who manufacture and those who process such chemical substances and mixtures." 15 U.S.C. § 2601(b)(l).

148.    To accomplish this policy, TSCA § 8(e) was enacted, which provides that:

> Any person who manufactures, processes, or distributes in
> commerce a chemical substance or mixture and who obtains
> information which reasonably supports the conclusion that
> such substance or mixture presents a substantial risk of injury
> to health or the environment shall immediately inform the
> [EPA] Administrator of such information unless such person
> has actual knowledge that the [EPA] Administrator has been
> adequately informed of such information.

15 U.S.C. § 2607(e).

149.    TSCA § 15, 15 U.S.C. § 2614(3)(B), states that [it] shall be unlawful for any person to ... (3) fail or refuse to ... (B) submit reports, notices, or other information ... as required by this chapter or a rule thereunder...."

150.    MTBE and gasoline containing MTBE are chemical substances and mixtures, as defined by TSCA § 3(2) and (8), 15 U.S.C. § 2602(2) and (8).

151.    Defendants Shell Oil; Chevron Corp.; Chevron U.S.A.; Texaco; Sunoco, Inc.; Sunoco, Inc. (R&M); ConocoPhillips; Citgo Refining, LP; Citgo Petroleum; and Lyondell (collectively referred to as the "TSCA Defendants") are persons who manufacture, process, or distribute in commerce MTBE and/or gasoline containing MTBE for commercial purposes, within the meaning of TSCA § 8(e) and (f), 15 U.S.C. § 2607(e) and (f).

152.    Under TSCA § 8(e), 15 U.S.C. § 2607(e), the TSCA Defendants have a duty to inform the EPA Administrator of information they obtain concerning the substantial risk of injury to health or the environment posed by MTBE and/or gasoline containing MTBE.  The TSCA Defendants have failed and continue to fail to provide the EPA Administrator with such information, thereby violating TSCA §§ 8(e) and 15(3)(B), 15 U.S.C. §§ 2607(e) and 2614(3)(B).

153.    Pursuant to TSCA § 20(a), 15 U.S.C. § 2619(a), "any person may commence a civil action – (1) against any person…who is alleged to be in violation of this chapter…to restrain such violation...."

154.    The TSCA Defendants are "person[s]" within the meaning TSCA § 20(a), 15 U.S.C. § 2619(a), who are in violation of TSCA.

155.    The Commonwealth is a "person" within the meaning of TSCA § 20(a), 15 U.S.C. § 2619(a), who has been harmed, and continues to be harmed, as a direct result of the TSCA Defendants' ongoing failure to inform the EPA of information the TSCA Defendants have obtained regarding the substantial risks posed by MTBE and gasoline

containing MTBE. That information, if disclosed to EPA, would be available to the Commonwealth and provide the Commonwealth with information regarding the properties of MTBE, which are directly relevant to and would assist the Commonwealth with its duty to protect the waters of the Commonwealth. The harm to the Commonwealth can be redressed by an injunction compelling the TSCA Defendants to provide EPA with the information they have obtained concerning the substantial risks posed by MTBE and/or gasoline containing MTBE.

156. The Commonwealth served on the TSCA Defendants and the EPA Administrator proper notices of Plaintiff's intention to file a TSCA citizen suit claim (the "Notices"), on or about June 18, 2007. Copies of the Notices are attached hereto as Appendix A and incorporated as if fully set forth herein.

157. More than 60 days have elapsed since the Commonwealth served the Notices. During the 60-day period, the EPA Administrator did not commence a proceeding against the TSCA Defendants to require their compliance with TSCA, as set forth herein. The TSCA Defendants did not provide to EPA or to the Commonwealth the information obtained by the TSCA Defendants, which is in their possession, custody, or control.

## COUNT VIII
### (Resource Conservation and Recovery Act ("RCRA") Against All Defendants with Regulated Facilities Located Within the Commonwealth)

158. The Commonwealth re-alleges paragraphs 1 through 157 above, and by this reference incorporates them as though set forth in full.

159. On January 30, 1998, EPA issued its Final Approval of Puerto Rico's Underground Storage Tank Program under Subtitle I of the Resource Conservation and

Recovery Act of 1976, as amended ("RCRA"), 42 U.S.C. § 6901 et seq., finding that the Commonwealth's underground storage tank program for petroleum and hazardous substances satisfies all of the requirements necessary to qualify for final approval.

160.   Because of EPA's approval, the Commonwealth's underground storage tank program operates in the Commonwealth "in lieu of" the federal underground storage tank program and the Commonwealth has primary enforcement responsibility with respect to requirements of its program.   42 U.S.C. § 6991c(d) and 63 Fed. Reg. 4589, 4589-90 (Jan. 30, 1998).

161.   The Commonwealth's underground storage tank program has been codified and incorporated by reference into the federal regulations promulgated pursuant to RCRA at 40 C.F.R. § 282.102 and 40 C.F.R. Part 282, Appendix A.   63 Fed. Reg. 4591, 4591-92 (Jan. 30, 1998).

162.   The Owner/Operator Defendants' and Does' unlawful releases of regulated substances, containing MTBE, from underground storage tank system[s] into the waters of the Commonwealth violate Rule 1102(A) and (B) of the Puerto Rico Underground Storage Tank Control regulations, set forth in EQB Regulation 4362, and expressly incorporated into the federal regulations at 40 C.F.R. Part 282, Appendix A.

163.   The Owner/Operator Defendants' and Does' installation, operation, and/or closure of underground storage tank systems without taking all practicable measures to control releases or spills violate Rule 1102(D) of the Puerto Rico Underground Storage Tank Control regulations, set forth in EQB Regulation 4362, and expressly incorporated into the federal regulations at 40 C.F.R. Part 282, Appendix A.

164. Upon information and belief, the Defendants' facilities located in the Commonwealth and regulated under Subchapter III of RCRA have been managed in such a way so as to be out of compliance with RCRA Subchapter III, causing discharges of hazardous wastes containing MTBE into the environment.

165. Pursuant to RCRA, the Commonwealth seeks an order enforcing the Puerto Rico Underground Storage Tank Control regulations, which have been expressly incorporated into the federal regulations at 40 C.F.R. Part 282, Appendix A. The Commonwealth seeks an order compelling Defendants to investigate and repair and/or properly close all storage tanks, underground and aboveground, which are leaking or pose a significant risk of leaking to ensure they do not leak MTBE or MTBE-containing substances into the Commonwealth's soils, waters, and other natural resources. The Commonwealth further seeks an order compelling Defendants to investigate, delineate, and remediate all soils, waters, and other natural resources impacted by MTBE originating from leaking underground storage tank systems and Subchapter III regulated facilities within the Commonwealth so as to remove all detectable concentrations of MTBE.

166. The discharged regulated substances, which include MTBE and substances containing MTBE, constitute "solid wastes" and "hazardous wastes" under RCRA § 1004(27) and (5), 42 U.S.C. § 6903(27) and (5), respectively.

167. Defendants have contributed to the disposal and storage and/or threatened disposal and storage of such solid and hazardous wastes in the soils, waters, and natural resources of the Commonwealth.

168. Such disposal and storage and/or threatened disposal and storage threaten

human health and/or the environment of the Commonwealth.

169.    Pursuant to RCRA, the Commonwealth seeks an order compelling Defendants to investigate and repair and/or properly close all storage tanks, underground and aboveground, as well as facilities regulated under Subchapter III that are leaking or pose a significant risk of leaking to ensure they do not leak MTBE or MTBE-containing substances into the Commonwealth's soils, waters, and other natural resources.    The Commonwealth further seeks an order compelling Defendants to investigate, delineate, and remediate all soils, waters, and other natural resources impacted by MTBE originating from leaking underground storage tank systems and/or Subchapter III regulated facilities within the Commonwealth so as to remove all detectable concentrations of MTBE.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, the Commonwealth of Puerto Rico, in both its *parens patriae* capacity and through the Environmental Quality Board, comes before this Court, and respectfully requests this Court to:

A.  Declare that Defendants are jointly and severally liable for the full costs of all investigatory, remedial, removal, and other actions necessary to detect, delineate, abate, remove and remediate MTBE in the waters of the Commonwealth and to restore such waters to their original condition, and for such orders as may be necessary to provide full relief to address risks to the Commonwealth;

B.  Order Defendants to pay compensatory damages in an amount at least equal to the full cost of restoring the waters of the Commonwealth to their

original condition prior to the contamination of such waters with MTBE, including but not limited to, the costs of:

(1) Testing soils around all underground storage tanks suspected of leaking MTBE or MTBE-containing substances;

(2) testing all public and private drinking water supplies for the presence of MTBE;

(3) treatment of all water supplies containing detectable levels of MTBE until restored to non-detectable levels and provision of alternate water supplies, where appropriate; and

(4) present and future monitoring of surface and ground waters to detect the presence of MTBE;

C. Order Defendants to pay all other damages sustained by the Commonwealth as a direct and proximate result of defendant's acts and omissions alleged herein, according to proof, including but not limited to remedial, administrative, oversight and legal expenses and compensation for damage to waters of the Commonwealth;

D. Order Defendants to pay Damages to compensate the Commonwealth for injuries to the natural resources of the Commonwealth, including lost use, lost value, and existence value of natural resources harmed by releases of MTBE;

E.  Issue an Order declaring that the Defendants' gasoline delivery systems and/or refineries constitute a nuisance in the manner they are maintained and operated, and compelling them to abate that nuisance;

F.  Issue an Order compelling Defendants and each of them to abate the public nuisance proximately caused by their conduct as alleged herein;

G.  Grant all appropriate injunctive relief to investigate, abate and/or mitigate the MTBE contamination of waters of the Commonwealth;

H.  Order defendants Chevron U.S.A. Inc., Chevron Corporation, CITGO Refining and Chemical Company, LP, CITGO Petroleum Corporation, ConocoPhillips Company, ExxonMobil Corporation, Lyondell Chemical Company, Shell Oil Company, Sunoco, Inc., Sunoco, Inc. (R&M), and Texaco Refining and Marketing Inc. to pay exemplary damages, to the extent available to the Commonwealth and not prohibited by law, in an amount sufficient to punish defendants Chevron U.S.A. Inc., Chevron Corporation, CITGO Refining and Chemical Company, LP, CITGO Petroleum Corporation, ConocoPhillips Company, ExxonMobil Corporation, Lyondell Chemical Company, Shell Oil Company, Sunoco, Inc., Sunoco, Inc. (R&M), and Texaco Refining and Marketing Inc. and to deter those defendants from ever committing the same or similar acts;

I.  Order Defendants to pay all costs and reasonable attorneys' fees incurred in prosecuting this action, together with prejudgment interest, to the full extent permitted by law;

J.  Reasonable fees for attorneys and expert witnesses pursuant to 15 U.S.C. § 2619 (c)(2);

K.  Issue an Order compelling the TSCA Defendants to provide to EPA and to the Commonwealth the substantial risk information in the TSCA Defendants' possession, custody, or control;

L.  Issue and Order compelling Defendants to investigate and repair and/or properly close all storage tanks, underground and aboveground, as well as facilities regulated under RCRA Subchapter III that are leaking or pose a significant risk of leaking to ensure they do not leak MTBE or MTBE-containing substances into the Commonwealth's soils, waters, and other natural resources.

M.  Issue an Order compelling Defendants to investigate, delineate, and remediate all soils, waters, and other natural resources impacted by MTBE originating from leaking underground storage tank systems and/or RCRA Subchapter III regulated facilities within the Commonwealth so as to remove all detectable concentrations of MTBE; and

N.  For such and other further relief as the court may deem just and proper.


PLAINTIFF IS ENTITLED TO A TRIAL BY A JURY AND HEREBY DEMANDS A TRIAL BY A JURY.

Dated:  October 3, 2007

___/s Roberto Sanchez Ramos____          ___/s Orlando H. Martinez___
Roberto Sanchez Ramos, Esquire            Orlando H. Martinez, Esquire
Secretary of Justice                      Orlando H. Martinez Law Offices
Commonwealth of Puerto Rico               Centro de Seguros, Suite 413
                                          701 Ponce de Leon Avenue
                                          San Juan, Puerto Rico  00907

_____/s John K. Dema_____

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands  00820-5008

_____/s Gordon C. Rhea_____

Gordon C. Rhea, Esquire
Richardson, Patrick, Westbrook &
Brickman, L.L.C.
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC  29465

# Appendix A

LAW OFFICES OF JOHN K. DEMA, P.C.
ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI-CA
Jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC-MD-NJ-PA
skauff@lojkd.com

June 18, 2007

VIA CERTIFIED RETURN RECEIPT REQUESTED

Mr. Peter Robertson
Chevron USA, Inc.
6001 Bollinger Canyon Road
San Ramon, California 94583

Chevron U.S.A., Inc.
R/A The Prentice Hall Corporation System, Inc.
P.O. Box 526036
Sacramento, California 95852

RE:    **Toxic Substances Control Act Notice**

Pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2619, and 40 C.F.R. §§
702.60-702.62, the Commonwealth of Puerto Rico, by and through the Secretary
of Justice and its undersigned legal counsel, hereby provides notice of the
Commonwealth's intent to file a citizens' suit against Chevron U.S.A., Inc.
("you") to enforce the provisions of the Toxic Substances Control Act ("TSCA").
You have manufactured, processed, or distributed in commerce in Puerto Rico
methyl tertiary butyl ether ("MTBE"), a chemical substance or mixture.   The
Commonwealth has reason to believe that you have obtained information which
reasonably supports the conclusion that MTBE presents a "substantial risk of
injury to health or the environment" within the meaning of TSCA § 8(e), 15
U.S.C. § 2607(e).  This information includes, but is not limited to, information
provided to you, and developed by you, in litigation initiated by numerous
public water suppliers to recover the costs of remediating soil and drinking
water contaminated by MTBE.   Accordingly, you are obligated under the
provisions of TSCA § 8(e) to inform the Administrator of the United States
Environmental Protection Agency ("EPA") of these risks.  Your failure to do so
constitutes a prohibited act under TSCA § 15, 15 U.S.C. § 2614, and contributes to
ongoing harm to the environment and citizens of Puerto Rico.

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

Your failure to provide this information to EPA as required by TSCA is particularly egregious because EPA, in carrying out its responsibilities under TSCA, has specifically requested information regarding incidents of releases of gasoline containing MTBE and information on the detection of MTBE in ground water, surface waters, or drinking water supplies. EPA has also requested information on the toxicity of MTBE, taste and odor, and likely future occurrence of MTBE contamination in ground water, surface water, and drinking water. See 65 Fed. Reg. 16094, 16107 (Mar. 24, 2000). Despite these specific requests, you failed to inform EPA of responsive Substantial Risk Information in your possession.

Your past and continuing failure to inform EPA of the Substantial Risk Information in your possession constitutes an ongoing violation of TSCA. If you do not immediately provide all Substantial Risk Information to EPA, including information relevant to releases or likely releases in Puerto Rico, the Secretary of Justice of the Commonwealth of Puerto Rico, on behalf of the Commonwealth of Puerto Rico and its people, will file a TSCA citizens' civil action under TSCA § 20, 15 U.S.C. § 2619, sixty days after service of this notice.

Sincerely,

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S Virgin Islands 00820-5008
Tel: (340) 773-6142

Roberto Sanchez Ramos, Esquire
Secretario de Justicia
Departamento de Justicia
Estado Libre Asociado de Puerto Rico
P.O. Box 9020192
San Juan, PR 00902-0192
Tel: 787-721-2900

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

cc:     Stephen L. Johnson
        Administrator
        U.S. Environmental Protection Agency
        1200 Pennsylvania Avenue, NW
        Washington, DC 20460

2

LAW OFFICES OF JOHN K. DEMA, P.C.
ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI-CA
jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC-MD-NJ-PA
skauff@lojkd.com

June 18, 2007

**VIA CERTIFIED RETURN RECEIPT REQUESTED**

Mr. James J. Mulva
ConocoPhillips Company
600 North Dairy Ashford
Houston, Texas 77079-1175

ConocoPhillips Company
R/A United States Corporation
701 Brazos Street, Suite 1050
Austin, Texas 78701

RE:    **Toxic Substances Control Act Notice**

Pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2619, and 40 C.F.R. §§ 702.60-702.62, the Commonwealth of Puerto Rico, by and through the Secretary of Justice and its undersigned legal counsel, hereby provides notice of the Commonwealth's intent to file a citizens' suit against ConocoPhillips Company ("you") to enforce the provisions of the Toxic Substances Control Act ("TSCA"). You have manufactured, processed, or distributed in commerce in Puerto Rico methyl tertiary butyl ether ("MTBE"), a chemical substance or mixture. The Commonwealth has reason to believe that you have obtained information which reasonably supports the conclusion that MTBE presents a "substantial risk of injury to health or the environment" within the meaning of TSCA § 8(e), 15 U.S.C. § 2607(e). This information includes, but is not limited to, information provided to you, and developed by you, in litigation initiated by numerous public water suppliers to recover the costs of remediating soil and drinking water contaminated by MTBE. Accordingly, you are obligated under the provisions of TSCA § 8(e) to inform the Administrator of the United States Environmental Protection Agency ("EPA") of these risks. Your failure to do so constitutes a prohibited act under TSCA § 15, 15 U.S.C. § 2614, and contributes to ongoing harm to the environment and citizens of Puerto Rico.

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

Your failure to provide this information to EPA as required by TSCA is particularly egregious because EPA, in carrying out its responsibilities under TSCA, has specifically requested information regarding incidents of releases of gasoline containing MTBE and information on the detection of MTBE in ground water, surface waters, or drinking water supplies. EPA has also requested information on the toxicity of MTBE, taste and odor, and likely future occurrence of MTBE contamination in ground water, surface water, and drinking water. See 65 Fed. Reg. 16094, 16107 (Mar. 24, 2000). Despite these specific requests, you failed to inform EPA of responsive Substantial Risk Information in your possession.

Your past and continuing failure to inform EPA of the Substantial Risk Information in your possession constitutes an ongoing violation of TSCA. If you do not immediately provide all Substantial Risk Information to EPA, including information relevant to releases or likely releases in Puerto Rico, the Secretary of Justice of the Commonwealth of Puerto Rico, on behalf of the Commonwealth of Puerto Rico and its people, will file a TSCA citizens' civil action under TSCA § 20, 15 U.S.C. § 2619, sixty days after service of this notice.

Sincerely,

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S Virgin Islands  00820-5008
Tel: (340) 773-6142

Roberto Sanchez Ramos, Esquire
Secretario de Justicia
Departamento de Justicia
Estado Libre Asociado de Puerto Rico
P.O. Box 9020192
San Juan, PR 00902-0192
Tel: 787-721-2900

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

cc:    Stephen L. Johnson
       Administrator
       U.S. Environmental Protection Agency
       1200 Pennsylvania Avenue, NW
       Washington, DC 20460

2

LAW OFFICES OF JOHN K. DEMA, P.C.
ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI-CA
jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC-MD-NJ-PA
skauff@lojkd.com

June 18, 2007

VIA CERTIFIED RETURN RECEIPT REQUESTED

Mr. David O'Reilly
ChevronTexaco Corporation
6001 Bollinger Canyon Road
San Ramon, California 94583

Chevron Corporation
R/A The Prentice-Hall Corporation System, Inc.
P.O. Box 526036
Sacramento, California 95852

RE:    **Toxic Substances Control Act Notice**

Pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2619, and 40 C.F.R. §§ 702.60-702.62, the Commonwealth of Puerto Rico, by and through the Secretary of Justice and its undersigned legal counsel, hereby provides notice of the Commonwealth's intent to file a citizens' suit against ChevronTexaco Corporation ("you") to enforce the provisions of the Toxic Substances Control Act ("TSCA"). You have manufactured, processed, or distributed in commerce in Puerto Rico methyl tertiary butyl ether ("MTBE"), a chemical substance or mixture. The Commonwealth has reason to believe that you have obtained information which reasonably supports the conclusion that MTBE presents a "substantial risk of injury to health or the environment" within the meaning of TSCA § 8(e), 15 U.S.C. § 2607(e). This information includes, but is not limited to, information provided to you, and developed by you, in litigation initiated by numerous public water suppliers to recover the costs of remediating soil and drinking water contaminated by MTBE. Accordingly, you are obligated under the provisions of TSCA § 8(e) to inform the Administrator of the United States Environmental Protection Agency ("EPA") of these risks. Your failure to do so constitutes a prohibited act under TSCA § 15, 15 U.S.C. § 2614, and contributes to ongoing harm to the environment and citizens of Puerto Rico.

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

Your failure to provide this information to EPA as required by TSCA is particularly egregious because EPA, in carrying out its responsibilities under TSCA, has specifically requested information regarding incidents of releases of gasoline containing MTBE and information on the detection of MTBE in ground water, surface waters, or drinking water supplies. EPA has also requested information on the toxicity of MTBE, taste and odor, and likely future occurrence of MTBE contamination in ground water, surface water, and drinking water. See 65 Fed. Reg. 16094, 16107 (Mar. 24, 2000). Despite these specific requests, you failed to inform EPA of responsive Substantial Risk Information in your possession.

Your past and continuing failure to inform EPA of the Substantial Risk Information in your possession constitutes an ongoing violation of TSCA. If you do not immediately provide all Substantial Risk Information to EPA, including information relevant to releases or likely releases in Puerto Rico, the Secretary of Justice of the Commonwealth of Puerto Rico, on behalf of the Commonwealth of Puerto Rico and its people, will file a TSCA citizens' civil action under TSCA § 20, 15 U.S.C. § 2619, sixty days after service of this notice.

Sincerely,

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S Virgin Islands  00820-5008
Tel: (340) 773-6142

Roberto Sanchez Ramos, Esquire
Secretario de Justicia
Departamento de Justicia
Estado Libre Asociado de Puerto Rico
P.O. Box 9020192
San Juan, PR 00902-0192
Tel: 787-721-2900

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

cc:     Stephen L. Johnson
        Administrator
        U.S. Environmental Protection Agency
        1200 Pennsylvania Avenue, NW
        Washington, DC 20460

LAW OFFICES OF JOHN K. DEMA, P.C.
ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI-CA
Jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC-MD-NJ-PA
skauff@lojkd.com

June 18, 2007

**VIA CERTIFIED RETURN RECEIPT REQUESTED**

Mr. Alejandro Granado
CITGO Petroleum Corporation
1293 Eldridge Pkwy
Houston, Texas 77077

CITGO Petroleum Corporation
R/A CT Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

RE:    **Toxic Substances Control Act Notice**

Pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2619, and 40 C.F.R. §§ 702.60-702.62, the Commonwealth of Puerto Rico, by and through the Secretary of Justice and its undersigned legal counsel, hereby provides notice of the Commonwealth's intent to file a citizens' suit against CITGO Petroleum Corporation ("you") to enforce the provisions of the Toxic Substances Control Act ("TSCA"). You have manufactured, processed, or distributed in commerce in Puerto Rico methyl tertiary butyl ether ("MTBE"), a chemical substance or mixture. The Commonwealth has reason to believe that you have obtained information which reasonably supports the conclusion that MTBE presents a "substantial risk of injury to health or the environment" within the meaning of TSCA § 8(e), 15 U.S.C. § 2607(e). This information includes, but is not limited to, information provided to you, and developed by you, in litigation initiated by numerous public water suppliers to recover the costs of remediating soil and drinking water contaminated by MTBE. Accordingly, you are obligated under the provisions of TSCA § 8(e) to inform the Administrator of the United States Environmental Protection Agency ("EPA") of these risks. Your failure to do so constitutes a prohibited act under TSCA § 15, 15 U.S.C. § 2614, and contributes to ongoing harm to the environment and citizens of Puerto Rico.

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

Your failure to provide this information to EPA as required by TSCA is particularly egregious because EPA, in carrying out its responsibilities under TSCA, has specifically requested information regarding incidents of releases of gasoline containing MTBE and information on the detection of MTBE in ground water, surface waters, or drinking water supplies. EPA has also requested information on the toxicity of MTBE, taste and odor, and likely future occurrence of MTBE contamination in ground water, surface water, and drinking water. See 65 Fed. Reg. 16094, 16107 (Mar. 24, 2000). Despite these specific requests, you failed to inform EPA of responsive Substantial Risk Information in your possession.

Your past and continuing failure to inform EPA of the Substantial Risk Information in your possession constitutes an ongoing violation of TSCA. If you do not immediately provide all Substantial Risk Information to EPA, including information relevant to releases or likely releases in Puerto Rico, the Secretary of Justice of the Commonwealth of Puerto Rico, on behalf of the Commonwealth of Puerto Rico and its people, will file a TSCA citizens' civil action under TSCA § 20, 15 U.S.C. § 2619, sixty days after service of this notice.

Sincerely,

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S Virgin Islands  00820-5008
Tel: (340) 773-6142

Roberto Sanchez Ramos, Esquire
Secretario de Justicia
Departamento de Justicia
Estado Libre Asociado de Puerto Rico
P.O. Box 9020192
San Juan, PR 00902-0192
Tel: 787-721-2900

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

cc:     Stephen L. Johnson
        Administrator
        U.S. Environmental Protection Agency
        1200 Pennsylvania Avenue, NW
        Washington, DC 20460

2

LAW OFFICES OF JOHN K. DEMA, P.C.
ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI-CA
jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC-MD-NJ-PA
skauff@lojkd.com

June 18, 2007

**VIA CERTIFIED RETURN RECEIPT REQUESTED**

Mr. Dan F. Smith
Lyondell Chemical Co.
1221 McKinney Street
Houston, Texas 77010

Lyondell Chemical Company
R/A CT Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

**RE:     Toxic Substances Control Act Notice**

Pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2619, and 40 C.F.R. §§ 702.60-702.62, the Commonwealth of Puerto Rico, by and through the Secretary of Justice and its undersigned legal counsel, hereby provides notice of the Commonwealth's intent to file a citizens' suit against Lyondell Chemical Company ("you") to enforce the provisions of the Toxic Substances Control Act ("TSCA"). You have manufactured, processed, or distributed in commerce in Puerto Rico methyl tertiary butyl ether ("MTBE"), a chemical substance or mixture. The Commonwealth has reason to believe that you have obtained information which reasonably supports the conclusion that MTBE presents a "substantial risk of injury to health or the environment" within the meaning of TSCA § 8(e), 15 U.S.C. § 2607(e). This information includes, but is not limited to, information provided to you, and developed by you, in litigation initiated by numerous public water suppliers to recover the costs of remediating soil and drinking water contaminated by MTBE. Accordingly, you are obligated under the provisions of TSCA § 8(e) to inform the Administrator of the United States Environmental Protection Agency ("EPA") of these risks. Your failure to do so constitutes a prohibited act under TSCA § 15, 15 U.S.C. § 2614, and contributes to ongoing harm to the environment and citizens of Puerto Rico.

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

Your failure to provide this information to EPA as required by TSCA is particularly egregious because EPA, in carrying out its responsibilities under TSCA, has specifically requested information regarding incidents of releases of gasoline containing MTBE and information on the detection of MTBE in ground water, surface waters, or drinking water supplies. EPA has also requested information on the toxicity of MTBE, taste and odor, and likely future occurrence of MTBE contamination in ground water, surface water, and drinking water. See 65 Fed. Reg. 16094, 16107 (Mar. 24, 2000). Despite these specific requests, you failed to inform EPA of responsive Substantial Risk Information in your possession.

Your past and continuing failure to inform EPA of the Substantial Risk Information in your possession constitutes an ongoing violation of TSCA. If you do not immediately provide all Substantial Risk Information to EPA, including information relevant to releases or likely releases in Puerto Rico, the Secretary of Justice of the Commonwealth of Puerto Rico, on behalf of the Commonwealth of Puerto Rico and its people, will file a TSCA citizens' civil action under TSCA § 20, 15 U.S.C. § 2619, sixty days after service of this notice.

Sincerely,

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S Virgin Islands  00820-5008
Tel: (340) 773-6142

Roberto Sanchez Ramos, Esquire
Secretario de Justicia
Departamento de Justicia
Estado Libre Asociado de Puerto Rico
P.O. Box 9020192
San Juan, PR 00902-0192
Tel: 787-721-2900

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

cc:    Stephen L. Johnson
       Administrator
       U.S. Environmental Protection Agency
       1200 Pennsylvania Avenue, NW
       Washington, DC 20460

LAW OFFICES OF JOHN K. DEMA, P.C.
ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI-CA
jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC-MD-NJ-PA
skauff@lojkd.com

June 18, 2007

VIA CERTIFIED RETURN RECEIPT REQUESTED

CITGO Refining and Chemicals Company, L.P.
R/A The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

RE:     **Toxic Substances Control Act Notice**

Pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2619, and 40 C.F.R. §§ 702.60-702.62, the Commonwealth of Puerto Rico, by and through the Secretary of Justice and its undersigned legal counsel, hereby provides notice of the Commonwealth's intent to file a citizens' suit against CITGO Refining and Chemicals Company, L.P. ("you") to enforce the provisions of the Toxic Substances Control Act ("TSCA"). You have manufactured, processed, or distributed in commerce in Puerto Rico methyl tertiary butyl ether ("MTBE"), a chemical substance or mixture. The Commonwealth has reason to believe that you have obtained information which reasonably supports the conclusion that MTBE presents a "substantial risk of injury to health or the environment" within the meaning of TSCA § 8(e), 15 U.S.C. § 2607(e). This information includes, but is not limited to, information provided to you, and developed by you, in litigation initiated by numerous public water suppliers to recover the costs of remediating soil and drinking water contaminated by MTBE. Accordingly, you are obligated under the provisions of TSCA § 8(e) to inform the Administrator of the United States Environmental Protection Agency ("EPA") of these risks. Your failure to do so constitutes a prohibited act under TSCA § 15, 15 U.S.C. § 2614, and contributes to ongoing harm to the environment and citizens of Puerto Rico.

Your failure to provide this information to EPA as required by TSCA is particularly egregious because EPA, in carrying out its responsibilities under TSCA, has specifically requested information regarding incidents of releases of gasoline containing MTBE and information on the detection of MTBE in ground water, surface waters, or drinking water supplies. EPA has also requested

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

information on the toxicity of MTBE, taste and odor, and likely future occurrence of MTBE contamination in ground water, surface water, and drinking water. See 65 Fed. Reg. 16094, 16107 (Mar. 24, 2000). Despite these specific requests, you failed to inform EPA of responsive Substantial Risk Information in your possession.

Your past and continuing failure to inform EPA of the Substantial Risk Information in your possession constitutes an ongoing violation of TSCA. If you do not immediately provide all Substantial Risk Information to EPA, including information relevant to releases or likely releases in Puerto Rico, the Secretary of Justice of the Commonwealth of Puerto Rico, on behalf of the Commonwealth of Puerto Rico and its people, will file a TSCA citizens' civil action under TSCA § 20, 15 U.S.C. § 2619, sixty days after service of this notice.

Sincerely,

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S Virgin Islands  00820-5008
Tel: (340) 773-6142

Roberto Sanchez Ramos, Esquire
Secretario de Justicia
Departamento de Justicia
Estado Libre Asociado de Puerto Rico
P.O. Box 9020192
San Juan, PR 00902-0192
Tel: 787-721-2900

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

cc:      Stephen L. Johnson
         Administrator
         U.S. Environmental Protection Agency
         1200 Pennsylvania Avenue, NW
         Washington, DC 20460

2

LAW OFFICES OF JOHN K. DEMA, P.C.
ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI-CA
jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC-MD-NJ-PA
skauff@lojkd.com

June 18 2007

**VIA CERTIFIED RETURN RECEIPT REQUESTED**

Mr. Craig Duff
Texaco Refining and Marketing, Inc.
910 Louisiana Street
Houston Texas 77002

Texaco Refining and Marketing, Inc.
R/A Prentice Hall Corp System, Inc.
701 Brazos Street, Suite 1050
Austin, Texas 78701

RE:    **Toxic Substances Control Act Notice**

Pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2619, and 40 C.F.R. §§
702.60-702.62, the Commonwealth of Puerto Rico, by and through the Secretary
of Justice and its undersigned legal counsel, hereby provides notice of the
Commonwealth's intent to file a citizens' suit against Texaco Refining and
Marketing, Inc., ("you") to enforce the provisions of the Toxic Substances Control
Act ("TSCA"). You have manufactured, processed, or distributed in commerce in
Puerto Rico methyl tertiary butyl ether ("MTBE"), a chemical substance or
mixture.  The Commonwealth has reason to believe that you have obtained
information which reasonably supports the conclusion that MTBE presents a
"substantial risk of injury to health or the environment" within the meaning of
TSCA § 8(e), 15 U.S.C. § 2607(e).  This information includes, but is not limited to,
information provided to you, and developed by you, in litigation initiated by
numerous public water suppliers to recover the costs of remediating soil and
drinking water contaminated by MTBE.  Accordingly, you are obligated under
the provisions of TSCA § 8(e) to inform the Administrator of the United States
Environmental Protection Agency ("EPA") of these risks.  Your failure to do so
constitutes a prohibited act under TSCA § 15, 15 U.S.C. § 2614, and contributes to
ongoing harm to the environment and citizens of Puerto Rico.

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

Your failure to provide this information to EPA as required by TSCA is particularly egregious because EPA, in carrying out its responsibilities under TSCA, has specifically requested information regarding incidents of releases of gasoline containing MTBE and information on the detection of MTBE in ground water, surface waters, or drinking water supplies. EPA has also requested information on the toxicity of MTBE, taste and odor, and likely future occurrence of MTBE contamination in ground water, surface water, and drinking water. See 65 Fed. Reg. 16094, 16107 (Mar. 24, 2000). Despite these specific requests, you failed to inform EPA of responsive Substantial Risk Information in your possession.

Your past and continuing failure to inform EPA of the Substantial Risk Information in your possession constitutes an ongoing violation of TSCA. If you do not immediately provide all Substantial Risk Information to EPA, including information relevant to releases or likely releases in Puerto Rico, the Secretary of Justice of the Commonwealth of Puerto Rico, on behalf of the Commonwealth of Puerto Rico and its people, will file a TSCA citizens' civil action under TSCA § 20, 15 U.S.C. § 2619, sixty days after service of this notice.

Sincerely,

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S Virgin Islands 00820-5008
Tel: (340) 773-6142

Roberto Sanchez Ramos, Esquire
Secretario de Justicia
Departamento de Justicia
Estado Libre Asociado de Puerto Rico
P.O. Box 9020192
San Juan, PR 00902-0192
Tel: 787-721-2900

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

cc:     Stephen L. Johnson
        Administrator
        U.S. Environmental Protection Agency
        1200 Pennsylvania Avenue, NW
        Washington, DC 20460

2

LAW OFFICES OF JOHN K. DEMA, P.C.
ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI-CA
jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC-MD-NJ-PA
skauff@lojkd.com

June 18, 2007

**VIA CERTIFIED RETURN RECEIPT REQUESTED**

Mr. John D. Hofmeister
Shell Oil Co.
1 Shell Plaza
910 Louisiana Street
Houston, Texas 77002

Shell Oil Company
R/A CT Corporation System
1021 Main Street, Suite 1150
Houston, Texas 77002

RE:   **Toxic Substances Control Act Notice**

Pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2619, and 40 C.F.R. §§ 702.60-702.62, the Commonwealth of Puerto Rico, by and through the Secretary of Justice and its undersigned legal counsel, hereby provides notice of the Commonwealth's intent to file a citizens' suit against Shell Oil Company ("you") to enforce the provisions of the Toxic Substances Control Act ("TSCA"). You have manufactured, processed, or distributed in commerce in Puerto Rico methyl tertiary butyl ether ("MTBE"), a chemical substance or mixture.   The Commonwealth has reason to believe that you have obtained information which reasonably supports the conclusion that MTBE presents a "substantial risk of injury to health or the environment" within the meaning of TSCA § 8(e), 15 U.S.C. § 2607(e).  This information includes, but is not limited to, information provided to you, and developed by you, in litigation initiated by numerous public water suppliers to recover the costs of remediating soil and drinking water contaminated by MTBE.   Accordingly, you are obligated under the provisions of TSCA § 8(e) to inform the Administrator of the United States Environmental Protection Agency ("EPA") of these risks.  Your failure to do so constitutes a prohibited act under TSCA § 15, 15 U.S.C. § 2614, and contributes to ongoing harm to the environment and citizens of Puerto Rico.

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

Your failure to provide this information to EPA as required by TSCA is particularly egregious because EPA, in carrying out its responsibilities under TSCA, has specifically requested information regarding incidents of releases of gasoline containing MTBE and information on the detection of MTBE in ground water, surface waters, or drinking water supplies. EPA has also requested information on the toxicity of MTBE, taste and odor, and likely future occurrence of MTBE contamination in ground water, surface water, and drinking water. See 65 Fed. Reg. 16094, 16107 (Mar. 24, 2000). Despite these specific requests, you failed to inform EPA of responsive Substantial Risk Information in your possession.

Your past and continuing failure to inform EPA of the Substantial Risk Information in your possession constitutes an ongoing violation of TSCA. If you do not immediately provide all Substantial Risk Information to EPA, including information relevant to releases or likely releases in Puerto Rico, the Secretary of Justice of the Commonwealth of Puerto Rico, on behalf of the Commonwealth of Puerto Rico and its people, will file a TSCA citizens' civil action under TSCA § 20, 15 U.S.C. § 2619, sixty days after service of this notice.

Sincerely,

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S Virgin Islands  00820-5008
Tel: (340) 773-6142

Roberto Sanchez Ramos, Esquire
Secretario de Justicia
Departamento de Justicia
Estado Libre Asociado de Puerto Rico
P.O. Box 9020192
San Juan, PR 00902-0192
Tel: 787-721-2900

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

cc:    Stephen L. Johnson
       Administrator
       U.S. Environmental Protection Agency
       1200 Pennsylvania Avenue, NW
       Washington, DC 20460

LAW OFFICES OF JOHN K. DEMA, P.C.
ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI-CA
jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC-MD-NJ-PA
skauff@lojkd.com

June 18, 2007

VIA CERTIFIED RETURN RECEIPT REQUESTED

Mr. John G. Drosdick
Sunoco, Inc. (R&M)
1735 Market Street, Suite LL
Philadelphia, Pennsylvania 19103-7583

Sunoco, Inc. (R&M)
R/A CT Corporation System
1515 Market Street, Suite 1210
Philadelphia, Pennsylvania 19102

RE:    **Toxic Substances Control Act Notice**

Pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2619, and 40 C.F.R. §§ 702.60-702.62, the Commonwealth of Puerto Rico, by and through the Secretary of Justice and its undersigned legal counsel, hereby provides notice of the Commonwealth's intent to file a citizens' suit against Sunoco, Inc. (R&M) ("you") to enforce the provisions of the Toxic Substances Control Act ("TSCA"). You have manufactured, processed, or distributed in commerce in Puerto Rico methyl tertiary butyl ether ("MTBE"), a chemical substance or mixture. The Commonwealth has reason to believe that you have obtained information which reasonably supports the conclusion that MTBE presents a "substantial risk of injury to health or the environment" within the meaning of TSCA § 8(e), 15 U.S.C. § 2607(e). This information includes, but is not limited to, information provided to you, and developed by you, in litigation initiated by numerous public water suppliers to recover the costs of remediating soil and drinking water contaminated by MTBE. Accordingly, you are obligated under the provisions of TSCA § 8(e) to inform the Administrator of the United States Environmental Protection Agency ("EPA") of these risks. Your failure to do so constitutes a prohibited act under TSCA § 15, 15 U.S.C. § 2614, and contributes to ongoing harm to the environment and citizens of Puerto Rico.

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

Your failure to provide this information to EPA as required by TSCA is particularly egregious because EPA, in carrying out its responsibilities under TSCA, has specifically requested information regarding incidents of releases of gasoline containing MTBE and information on the detection of MTBE in ground water, surface waters, or drinking water supplies. EPA has also requested information on the toxicity of MTBE, taste and odor, and likely future occurrence of MTBE contamination in ground water, surface water, and drinking water. See 65 Fed. Reg. 16094, 16107 (Mar. 24, 2000). Despite these specific requests, you failed to inform EPA of responsive Substantial Risk Information in your possession.

Your past and continuing failure to inform EPA of the Substantial Risk Information in your possession constitutes an ongoing violation of TSCA. If you do not immediately provide all Substantial Risk Information to EPA, including information relevant to releases or likely releases in Puerto Rico, the Secretary of Justice of the Commonwealth of Puerto Rico, on behalf of the Commonwealth of Puerto Rico and its people, will file a TSCA citizens' civil action under TSCA § 20, 15 U.S.C. § 2619, sixty days after service of this notice.

Sincerely,

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S Virgin Islands  00820-5008
Tel: (340) 773-6142

Roberto Sanchez Ramos, Esquire
Secretario de Justicia
Departamento de Justicia
Estado Libre Asociado de Puerto Rico
P.O. Box 9020192
San Juan, PR 00902-0192
Tel: 787-721-2900

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

cc:    Stephen L. Johnson
       Administrator
       U.S. Environmental Protection Agency
       1200 Pennsylvania Avenue, NW
       Washington, DC 20460

2

LAW OFFICES OF JOHN K. DEMA, P.C.
ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI-CA
jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC-MD-NJ-PA
skauff@lojkd.com

June 18, 2007

VIA CERTIFIED RETURN RECEIPT REQUESTED

Mr. John G. Drosdick
Sunoco, Inc.
1735 Market Street
Suite LL
Philadelphia, Pennsylvania 19103-7583

Sunoco, Inc.
Attention: Registered Agent
1735 Market Street
Philadelphia, Pennsylvania 19103

RE:    Toxic Substances Control Act Notice

Pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2619, and 40 C.F.R. §§ 702.60-702.62, the Commonwealth of Puerto Rico, by and through the Secretary of Justice and its undersigned legal counsel, hereby provides notice of the Commonwealth's intent to file a citizens' suit against Sunoco, Inc. ("you") to enforce the provisions of the Toxic Substances Control Act ("TSCA"). You have manufactured, processed, or distributed in commerce in Puerto Rico methyl tertiary butyl ether ("MTBE"), a chemical substance or mixture.    The Commonwealth has reason to believe that you have obtained information which reasonably supports the conclusion that MTBE presents a "substantial risk of injury to health or the environment" within the meaning of TSCA § 8(e), 15 U.S.C. § 2607(e).  This information includes, but is not limited to, information provided to you, and developed by you, in litigation initiated by numerous public water suppliers to recover the costs of remediating soil and drinking water contaminated by MTBE.   Accordingly, you are obligated under the provisions of TSCA § 8(e) to inform the Administrator of the United States Environmental Protection Agency ("EPA") of these risks.  Your failure to do so constitutes a prohibited act under TSCA § 15, 15 U.S.C. § 2614, and contributes to ongoing harm to the environment and citizens of Puerto Rico.

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

Your failure to provide this information to EPA as required by TSCA is particularly egregious because EPA, in carrying out its responsibilities under TSCA, has specifically requested information regarding incidents of releases of gasoline containing MTBE and information on the detection of MTBE in ground water, surface waters, or drinking water supplies. EPA has also requested information on the toxicity of MTBE, taste and odor, and likely future occurrence of MTBE contamination in ground water, surface water, and drinking water. See 65 Fed. Reg. 16094, 16107 (Mar. 24, 2000). Despite these specific requests, you failed to inform EPA of responsive Substantial Risk Information in your possession.

Your past and continuing failure to inform EPA of the Substantial Risk Information in your possession constitutes an ongoing violation of TSCA. If you do not immediately provide all Substantial Risk Information to EPA, including information relevant to releases or likely releases in Puerto Rico, the Secretary of Justice of the Commonwealth of Puerto Rico, on behalf of the Commonwealth of Puerto Rico and its people, will file a TSCA citizens' civil action under TSCA § 20, 15 U.S.C. § 2619, sixty days after service of this notice.

Sincerely,

John K. Dema, Esquire
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S Virgin Islands  00820-5008
Tel: (340) 773-6142

Roberto Sanchez Ramos, Esquire
Secretario de Justicia
Departamento de Justicia
Estado Libre Asociado de Puerto Rico
P.O. Box 9020192
San Juan, PR 00902-0192
Tel: 787-721-2900

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

cc:    Stephen L. Johnson
       Administrator
       U.S. Environmental Protection Agency
       1200 Pennsylvania Avenue, NW
       Washington, DC 20460

2

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO, ET AL.

v.

SHELL OIL COMPANY, ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:     07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron Corporation
Registered Agent
The Prentice-Hall Corporation System, Inc.
PO Box 526036
Sacramento, CA  95852

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez Echevarria, Esq.
Centro de Seguros Bldg, Ste 413
701 Ponce De Leon Ave.
San Juan, P.R.  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK                                                DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron Estrella Puerto Rico, Inc.
Registered Agent
The Prentice-Hall Corporation System, Inc.
Suite 400
Wilmington, DE  19808

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT — 4 2007

| CLERK | DATE |
|---|---|
| | |

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Lyondell Chemical Company
Registered Agent
CT Corporation System
350 N. St. Paul Street
Dallas, TX  75201

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

_____
CLERK                                                                DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

SHELL OIL COMPANY, ET AL.
V.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Total Oil, Inc.
Registered Agent
CT Corporation Systems
361 San Francisco Street, Penthouse
Old San Juan, PR  00901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK                                                             DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Sunoco, Inc. (R&M)
Registered Agent
CT Corporation System
1515 Market Street
Suite 1210
Philadephia, PA  19102

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 4 2007

CLERK

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.
SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Sunoco, Inc.
President Robert H. Campbell
1801 Market Street
Philadelphia, PA  19103

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 4 2007

| CLERK | DATE |
|---|---|
| JOSE A. LEBRON-ALBINO | |
| DEPUTY CLERK | |

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron Phillips Chemical Puerto Rico Core, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Texaco Puerto Rico, Inc.
Registered Agent
Paul rivera
Metro Office Park
Texaco Office Plaza Bldg., Suite 400
Guaynabo, PR  00968

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

| CLERK | DATE |
|---|---|
| JOSE A. LEBRON-ALBINO DEPUTY CLERK | |

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

SHELL OIL COMPANY, ET AL.

V.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron Caribbean, Inc.
Registered Agent
Texaco Plaza Building, Suite 400
Metro Office Park
Guaynabo, PR  00968

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 4 2007

CLERK

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

DATE

(By) DEPUTY CLERK

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

### SUMMONS IN A CIVIL ACTION

v.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Motiva Enterprises, LLC
Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

_____     _____
CLERK                                DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V
SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

CITGO Petroleum Corporation
Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

| CLERK | DATE |
|---|---|
| JOSE A. LEBRON-ALBINO DEPUTY CLERK | |

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____     District of     _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

v

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Shell Oil Company
Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

SHELL OIL COMPANY, ET AL.

V.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

CITGO Refining and Chemical Company, LP
Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

## SUMMONS IN A CIVIL ACTION

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

    Chevron Puerto Rico, LLC
    Road 28 Pueblo Viejo Ward
    Guaynabo, PR  00966

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Orlando H. Martinez, Esquire
    Orlando H. Martinez Law Offices
    Centro de Seguros, Suite 413
    701 Ponce de Leon Avenue
    San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT − 4 2007

| CLERK | DATE |
|-------|------|
| JOSE A. LEBRON-ALBINO | |
| DEPUTY CLERK | |

(By) DEPUTY CLERK

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

### SUMMONS IN A CIVIL ACTION

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron International Oil Company, Inc.
Registered Agent
Prentice Hall Corporation Systems of PR
%Wood, Once Comptroller
Plaza 6th Floor
Hato Rey, PR  00916

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

_____
CLERK

DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

SHELL OIL COMPANY, ET AL.
V.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Texaco Refining and Marketing, Inc.
Registered Agent
Prentice Hall Court System, Inc.
701 Brazos Street
Suite 1050
Austin, TX  78701

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 4 2007

_____    DATE
CLERK

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

    CITGO International P.R.
    Registered Agent
    CT Corp System
    206 Tetuan Street
    San Juan, PR  00936

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Orlando H. Martinez, Esquire
    Orlando H. Martinez Law Offices
    Centro de Seguros, Suite 413
    701 Ponce de Leon Avenue
    San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

_____     _____
CLERK                                                              DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK
_____
(By) DEPUTY CLERK

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.
SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

ConcoPhillips Company
Registered Agent
Corporation Service Company
CSC Lawyers Incorporating Service
PO Box 526036
Sacramento, CA  95852

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK                                                    DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

                                    **SUMMONS IN A CIVIL ACTION**

                    V
SHELL OIL COMPANY, ET AL.

                    CASE NUMBER:   07-1505 (ccc)

          TO: (Name and address of Defendant)

          Shell Trading (US) Company
          Registered Agent
          CT Corp
          Corporate Domicile
          909 Fannin
          Houston, TX  77010

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

          Orlando H. Martinez, Esquire
          Orlando H. Martinez Law Offices
          Centro de Seguros, Suite 413
          701 Ponce de Leon Avenue
          San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

          FRANCES RIOS DE MORAN
          CLERK OF COURT                              OCT − 4 2007

_____          _____
CLERK                                        DATE

          JOSE A. LEBRON-ALBINO
          DEPUTY CLERK
_____
(By) DEPUTY CLERK

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Shell Chemical Yabucoa, Inc.
Secretary of State
Department of State
San Juan, PR  00902

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT ~ 4 2007

CLERK

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

DATE

(By) DEPUTY CLERK

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

v.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Equilon Enterprises, LLC
Registered Agent
CT Corporation System
2222 Grand Avenue
Des Moines, IA  50312

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

_____                    _____
CLERK                                                                                      DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

✎ AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

SHELL OIL COMPANY, ET AL.

V.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

      Shell Company Puerto Rico Ltd.
      Registered Agent
      Atty Nicolas Nogueras
      PO Box 195386
      San Juan, PR  00919

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

      Orlando H. Martinez, Esquire
      Orlando H. Martinez Law Offices
      Centro de Seguros, Suite 413
      701 Ponce de Leon Avenue
      San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 4 2007

CLERK

      JOSE A. LEBRON-ALBINO
      DEPUTY CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

SHELL OIL COMPANY, ET AL.

CASE NUMBER:  07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron U.S.A., Inc.
Registered Agent
CT Corporation System
123 S. Broad Street
Philadelphia, PA  19109

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT − 4 2007

CLERK

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

v.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Puerto Rico Sun Oil Company LLC
Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 4 2007

CLERK

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

v.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Texaco Petroleum, Inc.
Registerd Agent
Claude P. Moreau
2000 Westchester Avenue
White Plain, NY  10650

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT − 4 2007

CLERK

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron Phillips Chemical Puerto Rico Core, Inc.
Registered Agent
The Corporation Tust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 5 2007

SARAH V. RAMON
DEPUTY CLERK

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Total Petroleum Puerto Rico Corporation
Mario Julia Industrial Park, A Street
Suite 11A
Guaynabo, PR 00924

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 5 2007

CLERK                SARAH V. RAMON        DATE
                     DEPUTY CLERK

(By) DEPUTY CLERK

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Esso Standard Oil Company (Puerto Rico)
San Patricio Avenue, Parkside Corner #1
Guaynabo, PR  00968

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 5 2007

CLERK

SARAH V. RAMON
DEPUTY CLERK

DATE

(By) DEPUTY CLERK

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

ExxonMobil Corporation
5959 Las Colinas Boulevard
Irving, TX  75039-2298

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT − 5 2007

CLERK

SARAH V. RAMON
DEPUTY CLERK

(By) DEPUTY CLERK                          DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

HOVENSA, L.L.C.
1 Estate Hope
Christiansted, St. Croix
United States Virgin Islands 00820

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 5 2007

CLERK                                                    DATE

SARAH V. RAMON
DEPUTY CLERK

(By) DEPUTY CLERK

⬧AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Hess Oil Virgin Islands Corporation
1185 Avenue of the Americas
New York, NY  10036-2601

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 5 2007

CLERK                                                                            DATE

SARAH V. RAMON
DEPUTY CLERK

(By) DEPUTY CLERK

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

v

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Lyondell Chemical Company
Registered Agent
CT Corporation System
350 N. St. Paul Street
Dallas, TX  75201

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 4 2007

CLERK

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 10/08/2007 at 1:40 P.M. |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| SHARLENE J. BARNS | PRIVATE PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: LYONDELL CHEMICAL COMPANY, BY DELIVERING TO CT CORPORATION SYSTEMS, REGISTERED AGENT, BY DELIVERING TO MARIE GARCIA, AGENT FOR SERVICE, 350 N. ST. PAUL STREET, SUITE 2900 DALLAS, TEXAS 75201

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___10/9/2007___  _____Sharlene J Barns_____
              *Date*                         *Signature of Server*

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
    *Address of Server*    SUITE 885
ATLANTA, GA 30328
1-800-446-8784

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

V.

SHELL OIL COMPANY, ET AL.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Texaco Refining and Marketing, Inc.
Registered Agent
Prentice Hall Court System, Inc.
701 Brazos Street
Suite 1050
Austin, TX  78701

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

(By) DEPUTY CLERK

DATE

**ORIGINAL**

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | October 9, 0207 |
| NAME OF SERVER *(PRINT)*<br>Jon H. Snyder | TITLE | Certified Private Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): Prentice Hall Court System, Inc. for Texaco Refining And Marketing,Inc. at 701 Brazos Street, Suite 1050, Ausitn, Travis County, Texas 78701

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   October 9, 2007
          Date                    Signature of Server

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 30328
1-800-446-8784

          Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico

COMMONWEALTH OF PUERTO RICO ET AL.

## SUMMONS IN A CIVIL ACTION

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Esso Standard Oil Company (Puerto Rico)
San Patricio Avenue, Parkside Corner #1
Guaynabo, PR  00968

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 5 2007

SARAH V. HAMON
DEPUTY CLERK

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE  *October, 8, 2007* |
| NAME OF SERVER (PRINT)  *Edwin R. De Jesus* | TITLE  *Process Server* |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served:  *Galeria San Patricio, Tabonuco B-5 Suite 202, Guaynabo, P.R.*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:  *Esso Standard Oil Company (Puerto Rico) Thru Marlyn Lopez, Administrative assistance*

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL  $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  *October 8, 2007*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Date                    Signature of Server

*Guaynabo, P.R.*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:  07-1505 (ccc)

TO: (Name and address of Defendant)

Total Petroleum Puerto Rico Corporation
Mario Julia Industrial Park, A Street
Suite 11A
Guaynabo, PR 00924

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 5 2007

CLERK                                      DATE

SARAH V. RAMON
**DEPUTY CLERK**

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | October 7, 2002 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Edwin R De Jesus | Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: TOTAL Petroleum Puerto Rico Corporation/c margaret King, Human resources manager

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  October 7, 2007
_____        _____
        Date                                Signature of Server

Guaynabo, PR
_____
      Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

> Equilon Enterprises, LLC
> Registered Agent
> CT Corporation System
> 2222 Grand Avenue
> Des Moines, IA  50312

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Orlando H. Martinez, Esquire
> Orlando H. Martinez Law Offices
> Centro de Seguros, Suite 413
> 701 Ponce de Leon Avenue
> San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

DATE

(By) DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**CASE NO.: 07–1505 (ccc)**

**AFFIDAVIT OF SERVICE**

**COMMONWEALTH OF PUERTO RICO ET AL**

Plaintiff/Petitioner,

vs.

**SHELL OIL COMPANY, ET AL**

Defendant/Respondent.

_____/

Received by **MLQ ATTORNEY SERVICES** on **10/08/2007** to be served upon:

**EQUILON ENTERPRISES, LLC**

STATE OF IOWA
COUNTY OF POLK    ss.

I, **Julia Roberts**, being duly sworn on oath, and over the age of 18 years, do hearby depose and state that:

On **10/08/2007** at **03:30 PM**, I served the within **SUMMONS IN A CIVIL ACTION, FIRST AMENDED COMPLAINT, APENDIX A, COMPLAINT on EQUILON ENTERPRISES, LLC at 2222 GRAND AVENUE , Des Moines, IA 50312** in the manner indicated below:

**CORPORATE SERVICE:** I served the same on the above company, corporation, government official, etc, by delivering a copy to the person named and described below at the address shown above. :

NAME: **Nancy Zehr @ CT Corporation System** TITLE/RELATION: **REGISTERED AGENT**

Fee For Service: **$30.00**

Sworn to and subscribed before me on this

_____ day of __October__ , 200_7_

by an affiant who is personally known to me or produced identification.

NOTARY PUBLIC

X _____
Julia Roberts

Independent Contractor for:

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY STE 885
ATLANTA, GA  30328
800 446 8794
Atty File#: **222211** - Our File# **1644**

SANDRA K. ROBERTS
Commission Number 733047
My Commission Expires
_____

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

ExxonMobil Corporation
5959 Las Colinas Boulevard
Irving, TX  75039-2298

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 5 2007

CLERK                                    DATE

SARAH V. RAMON
**DEPUTY CLERK**

(By) DEPUTY CLERK

✎AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 10/09/2007 *at 1:45 P.M.* |
| NAME OF SERVER *(PRINT)* SHARLENE J. BARNS | TITLE PRIVATE PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: EXXON MOBILE CORPORATION BY DELIVERING TO CHARLES A. BEACH, COUNSEL, 5959 LAS COLINAS BOULEVARD IRVING TEXAS 75039.

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on __10/10/2007__       _Sharlene J Barns_
                    Date                      *Signature of Server*

*Address of Server*  MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 30328
1-800-446-8784

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO, ET AL.

**SUMMONS IN A CIVIL ACTION**

v.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron Corporation
Registered Agent
The Prentice-Hall Corporation System, Inc.
PO Box 526036
Sacramento, CA  95852

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez Echevarria, Esq.

Calle de Seguro Bldg. Ph 413

701 Ponce De Leon Ave.

San Juan, P.R. 00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

_____          _____
CLERK                                                  DATE

_____
(By) DEPUTY CLERK

| Attorney or Party without Attorney: | | Telephone No.: | For Court Use Only |
|---|---|---|---|
| .<br>.<br>.<br>Attorney for: **Plaintiff** | | Ref. No. or File No.:<br>222217 & 222222 | |

Insert name of Court, and Judicial District and Branch Court:
**In The U.s. District Court For The District Of Puerto Rico**

Plaintiff: COMMONWEALTH OF PUERTO RICO, ET AL.
Defendant: SHELL OIL COMPANY, ET AL.

| **PROOF OF SERVICE**<br>**(Summons In A Civil Action;)** | Hearing Date: | Time: | Dept/Div | Case Number:<br>07-1505 (CCC) |
|---|---|---|---|---|

1. *At the time of service I was at least 18 Years of age and not a party to this action.*

2. *I served copies of the:*
   Summons In A Civil Action; First Amended Complaint; Appendix A; Complaint

3. a. *Party Served:*          CHEVRON CORPORATION (Defendant)

   b. *Person Served:*         RHONDA TUCK, AUTHORIZED AGENT

4. *Address where the party was served:*          CORPORATION SERVICE COMPANY
   2730 GATEWAY OAKS DRIVE
   SUITE 100
   SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Tue, Oct. 09, 2007 (2) at: 2:10PM

7. *Person who served the papers:*                    Recoverable Costs Per CCP 1033.5(a)(4)(B)
   a. T. ANDY HARRIS                    d. *The Fee for service was:*
   b. **MLQ ATTORNEY SERVICES**        e. I am: (3) Registered California process server.
      2000 RIVEREDGE PARKWAY-NW              (i) *Owner*
      SUITE 885                              (ii) *Registration No.:* 81-002
      ATLANTA, GA 30328                      (iii) *County:* Sacramento
   c. (800) 446-8794                         (iv) *Expiration:* Jan. 02, 2009

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 30328
1-800-446-8784

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Oct. 09, 2007
   *Judicial Council Form POS-010*
   *Rule 982.9.(a)&(b) Rev Jan. 01,2007*          ►          **PROOF OF SERVICE**          *(T. ANDY HARRIS)*          1119.83678

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

v

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

ConcoPhillips Company
Registered Agent
Corporation Service Company
CSC Lawyers Incorporating Service
PO Box 526036
Sacramento, CA  95852

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK                                                    DATE

(By) DEPUTY CLERK

| Attorney or Party without Attorney: | Telephone No.: | For Court Use Only |
|---|---|---|
| . . . Attorney for: Plaintiff | Ref. No. or File No.: 222217 & 222222 | |

Insert name of Court, and Judicial District and Branch Court:
In The U.s. District Court For The District Of Puerto Rico

Plaintiff: COMMONWEALTH OF PUERTO RICO, ET AL.
Defendant: SHELL OIL COMPANY, ET AL.

| **PROOF OF SERVICE** (Summons In A Civil Action;) | Hearing Date: | Time: | Dept/Div | Case Number: 07-1505  (CCC) |
|---|---|---|---|---|

1. *At the time of service I was least 18 Years of age and not a party to this action.*

2. **I served copies** of the:
   Summons In A Civil Action; First Amended Complaint; Appendix A; Complaint

3. *a. Party Served:*      CONCOPHILLIPS COMPANY (Defendant)

   *b. Person Served:*      RHONDA TUCK, AUTHORIZED AGENT

4. *Address where the party was served:*    CORPORATION SERVICE COMPANY
   2730 GATEWAY OAKS DRIVE
   SUITE 100
   SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Tue, Oct. 09, 2007 (2) at: 2:10PM

7. *Person who served the papers:*        Recoverable Costs Per CCP 1033.5(a)(4)(B)
   a. T. ANDY HARRIS
   b. **MLQ ATTORNEY SERVICES**
       2000 RIVEREDGE PARKWAY-NW
       SUITE 885
       ATLANTA, GA 30328
   c. (800) 446-8794

   d. *The Fee for service was:*
   e. I am: (3) Registered California process server.
       (i) *Owner*
       (ii) *Registration No.*: 81-002
       (iii) *County*: Sacramento
       (iv) *Expiration*: Jan. 02, 2009

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 30328
1-800-446-8784

8. **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Oct. 09, 2007

Judicial Council Form POS-010
Rule 982.9.(a)&(b) Rev Jan. 01,2007      **PROOF OF SERVICE**      (T. ANDY HARRIS)      1119.83677

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____  District of  _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron Estrella Puerto Rico, Inc.
Registered Agent
The Prentice-Hall Corporation System, Inc.
Suite 400
Wilmington, DE  19808

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK                                                              DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>October 8, 2007 at 2:55 p.m. |
| NAME OF SERVER *(PRINT)*<br>Daniel Newcomb | TITLE<br>Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): Service on Chevron Estrella Puerto Rico, Inc., was effectuated by serving Mary Drummond, Managing Agent duly authorized to accept service. Service was made at Prentice-Hall Corporation Systems, Inc., 2711 Centerville Rd., # 400, Wilmington, DE 19808.

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL<br>$0.00 |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.<br><br>Executed on   October 9, 2007<br>            Date                 Signature of Server<br><br>          MLQ ATTORNEY SERVICES<br>        2000 RIVEREDGE PARKWAY NW<br>               SUITE 885<br>     Address of Server ATLANTA, GA 30328<br>            1-800-446-8784 |

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____  District of  _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

CITGO Petroleum Corporation
Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>October 8, 2007 at 1:50 p.m. |
| NAME OF SERVER *(PRINT)*<br>Daniel Newcomb | TITLE<br>Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify):  Service on Citgo Petroleum Corporation was effectuated by serving Scott LaScala, Managing Agent duly authorized to accept service. Service was made at The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL<br>$0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on     October 9, 2007
                        Date

                                      *Signature of Server*

*Address of Server*    MLQ ATTORNEY SERVICES
                               2000 RIVEREDGE PARKWAY NW
                                           SUITE 885
                                    ATLANTA, GA 30328
                                      1-800-446-8784

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

v

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

CITGO Refining and Chemical Company, LP
Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE October 8, 2007 at 1:50 p.m. | |
| NAME OF SERVER *(PRINT)* Daniel Newcomb | TITLE Process Server | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): Service on CITGO Refining and Chemical Company, LP was effectuated by serving Scott LaScala, Managing Agent duly authorized to accept service. Service was made at The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___October 9, 2007___          _____
                        Date                                    *Signature of Server*

_____
*Address of Server*

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 30328
1-800-446-8794

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Motiva Enterprises, LLC
Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 4 2007

CLERK

_____

DATE

_____

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | October 8, 2007 at 1:50 p.m. |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): Service on Motiva Enterprises, LLC was effectuated by serving Scott LaScala, Managing Agent duly authorized to accept service. Service was made at The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  October 9, 2007
_____    _____
Date                    Signature of Server

Address of Server   MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 30328
1-800-446-8784

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 4    .ev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Puerto Rico Sun Oil Company LLC
Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK _____    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE October 8, 2007 at 1:50 p.m. |
| NAME OF SERVER *(PRINT)* Daniel Newcomb | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): Service on Puerto Rico Sun Oil Company, LLC was effectuated by serving Scott LaScala, Managing Agent duly authorized to accept service. Service was made at The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    October 9, 2007
                Date                Signature of Server

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
         Address of Server          SUITE 885
ATLANTA, GA 30328
1-800-446-8784

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### District of

COMMONWEALTH OF PUERTO RICO ET AL.

### SUMMONS IN A CIVIL ACTION

v.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Shell Oil Company
Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

| | |
|---|---|
| CLERK | DATE |

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>October 8, 2007 at 1:50 p.m. |
| NAME OF SERVER *(PRINT)*<br>Daniel Newcomb | TITLE<br>Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): Service on Shell Oil Company was effectuated by serving Scott LaScala, Managing Agent, duly authorized to accept service. Service was made at The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL<br>$0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    October 9, 2007
                        ————————————            ————————————————————
                              Date                             *Signature of Server*

*Address of Server*
MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 30328
1-800-446-8784

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

## SUMMONS IN A CIVIL ACTION

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Shell Trading (US) Company
Registered Agent
CT Corp
Corporate Domicile
909 Fannin
Houston, TX  77010

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 4 2007

CLERK                                           DATE

(By) DEPUTY CLERK

AO 440  (Rev.  8/01)  Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>10/08/2007 @ 10:40 A.M. |
| NAME OF SERVER *(PRINT)*<br>Elwin Stuart | TITLE<br>Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify):   Shell Trading (US) Company by delivering to CT Corporation Systems Delivered to Susan Thompson, Senior Process Specialist at 1021 Main Street, Suite 1150, Houston, Texas  77002

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL<br>$0.00 |

| DECLARATION OF SERVER |
|---|

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   10/09/2007
               Date

*Signature of Server*
    Elwin Stuart, SCH1192

*Address of Server*
MLQ ATTORNEY SERVICES
6000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA  30328
1-800-446-8784

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

_____

COMMONWEALTH OF PUERTO RICO ET AL.

v

SHELL OIL COMPANY, ET AL.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

CITGO International P.R.
Registered Agent
CT Corp System
206 Tetuan Street
San Juan, PR  00936

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

_____
CLERK

_____
(By) DEPUTY CLERK

DATE

AO 44^ (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | OCT. 9, 2007 |

| | TITLE |
|---|---|
| NAME OF SERVER (PRINT) Roberto Díaz | Process Server |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: c/o Jeanette Torres Representative CT Corp. System 361 San Francisco St. San Juan PR. 00901

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 10/10/07
         Date

Signature of Server

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 30328
1-800-446-8784

Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:  07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron Puerto Rico, LLC
Road 28 Pueblo Viejo Ward
Guaynabo, PR  00966

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK                                              DATE

(By) DEPUTY CLERK

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE *Oct 9, 2007* |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* *Roberto Diaz* | TITLE *Process Server* |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: *c/o Evelyn Nieves*
*Administrative Assistant*
*Texaco Office Plaza Building*
*Metro Office Park Suite 400*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  *10/10/07*       *[signature]*
_____            _____
Date                        *Signature of Server*

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
_____
*Address of Server*   ATLANTA, GA  30328
1-800-446-8784

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

%AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

v.

SHELL OIL COMPANY, ET AL.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Shell Chemical Yabucoa, Inc.
Secretary of State
Department of State
San Juan, PR  00902

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE Oct. 9, 2007 |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) Roberto Diaz | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: c/o Carmen Hernandez
Department of State    Sec. to Director of Corporation Div
San Juan, PR 00902

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 10/10/07
_____
Date

_____
Signature of Server

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 36328
1-800-446-8784

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

### SUMMONS IN A CIVIL ACTION

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

    Total Oil, Inc.
    Registered Agent
    CT Corporation Systems
    361 San Francisco Street, Penthouse
    Old San Juan, PR  00901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Orlando H. Martinez, Esquire
    Orlando H. Martinez Law Offices
    Centro de Seguros, Suite 413
    701 Ponce de Leon Avenue
    San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK                                          DATE

_____
(By) DEPUTY CLERK

AO 440  (Rev. 8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE  Oct. 9, 2007 |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT)  Roberto Diaz | TITLE  Process Server |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant.  Place where served:  c/o Jeannette Torres Representative

CT Corporation Systems
361 San Francisco St. San Juan, PR. 00901

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL  $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date

Signature of Server

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
Address of Server    ATLANTA, GA 30328
1-800-446-8784

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

O 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

    Chevron International Oil Company, Inc.
    Registered Agent
    Prentice Hall Corporation Systems of PR
    %Wood, Once Comptroller
    Plaza 6th Floor
    Hato Rey, PR  00916

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Orlando H. Martinez, Esquire
    Orlando H. Martinez Law Offices
    Centro de Seguros, Suite 413
    701 Ponce de Leon Avenue
    San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

    JOSE A. LEBRON-ALBINO
    DEPUTY CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE *Oct. 17, 2007* |
| NAME OF SERVER *(PRINT)* *Roberto Díaz* | TITLE *Process Server* |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☑ Other (specify): *Copies were left at the law firm of Fiddler Gonzalez and Rodriguez, at BBVA Tower, 254 Munoz Rivera Ave. Hato Rey, PR 00918*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
              Date                    *Signature of Server*

                    *PO Box 8236 Bayamon, PR 00960*
                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court
## District of Puerto Rico

**COMMONWEALTH OF PUERTO RICO**
v.

**SHELL OIL COMPANY, ET AL**

**SUMMONS IN A CILIL ACTION**
**Case Number 07-1505 (ccc}**

I, **Roberto Diaz,** being duly sworn deposes, that I am a competent person more then 18 years of age or older and not as party to this action. That I received the documents stated below on <u>October 8, 2007</u> instructing for same to be delivered upon the following defendants. I served the summons's and complaints as described below.

Total Oil, Inc. Served October 9, 2007 on registered agent Jeannette Torres , CT Corporation System, at 361 San Francisco Street, Old San Juan, PR 00901.

Shell Chemical Yabucoa, Inc., Served on October 9, 2007 on Carmen Hernandez, Secretary of Director of Corporations, at Department of State, San Juan, PR 00901.

Citgo International P.R., Served on October 9, 2007,on registered agent Jeannette Torres, CT Corporation at 361 San Francisco Street, PR 00901.

Chevron Puerto Rico, LLC, Served on October 9, 2007, on Evelyn Nieves, person authorized to receive summons and complaint at Texaco Office Plaza Building, Metro Park, Suite 400, Guaynabo, PR 00968.

Chevron Caribbean, Inc., Served on October 9, 2007, on Evelyn Nieves, person authorized to receive summons and complaint at Texaco Office Plaza Building, Metro Park, Suite 400, Guaynabo, PR 00968.

Texaco Puerto Rico, Inc., Served on October 9, 2007, on Evelyn Nieves, person authorized to receive summons and complaint at Texaco Office Plaza Building, Metro Park, Suite 400, Guaynabo, PR 00968.

Texaco Petroleum, Inc., On October 12, 2007, I received an additional summons and complaint for Texaco Petroleum, Inc., which was served on October 15, 2007, on Evelyn Nieves, person authorized to receive summons and complaint at Texaco Office Plaza Building, Metro Park, Suite 400, Guaynabo, PR 00968.

No one wanted to accept the summons for Prentice Hall Corporation Systems, registered agent for the Chevron International Oil Company. I was directed to different locations and discovered that Prentice Hall is represented by the law firm of Fiddler Gonzalez and Rodriguez, at BBVA Tower, 254 Munoz Rivera Ave., Hato Rey, PR 00918., where after a couple of days I was able to speak with a Sharon Santiago, who informed me that while they represented Prentice Hall, and some Shell Companies, she could not accept the summons because the listed name of the defendant on the summons was not definite. After 3 attempts to have it accepted on October 17, 2007, I left the summons and complaint on the desk of the receptionist Wanda, informing her that my instructions were to leave the summons at the office.

**Roberto Diaz.**

**AFFIDAVIT** 11359

**SUBSCRIBED AND SWORN** to before me this 2nd day of **October 2007,** by the affiant Roberto Diaz, married, property owner and resident of Toa Baja, Puerto Rico, who is personally known to me.

**NOTARY PUBLIC** in and for the Commonwealth of Puerto Rico
My Commission is AD Vitam

ROBERTO OTILIO MALDONADO NIEVES<br>ABOGADO-NOTARIO<br>ROMN

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

v

SHELL OIL COMPANY, ET AL.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Texaco Petroleum, Inc.
Registerd Agent
Claude P. Moreau
2000 Westchester Avenue
White Plain, NY  10650

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT – 4 2007

CLERK                                          DATE

_Joan A. Lebron Albino_

(By) DEPUTY CLERK

8/01) Summons

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | *Oct. 15, 2007* |
| NAME OF SERVER *(PRINT)*  *Roberto Diaz* | TITLE  *Process Server* |

COMMONWEA

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served:   *c/o Evelyn Nieve*
   *Texaco Office Plaza Building*   *Administrative Assistant*
   *Metro Office Park   Suite 400*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
   discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                    Date                          *Signature of Server*

                                        MLQ ATTORNEY SERVICES
                                        2000 RIVEREDGE PARKWAY NW
                                        SUITE 885
              *Address of Server*        ATLANTA, GA  30328
                                        1-800-446-8784

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

_____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron Caribbean, Inc.
Registered Agent
Texaco Plaza Building, Suite 400
Metro Office Park
Guaynabo, PR  00968

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

DATE

(By) DEPUTY CLERK

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE *Oct. 9, 2007* |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)*   Roberto Diaz | TITLE *Process Server* |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: *c/o Evelyn Nievis Administrate Assistant. Texaco Office Plaza Building Metro Office Park Suite 400 Guaynabo, PR 00968*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  *10/10/07*
Date

*Signature of Server*

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA  30328
1-800-446-8784

*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Texaco Puerto Rico, Inc.
Registered Agent
Paul rivera
Metro Office Park
Texaco Office Plaza Bldg., Suite 400
Guaynabo, PR  00968

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

|  | DATE *Oct. 9, 2007* |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) *Roberto Diaz* | TITLE *Process Server* |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: *c/o Evelyn Nieves Administrative Assistant* *Texaco Plaza Building Suite 400 Metro Office Park Guaynabo, PR. 00968*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on *10/10/07*
　　　　　　　Date

　　　　　　　*Signature of Server*

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 30328
1-800-446-8784

*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO AND
COMMONWEALTH OF PUERTO RICO
THROUGH THE ENVIRONMENTAL
QUALITY BOARD.

     Plaintiff,

       V.

SHELL OIL COMPANY; ET AL.

     Defendants

CIVIL No. 07-1505 (CCC)

RE:

PLAINTIFF DEMANDS TRIAL BY JURY

**MOTION ASSUMING LEGAL REPRESENTATION AND REQUESTING
EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD**

TO THE HONORABLE COURT:

COMES NOW Defendant, Total Petroleum Puerto Rico Corporation ("TPPR"), through the undersigned attorney and very respectfully states and prays as follows:

1.   Plaintiff has filed a 48 page 169 paragraph complaint against TPPR and other defendants which claims environmental damages as a result of an alleged contamination of the waters of the Commonwealth of Puerto Rico due to the use of a gasoline additive known as methyl tertiary butyl, also known as "MTBE".

2.   The relevant facts that gave place to the aforementioned complaint span over a significant period of time.

3.   Accordingly, TPPR will need approximately thirty (30)

1

days to gather all relevant information and documents related to this matter and to prepare to defend itself from the complaint filed and to file its answer to the complaint or otherwise plead.

3.    TPPR respectfully submits that the extension of time herein requested will not cause prejudice to the parties nor to the effective and timely resolution of the present case.

4.    This extension is requested in an attempt to present a complete and adequate responsive position on behalf of TPPR and to allow said party to conclude an investigation of the related facts and applicable law, which will result in a more expeditious resolution of the present case.

WHEREFORE, it is hereby respectfully requested that this Honorable Court grant TPPR a thirty (30) day extension of time or until November 28, 2007 to file its answer to the complaint or any other responsive pleading.

Respectfully submitted.

In San Juan, Puerto Rico, this 29th day of October of 2007.

2

I hereby certify that a true and exact copy of this motion has been sent by the electronic filing system to all attorneys who have filed appearances in this case.

**CARRION & SEPULVADO LAW OFFICES**
Attorneys for
Total Petroleum
Puerto Rico Corporation
Citibank Tower
Suite 1202
252 Ponce de Leon Avenue
Hato Rey, P.R. 00918
Phones 787.765.5656
787.765.4949
Fax 787.294.0073

S\ Lee Sepulvado Ramos
Lee Sepulvado Ramos
USDC-PR No. 211912
lsepulvado@cslawpr.com

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO
AND COMMONWEALTH OF PUERTO
RICO THROUGH THE ENVIRONMENTAL
QUALITY BOARD

Plaintiffs,

v.

SHELL OIL COMPANY, ET. AL.

Defendants.

CIVIL NO. 07-1505 (CCC)

## MOTION FOR EXTENSION OF TIME TO
## ANSWER FIRST AMENDED COMPLAINT

TO THE CLERK OF THE COURT:

**COME NOW** co-defendants, Shell Oil Company, Shell Chemical Yabucoa, Inc., Shell Trading(US) Company, ESSO Standard Oil Company (Puerto Rico), ExxonMobil Corporation, Chevron Corporation, Chevron Caribbean, Inc., Chevron Estrella Puerto Rico, Inc., Chevron International Oil Company, Inc., Chevron USA, Inc., Chevron Puerto Rico LLC., CITGO Refining and Chemicals Company, L.P., CITGO International Puerto Rico Company, CITGO Petroleum Corporation, ConocoPhillips Company, Equilon Enterprises, LLC, Hess Oil Virgin Islands Corporation, Hovensa LLC, Lyondell Chemical Company, Motiva Enterprises, LLC, Sunoco, Inc., Sunoco, Inc. (R&M), Texaco Puerto Rico, Inc., Texaco Petroleum, Inc., and Texaco Refining and Marketing, Inc.,(hereinafter collectively referred to as "Defendants"), through the undersigned attorneys and for the sole and only purpose of requesting the present extension, without submitting themselves to the Court's jurisdiction, and very respectfully state, allege and pray as follows:

1

1. On October 4, 2007, the Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board ("Commonwealth") filed the captioned First Amended Complaint.

2. The Commonwealth has executed service of process upon some of the defendants. The term afforded to most of the Defendants to file the Answer to the First Amended Complaint expires on October 29, 2007.

3. Defendants are currently investigating the factual allegations in the First Amended Complaint in order to answer the same or otherwise plead. To conclude this investigation, Defendants require, and respectfully request from the Clerk of this Honorable Court an additional thirty (30) days, up to and including November 28, 2007, to answer or otherwise plead.

WHEREFORE, pursuant to L. Civ. R. 6, Defendants respectfully request that the Clerk of the Court grant Defendants an extension of thirty (30) days, up to and including November 28, 2007, to answer or otherwise plead.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 29TH day of October, 2007.

I hereby certify that on this same date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

Gordon C. Rhea, Esq. (grhea@rpwb.com)

John K. Dema, Esq. (jdema@lojkd.com)

Orlando H. Martínez-Echevarría, Esq. (omartinez@martinezlaw.org)

2

**McCONNELL VALDES, LLC**
Attorneys for
SHELL OIL COMPANY,
SHELL CHEMICAL YABUCOA, INC.,
SHELL TRADING(US) COMPANY, EQUILON
ENTERPRISES, LLC., MOTIVA ENTERPRISES,
LLC and the remaining Defendants for purposes of the
remedy requested herein
270 Muñoz Rivera Avenue,
9th Floor
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel.: (787) 250-2619/2630
Fax: (787) 759-2792/2782

S/Juan A. Marqués-Díaz
Juan A. Marqués Díaz
USDC-PR No. 211803
jam@mcvpr.com


s/Jan Carlos Rodríguez-Muñoz
Jan Carlos Rodríguez-Muñoz
USDC-PR No. 221704
jcr@mcvpr.com

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMMONWEALTH OF PUERTO RICO AND COMMONWEALTH OF PUERTO RICO THROUGH THE ENVIRONMENTAL QUALITY BOARD.<br><br>　　　Plaintiff,<br><br>　　　V.<br><br>SHELL OIL COMPANY; ET AL.<br><br>　　　Defendants | CIVIL No. 07-1505 (CCC)<br><br>RE:<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**<u>MOTION ASSUMING LEGAL REPRESENTATION AND REQUESTING</u>**
**<u>EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD</u>**

TO THE HONORABLE COURT:

　　　COMES NOW Defendant, Total Oil, Inc., ("Total"), through the undersigned attorney and very respectfully states and prays as follows:

　　　1.　Plaintiff has filed a 48 page 169 paragraph complaint against Total and other defendants which claims environmental damages as a result of an alleged contamination of the waters of the Commonwealth of Puerto Rico due to the use of a gasoline additive known as methyl tertiary butyl, also known as "MTBE".

　　　2.　The relevant facts that gave place to the aforementioned complaint span over a significant period of time.

　　　3.　Accordingly, Total will need approximately thirty (30)

1

days to gather all relevant information and documents related to this matter and to prepare to defend itself from the complaint filed and to file its answer to the complaint or otherwise plead.

3.   Total respectfully submits that the extension of time herein requested will not cause prejudice to the parties nor to the effective and timely resolution of the present case.

4.   This extension is requested in an attempt to present a complete and adequate responsive position on behalf of Total and to allow said party to conclude an investigation of the related facts and applicable law, which will result in a more expeditious resolution of the present case.

WHEREFORE, it is hereby respectfully requested that this Honorable Court grant Total a thirty (30) day extension of time or until November 29, 2007 to file its answer to the complaint or any other responsive pleading.

Respectfully submitted.

In San Juan, Puerto Rico, this 30th day of October of 2007.

I hereby certify that a true and exact copy of this motion has been sent by the electronic filing system to all attorneys who have filed appearances in this case.

**CARRION & SEPULVADO LAW OFFICES**
Attorneys for
Total Oil, Inc.
Citibank Tower
Suite 1202
252 Ponce de Leon Avenue
Hato Rey, P.R. 00918
Phones 787.765.5656
787.765.4949
Fax 787.294.0073

S\ Lee Sepulvado Ramos
Lee Sepulvado Ramos
USDC-PR No. 211912
lsepulvado@cslawpr.com

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMMONWEALTH OF PUERTO RICO AND COMMONWEALTH OF PUERTO RICO THROUGH THE ENVIRONMENTAL QUALITY BOARD | CIVIL NO. 07-1505 (CCC) |
| Plaintiffs, | |
| v. | |
| SHELL OIL COMPANY, ET. AL. | |
| Defendants. | |

## MOTION SUBMITTING STIPULATION

TO THE HONORABLE COURT:

**COME NOW** co-defendants, Shell Oil Company, Shell Chemical Yabucoa, Inc., Shell Trading (US) Company, Equilon Enterprises, and Motiva Enterprises, LLC, (hereinafter collectively referred to as "Defendants"), through the undersigned attorneys, without submitting themselves to the Court's jurisdiction, and very respectfully state, allege and pray as follows:

1.    The Honorable Shira A. Scheindlin has been assigned by the Judicial Panel for Multi District Litigation ("JPML") to handle certain MTBE related actions which involve the majority of the defendants in the instant action.  *In Re: Methyl Tertiary Butyl Ether ("MTBE") Litigation,* Master File No. 1:00-1898, MDL 1358 (hereinafter "MDL 1358").

2.  The Commonwealth of Puerto Rico and the Commonwealth of Puerto Rico through the Environmental Quality Board, through their counsel Gordon C. Rhea, Esq., and co-defendants ESSO Standard Oil Company (Puerto Rico), ExxonMobil Corporation, Chevron Corporation,

1

Chevron Caribbean, Inc., Chevron Estrella Puerto Rico, Inc., Chevron International Oil Company, Inc., Chevron USA, Inc., Chevron Puerto Rico LLC., CITGO Refining and Chemicals Company, L.P., CITGO International Puerto Rico Company, CITGO Petroleum Corporation, ConocoPhillips Company,  Hess Oil Virgin Islands Corporation, Hovensa LLC, Lyondell Chemical Company, Sunoco, Inc., Sunoco, Inc. (R&M), Texaco Puerto Rico, Inc., Texaco Petroleum, Inc., and Texaco Refining and Marketing, Inc., through Peter John Sacripanti, Esq.,[1] have authorized the undersigned to file the attached *Stipulation Regarding Stay* . See, Exhibit 1.

WHEREFORE, it is respectfully requested that this Honorable Court take notice of the above for all legal purposes and issue an order pursuant to the attached *Stipulation Regarding Stay*.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 1st day of November, 2007.

I hereby certify that on this same date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

Gordon C. Rhea, Esq. (grhea@rpwb.com)

John K. Dema, Esq. (jdema@lojkd.com)

Orlando H. Martínez-Echevarría, Esq. (omartinez@martinezlaw.org)

Lee Sepulvado Ramos (lee_sepulvado@yahoo.com)

Juan A. Marqués Díaz (jam@mcvpr.com)

---

[1] Peter John Sacripanti's appearance in the *Stipulation Regarding Stay* is as stated in the signature block of such document.

**McCONNELL VALDES, LLC**
Attorneys for
SHELL OIL COMPANY,
SHELL CHEMICAL YABUCOA, INC.,
SHELL TRADING(US) COMPANY,
EQUILON ENTERPRISES, LLC.,
MOTIVA ENTERPRISES, LLC
270 Muñoz Rivera Avenue,
9th Floor
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel.: (787) 250-2619/2630
Fax: (787) 759-2792/2782

s/Juan A. Marqués-Díaz
Juan A. Marqués Díaz
USDC-PR No. 211803
jam@mcvpr.com


s/Jan Carlos Rodríguez-Muñoz
Jan Carlos Rodríguez-Muñoz
USDC-PR No. 221704
jcr@mcvpr.com

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO, et al.,   )
                                  )
               Plaintiffs,      )        District Court
                                  )
     v.                            )        Case No. 07-1505 (ccc)
                                  )
SHELL OIL COMPANY, et al.           )
                                  )
              Defendants.    )
-------------------------------------------------------- )

## STIPULATION REGARDING STAY

WHEREAS, a conference was held before the Honorable Shira A. Scheindlin on December 19, 2003, and the parties present stipulated on the record, *inter alia*, that MTBE-related actions (such as the instant action) should be stayed and transferred to Judge Scheindlin, sitting in her capacity as the assigned judge for *In Re: Methyl Tertiary Butyl Ether ("MTBE") Litigation,* Master File No. 1:00-1898, MDL 1358 (hereinafter *"MDL No. 1358"*); that counsel would not oppose the issuance of a conditional transfer order by the Judicial Panel for Multidistrict Litigation (subject to and without waiving plaintiff's objections to federal jurisdiction and any defendant's objections to personal jurisdiction); and that all motions for remand which were pending before Judge Scheindlin would then be heard by Judge Scheindlin on an expedited briefing schedule;

WHEREAS, in an Order dated December 23, 2003, Judge Scheindlin, sitting in her capacity as the assigned judge for *MDL No. 1358*, indicated that "all proceedings in the cases set forth in the attached Schedule should be stayed pending transfer to this Court sitting in its capacity as the *MDL No. 1358* court," and set an expedited briefing schedule. *Order* (December 23, 2003) (copy attached hereto as Exhibit 1, with Schedule attached);

WHEREAS, over one hundred MTBE related cases have been transferred to MDL No. 1358 and Judge Scheindlin has issued opinions related to federal jurisdiction over the MTBE cases pending in MDL No. 1358, including *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 342 F.Supp.2d 147(S.D.N.Y. March 16, 2004); *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 341 F.Supp.2d 351 (S.D.N.Y. July 13, 2004); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,* 341 F.Supp.2d 386 (S.D.N.Y. Sept. 3, 2004); *In re MTBE Products Liability Litigat*ion, 364 F.Supp.2d 329 (S.D.N.Y. Nov. 4, 2004); *In re MTBE Products Liability Litigation,* 2005 U.S. Dist. LEXIS 20296 (S.D.N.Y. Sept. 16, 2005); and

WHEREAS Defendant Exxon Mobil Corporation has filed a Notice of Relatedness with the Judicial Panel for Multidistrict Litigation ("JPML") on October 26, 2007; and counsel for Plaintiffs and Defendants are in agreement that it is more efficient for this case to be stayed until a JPML decision is made regarding whether this case should be transferred to MDL 1358; it is hereby

STIPULATED THAT, this action shall be stayed for thirty (30) days following a decision by the JPML as to whether this case should be transferred to the Honorable Shira A. Scheindlin in her capacity as the assigned judge for *MDL No. 1358*. Accordingly, during the pendency of this stay no Defendant is obligated to file any pleading in response to the Complaint. Provided, however, there is an express exception to the stay for Plaintiff to file ministerial papers such as those relating to service of process. Further provided no Defendant shall waive any affirmative defenses or objections, including personal jurisdiction defenses, by entering into this stipulation.

\*

\*

2

Dated: October 29, 2007

FOR PLAINTIFFS

/s/ Gordon C. Rhea
Orlando H. Martinez, Esq.
ORLANDO H. MARTINEZ LAW
OFFICES
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, Puerto Rico 00907


John K. Dema, Esq.
LAW OFFICES OF JOHN K. DEMA, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands 00820-5008


Gordon C. Rhea, Esq.
RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, L.L.C.
1037 Chuck Dawley Boulevard, Bldg. A
Mt. Pleasant, South Carolina 29465


Roberto Sanchez Ramos, Esq.
Secretary of Justice
Commonwealth of Puerto Rico


*Counsel for Commonwealth of Puerto Rico
and Commonwealth of Puerto Rico through
the Environmental Quality Board*

FOR DEFENDANTS

Peter John Sacripanti
James A. Pardo
Stephen J. Riccardulli
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173
212-547-5400
212-547-5444 (Facsimile)

*Counsel for Defendants ESSO Standard Oil
Company (Puerto Rico), ExxonMobil Chemical
Company, ExxonMobil Corporation,
ExxonMobil Oil Corporation and Mobil
Corporation and as authorized by and on
behalf of the following Defendants:*

Chevron Corporation
Chevron Carribean, Inc.
Chevron Estrella Puerto Rico, Inc.
Chevron International Oil Company, Inc.
Chevron USA, Inc.
Chevron Puerto Rico, LLC
CITGO Refining and Chemicals Company L.P.
CITGO International Puerto Rico Company
CITGO Petroleum Corporation
ConocoPhillips Company
Equilon Enterprises, LLC
Hess Oil Virgin Islands Corporation
Hovensa LLC
Lyondell Chemical Company
Motiva Enterprises, LLC
Shell Oil Company
Shell Chemical Yabucoa, Inc.
Shell Trading (US) Company
Sunoco, Inc.
Sunoco, Inc. (R&M)
Texaco Puerto Rico, Inc.
Texaco Petroleum, Inc.

3

Texaco Refining and Marketing, Inc.

SO ORDERED:

_____

Dated: _____
NYK 1128608-1.037771.0188

EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**ORDER**
Master File C.A. No.
1:00-1898(SAS)
MDL 1358

---

This document refers to:

*County of Nassau v. Amerada Hess Corp., et al.,* No. 03-cv-9543
*Water Authority of Western Nassau County v. Amerada Hess Corp, et al.,* No. 03-cv-9544
*Incorporated Village of Mineola, et al. v. AGIP Inc., et al.,* No. 03-cv-10051
*West Hempstead Water District v. AGIP Inc., et al.,* No. 03-cv-10052
*Carle Place Water District v. AGIP Inc., et al.,* No. 03-cv-10053
*Town of Southampton v. AGIP Inc., et al.,* No. 03-cv-10054
*Village of Hempstead v. AGIP Inc., et al.,* No. 03-cv-10055
*Town of East Hampton v. AGIP Inc., et al.,* No. 03-cv-10056
*Westbury Water District v. AGIP Inc., et al.,* No. 03-cv-10057

---

The Court, upon hearing counsel for plaintiffs and certain defendants at a conference in the above-referenced cases in response to defendants' motions to stay proceedings in these cases and plaintiffs' motions for their remand, and upon stipulations there agreed to on the record by the parties present, finds, in the above-captioned proceeding, that it is appropriate for the issues presented by these motions in these and all similar removed actions, wherever filed, to be heard and decided by this Court.

Accordingly, all proceedings in the cases set forth in the attached Schedule should be stayed pending transfer to this Court sitting in its capacity as the MDL No. 1358 court. This Court respectfully requests that all courts to which the scheduled cases have been removed GRANT ALL MOTIONS TO STAY those cases pending transfer to MDL No. 1358.

The parties have agreed to the following consolidated briefing schedule, which is hereby So Ordered: defendants' opposition to plaintiffs' motion to remand shall be served and filed by January 16, 2004, and plaintiffs' reply in further support of the motion to remand shall be served and filed by January 27, 2004. Defendants' motion to stay in the above-referenced cases is DENIED because this Court will consider and decide the consolidated motion to remand forthwith.

Dated: December 23, 2003

Honorable Shira A. Scheindlin
United States District Judge

## SCHEDULE

| State | Short Case Name | Date Removed | Court/Index No. | Assigned Judge |
|---|---|---|---|---|
| CA | *California-American Water Co. v. Unocal Corp., et al.* | 11/26/03 | N.D. Cal.<br>C 03-5379 JSW | Jeffrey S. White |
| CA | *City of Fresno v. Chevron U.S.A. Inc., et al.* | 11/26/03 | N.D. Cal.<br>C 03-5378 JSW | Jeffrey S. White |
| CA | *City of Riverside v. Atlantic Richfield Co., et al.* | 12/12/03 | C.D. Cal.<br>EDCV03-1460 RT SGLx | Robert J. Timlin |
| CA | *City of Roseville v. Atlantic Richfield Company, et al.* | Not yet removed | | |
| CA | *Orange County Water District v. Unocal Corp., et al. (Amended)* | 12/05/03 | C.D. Cal.<br>SACV03-1742 JVS (ANx) | James V. Selna |
| CA | *People v. Unocal Corp., et al.* | 12/10/03 | E.D. Cal.<br>CIV.S-03-2653 GEB DAD | Garland E. Burrell, Jr. |
| CA | *Quincy Community Services District v. Atlantic Richfield Co., et al.* | 12/17/03 | E.D. Cal.<br>CIV S-03-2582 WBS DAD | Hon. William B. Shubb |
| CA | *Silver, et al. v. Alon USA Energy, Inc., et al.* | 12/03/03 | S.D. Cal.<br>03 CV 2408 WQH (RBB) | William Q. Hayes |
| CT | *American Distilling & Mfg. Co., Inc. v. Amerada Hess Corp., et al.* | 11/10/03 | D. Conn.<br>3:03-CV-1926 | Hon. Stefan R. Underhill |
| CT | *Canton Bd. of Education v. Amerada Hess, et al* | 11/10/03 | D. Conn<br>3:03-CV-1921 | Hon. Stefan R. Underhill |
| CT | *Childhood Memories v. Amerada Hess, et al.* | 11/10/03 | D. Conn.<br>3:03-CV-1924 | Hon. Alvin W. Thompson |
| CT | *Columbia Bd. of Education v. Amerada Hess, et al.* | 11/10/03 | D. Conn.<br>3:03-CV-1923 | Hon. Stefan R. Underhill |
| CT | *Our Lady of Rosary Chapel v. Amerada Hess Corp., et al.* | 11/10/03 | D. Conn<br>3:03-CV-1925 | Hon. Stefan R. Underhill |
| CT | *Town of East Hampton v. Amerada Hess Corp., et al.* | 11/10/03 | D. Conn.<br>3:03-CV-1927 | Hon. Stefan R. Underhill |
| CT | *United Water Connecticut, Inc. v. Amerada Hess Corp., et al.* | 11/10/03 | D. Conn. | Hon. Stefan R. Underhill |

| State | Short Case Name | Date Removed | Court/Index No. | Assigned Judge |
|---|---|---|---|---|
| | | | 3:03-CV-2017 | |
| FL | *Escambia County Utilities Auth. v. Adcock Petroleum, Inc., et al.* | 11/25/03 | N.D. Fla. (Pensacola) 3:03-CV-539 | Hon. L.A. Collier Hon. M. Davis, U.S.M.J. |
| IA | *City of Galva, Ida Grove & Sioux City v. Amerada Hess Corp., et al.* | 11/24/03 | S.D. Iowa 4:03-CV-90663 | Hon. Robert W. Pratt |
| IL | *City of Crystal Lake v. Amerada Hess Corp.* | 12/12/03 | N.D. Ill. (Eastern Div.) 03-CV-8973 | Hon. George W. Lindberg |
| IN | *City of Mishawaka v. Amerada Hess Corporation, et al.* | 12/12/03 | N.D. Ind. (South Bend) 3:03-CV-904 | Hon. Robert Miller, Jr. |
| IN | *City of Rockport v. Amerada Hess Corp., et al.* | 11/21/03 | S.D. Ind. (Evansville) 3:03-CV-201 | Hon. Richard L. Young Hon. William G. Hussmann, Jr., U.S.M.J. |
| IN | *North Newton School Corporation v. Amerada Hess Corporation, e t al.* | 12/12/03 | N.D. Ind. (Lafayette) 4:03-CV-013 | Hon. Allen Sharp |
| IN | *City of South Bend v. Amerada Hess Corporation, et al.* | 12/12/03 | N.D. Ind. (South Bend) 3:03-CV-905 | Hon. Allen Sharp |
| KS | *Chisholm Creek Utility Auth. v. Alon USA Energy, Inc., et al* | 12/15/03 | D. Kan. 03-CV-1457 | Hon. Wesley E. Brown |
| KS | *City of Bel Aire v. Alon USA Energy, Inc., et al.* | 12/15/03 | D. Kan. 03-CV-1458 | Hon. Wesley E. Brown |
| KS | *City of Dodge City v. Alon USA Energy, Inc., et al* | 12/15/03 | D. Kan. 03-CV-1456 | Hon. Monti L. Belot |
| KS | *City of Park City v. Alon USA Energy, Inc* | 12/15/03 | D. Kan. 03-CV-1455 | Hon. Thomas J. Marten |
| MA | *Brimfield Housing Auth. v. Amerada Hess Corp., et al.* | 11/26/03 | D. Mass. 03-CV-12399 | Hon. Richard G. Stearns |
| NH | *City of Dover v. Amerada Hess Corporation, et al.* | Not yet removed | | |

| State | Short Case Name | Date Removed | Court / Index No. | Assigned Judge |
|---|---|---|---|---|
| NH | *City of Portsmouth v. Amerada Hess Corporation, et al.* | Not yet removed | | |
| NH | *State of New Hampshire v. Amerada Hess Corp., et al.* | 09/30/03 | D.R.I. 03-CV-529 | Hon. Ronald R. Lagueux |
| | | | | |
| NJ | *NJ American Water Co., Inc. v. Amerada Hess Corp., et al.* | 11/24/03 | D.N.J. 03-CV-5562 | Hon. William G. Bassler |
| | | | | |
| NY | *Carle Place Water District v. AGIP Inc., et al.* | 12/18/03 | S.D.N.Y. 03-cv-10053 | Hon. Shira A. Scheindlin |
| NY | *County of Nassau v. Amerada Hess Corp., et al.* | 12/02/03 | S.D.N.Y. 03-CV-9543 | Hon. Shira A. Scheindlin |
| NY | *Long Island Water Corp. v. Amerada Hess, et al.* | 12/04/03 | E.D.N.Y. 03-CV-6125 | Hon. Arthur D. Spatt Hon. Michael L. Orenstein, U.S.M.J. |
| NY | *Town of East Hampton v. AGIP Inc., et al.* | 12/18/03 | S.D.N.Y. 03-cv-10056 | Hon. Shira A. Scheindlin |
| NY | *Town of Southampton v. AGIP Inc, et al.* | 12/18/03 | S.D.N.Y. 03-cv-10054 | Hon. Shira A. Scheindlin |
| NY | *Village of Mineola; Water Dept. of Village of Mineola v. AGIP Inc., et al.* | 12/18/03 | S.D.N.Y. 03-cv-10051 | Hon. Shira A. Scheindlin |
| NY | *Water Authority of Great Neck North v. Amerada Hess Corp., et al.* | 10/28/03 | E.D.N.Y. 03-CV-6077 | Hon. Arthur D. Spatt Hon. Michael L. Orenstein, U.S.M.J. |
| NY | *Water Authority of Western Nassau County v. Amerada Hess, et al.* | 10/01/03 | S.D.N.Y. 03-CV-9544 | Hon. Shira A. Scheindlin |
| NY | *Westbury Water District v. AGIP Inc., et al.* | 12/18/03 | S.D.N.Y. 03-cv-10057 | Hon. Shira A. Scheindlin |
| NY | *West Hempstead Water District v. AGIP Inc., et al.* | 12/18/03 | S.D.N.Y. 03-cv-10052 | Hon. Shira A. Scheindlin |
| NY | *Village of Hempstead v. AGIP Inc., et al.* | 12/18/03 | S.D.N.Y. 03-cv-10055 | Hon. Shira A. Scheindlin |
| | | | | |
| PA | *Pennsylvania Suburban Water Co. v. Sunoco, Inc.* | Not yet removed | | |
| | | | | |

| State | Short Case Name | Date Reimoved | Court / Index No. | Assigned Judge |
|-------|-----------------|---------------|-------------------|----------------|
| VA | Buchanan County School Board v. Amerada Hess Corporation | Not yet removed | | |
| VA | Greensville Co. Water & Sewer Authority v. Amerada Hess Corporation | Not yet removed | | |
| VA | Patrick County Sch. Board v. Amerada Hess Corp., et al. | Not yet removed | | |
| VT | Town of Hartland, County of Windsor, Vermont Water System v. Amerada Hess Corp., et al. | 12/11/03 | D. Vt. 2:03-CV-337 | Hon. William K. Sessions, III |

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Hess Oil Virgin Islands Corporation
1185 Avenue of the Americas
New York, NY 10036-2601

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 5 2007

CLERK

SARAH V. RAMON                    DATE

DEPUTY CLERK

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
-------------------------------------------------------X
COMMONWEALTH OF PUERTO RICO,        Case No. O7-CV-1505 (CCC)
ET AL.,

                              Plaintiff(s),
        -against-
                                              **AFFIDAVIT OF**
SHELL OIL COMPANY, ET AL.,                    **ATTEMPTED SERVICE**

                              Defendant(s).
-------------------------------------------------------X
STATE OF NEW YORK      )
                                          :
COUNTY OF NEW YORK  )

        JASON AGEE, being duly sworn, deposes and says that he is an agent of
MLQ ATTORNEY SERVICES, INC., is a citizen of the United States, is over
the age of eighteen years and is not a party to the action.
        That on the 9th day of October, 2007, at approximately 1:40 p.m.,
deponent attempted to serve a true copy of the **Summons and First Amended**
**Complaint (with the Complaint as an Exhibit)** upon Hess Oil Virgin Islands
Corporation c/o Hess Oil at 1185 Avenue of the Americas, New York, New York
10036. I spoke to a member of the Legal Department for Hess Oil who said that
they cannot accept service on behalf of this defendant.

Sworn to before me this
18th day of October, 2007                    JASON AGEE #1196790

MICHAEL J. KEATING
NOTARY PUBLIC, STATE OF NEW YORK
Reg. No. 01-KE-4851559
Qualified in New York County
Commission expires February 3, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMMONWEALTH OF PUERTO RICO and COMMONWEALTH OF PUERTO RICO through the ENVIRONMENTAL QUALITY BOARD | |
| Plaintiff | |
| vs | CIVIL 07-1505CCC |
| SHELL OIL COMPANY;<br>SHELL COMPANY PUERTO RICO LTD.<br>SHELL CHEMICAL YABUCOA, INC.<br>SHELL TRADING (US) COMPANY<br>MOTIVA ENTERPRISES, LLC<br>EQUILON ENTERPRISES, LLC<br>CHEVRON CORPORATION<br>CHEVRON U.S.A., INC.<br>CHEVRON PUERTO RICO, LLC<br>TEXACO PUERTO RICO, INC.<br>CHEVRON PHILLIPS<br>CHEMICAL PUERTO RICO CORE, INC.<br>TEXACO PETROLEUM, INC.<br>CHEVRON INTERNATIONAL OIL COMPANY, INC.<br>TEXACO REFINING AND MARKETING, INC.<br>CHEVRON CARIBBEAN, INC.<br>CHEVRON ESTRELLA PUERTO RICO, INC.<br>ESSO STANDARD OIL COMPANY (PUERTO RICO)<br>EXXONMOBIL CORPORATION<br>HOVENSA L.L.C.<br>HESS OIL VIRGIN ISLANDS CORPORATION<br>SUNOCO, INC.<br>SUNOCO, INC. ( R & M)<br>PUERTO RICO SUN OIL COMPANY, LLC<br>CONOCOPHILLIPS COMPANY<br>CITGO INTERNATIONAL PR.<br>CITGO PETROLEUM CORPORATION<br>TOTAL PETROLEUM PUERTO RICO CORPORATION<br>TOTAL OIL INC.<br>LYONDELL CHEMICAL COMPANY<br>and DOES 1-99 | |
| Defendants | |

CIVIL 07-1505CCC                              2

# O R D E R

Having considered the Motion Submitting Stipulation (**docket entry 35**) filed on November 1, 2007 and exhibit 1 attached thereto (stipulation regarding stay), the same is GRANTED as to the following co-defendants:

Chevron Corporation
Chevron Caribbean, Inc.
Chevron Estrella Puerto Rico, Inc.
Chevron International Oil Company, Inc.
Chevron USA, Inc.
Chevron Puerto Rico, LLC
CITGO Refining and Chemicals Company L.P.
CITGO International Puerto Rico Company
CITGO Petroleum Corporation
Conoco Phillips Company
Equilon Enterprises, LLC
Hess Oil Virgin Islands Corporation
Hovensa LLC
Lyondell Chemical Company
Motiva Enterprises, LLC
Shell Oil Company
Shell Chemical Yabucoa, Inc.
Shell Trading (US) Company
Sunoco, Inc.
Sunoco, Inc. (R & M)
Texaco Puerto Rico, Inc.
Texaco Petroleum, Inc.
Texaco Refining and Marketing, Inc.

Accordingly, the present action is STAYED until the Judicial Panel for Multi District Litigation (JPML) reaches a decision regarding whether this case should be transferred to MDL 1358 and continued transferred for thirty days following a decision by the JPML as to whether this case should be transferred to U.S. District Judge Shira A. Scheindlin in her capacity as the assigned judge for MDL 1358.  During the stay defendants listed above are exempted from filing pleadings in response to the complaint.  The stay does not apply to the filing of ministerial papers such as service of process.

SO ORDERED.  At San Juan, Puerto Rico, on November 5, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMMONWEALTH OF PUERTO RICO and COMMONWEALTH OF PUERTO RICO through the ENVIRONMENTAL QUALITY BOARD | |
| Plaintiff | |
| vs | CIVIL 07-1505CCC |
| SHELL OIL COMPANY; SHELL COMPANY PUERTO RICO LTD. SHELL CHEMICAL YABUCOA, INC. SHELL TRADING (US) COMPANY MOTIVA ENTERPRISES, LLC EQUILON ENTERPRISES, LLC CHEVRON CORPORATION CHEVRON U.S.A., INC. CHEVRON PUERTO RICO, LLC TEXACO PUERTO RICO, INC. CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE, INC. TEXACO PETROLEUM, INC. CHEVRON INTERNATIONAL OIL COMPANY, INC. TEXACO REFINING AND MARKETING, INC. CHEVRON CARIBBEAN, INC. CHEVRON ESTRELLA PUERTO RICO, INC. ESSO STANDARD OIL COMPANY (PUERTO RICO) EXXONMOBIL CORPORATION HOVENSA L.L.C. HESS OIL VIRGIN ISLANDS CORPORATION SUNOCO, INC. SUNOCO, INC. ( R & M) PUERTO RICO SUN OIL COMPANY, LLC CONOCOPHILLIPS COMPANY CITGO INTERNATIONAL PR. CITGO PETROLEUM CORPORATION TOTAL PETROLEUM PUERTO RICO CORPORATION TOTAL OIL INC. LYONDELL CHEMICAL COMPANY and DOES 1-99 | |
| Defendants | |

CIVIL 07-1505CCC                                    2

# AMENDED ORDER

Having considered the Motion Submitting Stipulation (**docket entry 35**) filed on

November 1, 2007 and exhibit 1 attached thereto (stipulation regarding stay), the same is

GRANTED as to the following co-defendants:

ESSO Standard Oil Company (Puerto Rico)
ExxonMobil Chemical Company
ExxonMobil Corporation
ExxonMobil Oil Corporation
Mobil Corporation
Chevron Corporation
Chevron Caribbean, Inc.
Chevron Estrella Puerto Rico, Inc.
Chevron International Oil Company, Inc.
Chevron USA, Inc.
Chevron Puerto Rico, LLC
CITGO Refining and Chemicals Company L.P.
CITGO International Puerto Rico Company
CITGO Petroleum Corporation
Conoco Phillips Company
Equilon Enterprises, LLC
Hess Oil Virgin Islands Corporation
Hovensa LLC
Lyondell Chemical Company
Motiva Enterprises, LLC
Shell Oil Company
Shell Chemical Yabucoa, Inc.
Shell Trading (US) Company
Sunoco, Inc.
Sunoco, Inc. (R & M)
Texaco Puerto Rico, Inc.
Texaco Petroleum, Inc.
Texaco Refining and Marketing, Inc.

Accordingly, the present action is STAYED until the Judicial Panel for Multi District

Litigation (JPML) reaches a decision regarding whether this case should be transferred to

MDL 1358 and continued transferred for thirty days following a decision by the JPML as to

whether this case should be transferred to U.S. District Judge Shira A. Scheindlin in her

CIVIL 07-1505CCC                              3

capacity as the assigned judge for MDL 1358.  During the stay defendants listed above are
exempted from filing pleadings in response to the complaint.  The stay does not apply to the
filing of ministerial papers such as service of process.

SO ORDERED.  At San Juan, Puerto Rico, on November 5, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO )
and COMMONWEALTH OF PUERTO )
RICO through the ENVIRONMENTAL )
QUALITY BOARD, )
                 )
       Plaintiffs, )
                 )
v. )
                 )
SHELL OIL COMPANY; SHELL )
COMPANY PUERTO RICO LTD.; SHELL )      District Court
CHEMICAL YABUCOA, INC.; SHELL )
TRADING (US) COMPANY; MOTIVA )      Case No.07-1505 (ccc)
ENTERPRISES, LLC; EQUILON )
ENTERPRISES, LLC; CHEVRON )
CORPORATION; CHEVRON, U.S.A., INC.; )
CHEVRON PUERTO RICO, LLC; )
TEXACO PUERTO RICO, INC.; )
CHEVRON PHILLIPS; CHEMICAL )
PUERTO RICO CORE, INC.; TEXACO )
PETROLEUM, INC.; CHEVRON )
INTERNATIONAL OIL COMPANY, INC.; )
TEXACO REFINING AND MARKETING, )
INC.; CHEVRON CARIBBEAN, INC.; )
CHEVRON ESTRELLA PUERTO RICO, )
INC.; ESSO STANDARD OIL COMPANY )
(PUERTO RICO); EXXONMOBIL )
CORPORATION; HOVENSA L.L.C.; )
HESS OIL VIRGIN ISLANDS )
CORPORATION; SUNOCO, INC.; )
SUNOCO INC. (R&M); PUERTO RICO )
SUN OIL COMPANY, LLC; )
CONOCOPHILLIPS COMPANY; CITGO )
REFINING AND CHEMICAL COMPANY, )
LP; CITGO INTERNATIONAL P.R.; )
CITGO PETROLEUM CORPORATION; )
TOTAL PETROLEUM PUERTO RICO )
CORPORATION; TOTAL OIL INC.; )
LYONDELL CHEMICAL COMPANY; )
and DOES 1-99; )
                 )
       Defendants. )

## APPLICATION AND ORDER FOR ADMISSION PRO HAC VICE

Comes now, Michael Axline, applicant herein, and respectfully states:

1. Applicant is an attorney and a member of the law firm of Miller, Axline & Sawyer with offices at:

| | |
|---|---|
| Address: | 1050 Fulton Avenue |
| | Sacramento, CA 95825 |
| E-mail: | maxline@toxictorts.org |
| Telephone No.: | 916-488-6688 |
| Fax No.: | 916-488-4288 |

2. Applicant will sign all pleadings with the name Michael Axline.

3. Applicant has been retained personally or as a member of the above-named firm by The Commonwealth of Puerto Rico to provide legal representation in connection with the above-styled matter now pending before the United States District Court for the District of Puerto Rico.

4. Since 2003, applicant has been and presently is a member in good standing with the California Bar, where applicant regularly practices law. Applicant's state bar license number is 229840.

5. Applicant has been admitted to practice before the following courts:

Idaho Bar

Oregon Bar

California Bar

U.S. District Court for the District of Oregon

U.S. District Court for the Eastern District of California

U.S. District Court for the District of Columbia

2

U.S. District Court for the District of Illinois

United States Court of Appeals for the Ninth Circuit

United States Court of Appeals for the Second Circuit

United States Supreme Court

6. Applicant is a member in good standing of the bars of the courts listed in paragraph 5.

7. Applicant is not currently suspended from the practice of law before any court or jurisdiction.

8. Applicant is not currently the subject of any complaint for unethical conduct, disciplinary proceeding or criminal charges before any court or jurisdiction.

9. Applicant has not previously filed for pro hac vice admission in the United States District Court for the District of Puerto Rico.

10. Local Counsel of record associated with applicant in this matter is:

| | |
|---|---|
| Name: | Orlando Martinez |
| USDC-PR Bar No. | 213052 |
| Address: | Centro de Seguros, Suite 413 |
| | 701 Ponce de Leon Avenue |
| | San Juan, Puerto Rico 00907 |
| E-mail: | omartinez@martinezlaw.com |
| Telephone No.: | (787) 722-2378 |
| Fax No.: | (787) 724-0353 |

11. Applicant has read the local rules of the court and will comply with same.

12. Applicant has read Local Rules of the United States District Court for the District of

3

Puerto Rico which provide in part that attorneys appearing pro hac vice must comply with the provisions set forth therein and pay an admission fee of $150.00 per appearance in each new case before the court. Accordingly, payment of the pro hac vice admission fee is attached hereto in the form of a check or money order payable to: "Clerk, U.S. District Court."

WHEREFORE, applicant respectfully requests to be admitted to practice in the United States District Court for the District of Puerto Rico for the above-styled case only.

DATED: October 23⊥, 2007

MICHAEL AXLINE

I HEREBY CERTIFY, pursuant to Local Rule 83.1(f), that I consent to the designation of local counsel of record for all purposes.

DATED: November 7_____, 2007

Orlando Martinez

I HEREBY CERTIFY that I have served a true and correct copy of this document upon each attorney of record and the original upon the Clerk of the Court accompanied by a $150.00 pro hac vice admission fee.

MICHAEL AXLINE

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| COMMONWEALTH OF PUERTO RICO and COMMONWEALTH OF PUERTO RICO through the ENVIRONMENTAL QUALITY BOARD,<br><br>    Plaintiffs,<br><br>v.<br><br>SHELL OIL COMPANY; SHELL COMPANY PUERTO RICO LTD.; SHELL CHEMICAL YABUCOA, INC.; SHELL TRADING (US) COMPANY; MOTIVA ENTREPRISES, LLC; EQUILON ENTERPRISES, LLC; CHEVRON CORPORATION; CHEVRON, U.S.A., INC.; CHEVRON PUERTO RICO, LLC; TEXACO PUERTO RICO, INC.; CHEVRON PHILLIPS; CHEMICAL PUERTO RICO CORE, INC.;  TEXACO PETROLEUM, INC.; CHEVRON INTERNATIONAL OIL COMPANY, INC.; TEXACO REFINING AND MARKETING, INC.; CHEVRON CARIBBEAN, INC.; CHEVRON ESTRELLA PUERTO RICO, INC.; ESSO STANDARD OIL COMPANY (PUERTO RICO); EXXONMOBIL CORPORATION; HOVENSA L.L.C.; HESS OIL VIRGIN ISLANDS CORPORATION; SUNOCO, INC.; SUNOCO INC. (R&M); PUERTO RICO SUN OIL COMPANY, LLC; CONOCOPHILLIPS COMPANY; CITGO REFINING AND CHEMICAL COMPANY, LP; CITGO INTERNATIONAL P.R.; CITGO PETROLEUM CORPORATION; TOTAL PETROLEUM PUERTO RICO CORPORATION; TOTAL OIL INC.; LYONDELL CHEMICAL COMPANY; and DOES 1-99;<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | District Court<br><br>Case No.07-1505 (ccc) |

## APPLICATION AND ORDER FOR ADMISSION PRO HAC VICE

Comes now, Duane C. Miller, applicant herein, and respectfully states:

1. Applicant is an attorney and a member of the law firm of Miller, Axline & Sawyer with offices at:

| | |
|---|---|
| Address: | 1050 Fulton Avenue |
| | Sacramento, CA 95825 |
| E-mail: | dmiller@toxictorts.org |
| Telephone No.: | 916-488-6688 |
| Fax No.: | 916-488-4288 |

2. Applicant will sign all pleadings with the name Duane C. Miller.

3. Applicant has been retained personally or as a member of the above-named firm by The Commonwealth of Puerto Rico to provide legal representation in connection with the above-styled matter now pending before the United States District Court for the District of Puerto Rico.

4. Since 1973, applicant has been and presently is a member in good standing with the California Bar, where applicant regularly practices law. Applicant's state bar license number is 57812.

5. Applicant has been admitted to practice before the following courts:

**U.S. District Court for the Eastern District of California**

**United States Court of Appeals for the Ninth Circuit**

**United States Supreme Court**

6. Applicant is a member in good standing of the bars of the courts listed in paragraph 5.

7. Applicant is not currently suspended from the practice of law before any court or jurisdiction.

2

8. Applicant is not currently the subject of any complaint for unethical conduct, disciplinary proceeding or criminal charges before any court or jurisdiction.

9. Applicant has not previously filed for pro hac vice admission in the United States District Court for the District of Puerto Rico.

10. Local Counsel of record associated with applicant in this matter is:

| | |
|---|---|
| Name: | Orlando Martinez |
| USDC-PR Bar No. | 213052 |
| Address: | Centro de Seguros, Suite 413 |
| | 701 Ponce de Leon Avenue |
| | San Juan, Puerto Rico 00907 |
| E-mail: | omartinez@martinezlaw.com |
| Telephone No.: | (787) 722-2378 |
| Fax No.: | (787) 724-0353 |

11. Applicant has read the local rules of the court and will comply with same.

12. Applicant has read Local Rules of the United States District Court for the District of Puerto Rico which provide in part that attorneys appearing pro hac vice must comply with the provisions set forth therein and pay an admission fee of $150.00 per appearance in each new case before the court. Accordingly, payment of the pro hac vice admission fee is attached hereto in the form of a check or money order payable to: "Clerk, U.S. District Court."

WHEREFORE, applicant respectfully requests to be admitted to practice in the United States District Court for the District of Puerto Rico for the above-styled case only.

3

DATED: _October 23_, 2007

_____
DUANE C. MILLER

I HEREBY CERTIFY, pursuant to Local Rule 83.1(f), that I consent to the designation of local counsel of record for all purposes.

DATED: _Novemb. 7_, 2007

_____
Orlando Martinez

I HEREBY CERTIFY that I have served a true and correct copy of this document upon each attorney of record and the original upon the Clerk of the Court accompanied by a $150.00 pro hac vice admission fee.

_____
DUANE C. MILLER

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO AND
COMMONWEALTH OF PUERTO RICO
THROUGH THE ENVIRONMENTAL
QUALITY BOARD.

      Plaintiff,

        V.

SHELL OIL COMPANY; ET AL.

      Defendants

CIVIL No. 07-1505 (CCC)

RE:

PLAINTIFF DEMANDS TRIAL BY JURY

## MOTION REQUESTING ADDITIONAL EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

TO THE HONORABLE COURT:

COMES NOW Defendant, Total Petroleum Puerto Rico Corp., ("Total"), through the undersigned attorney and very respectfully states and prays as follows:

1. Plaintiff has filed a 48 page 169 paragraph complaint against Total and other defendants which claims environmental damages as a result of an alleged contamination of the waters of the Commonwealth of Puerto Rico due to the use of a gasoline additive known as methyl tertiary butyl, also known as "MTBE".

2. The relevant facts that gave place to the aforementioned complaint span over a significant period of time.

3. Accordingly, Total will need an additional extension of

1

time of approximately thirty (30) days to gather all relevant information and documents related to this matter and to prepare to defend itself from the complaint filed and to file its answer to the complaint or otherwise plead.

3.   Total respectfully submits that the extension of time herein requested will not cause prejudice to the parties nor to the effective and timely resolution of the present case.

4.   This extension is requested in an attempt to present a complete and adequate responsive position on behalf of Total and to allow said party to conclude an investigation of the related facts and applicable law, which will result in a more expeditious resolution of the present case.

WHEREFORE, it is hereby respectfully requested that this Honorable Court grant Total a thirty (30) day extension of time or until December 28, 2007 to file its answer to the complaint or any other responsive pleading.

Respectfully submitted.

In San Juan, Puerto Rico, this 28th day of November of 2007.

1

I hereby certify that a true and exact copy of this motion has been sent by the electronic filing system to all attorneys who have filed appearances in this case.

**CARRION & SEPULVADO LAW OFFICES**
Attorneys for
Total Petroleum
Puerto Rico Corp.
Citibank Tower
Suite 1202
252 Ponce de Leon Avenue
Hato Rey, P.R. 00918
Phones 787.765.5656
787.765.4949
Fax 787.294.0073

S\ Lee Sepulvado Ramos
Lee Sepulvado Ramos
USDC-PR No. 211912
lsepulvado@cslawpr.com

S\ Iván Aponte Figueroa
Iván Aponte Figueroa
USDC-PR No. 224809
iaponte@cslawpr.com

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO AND
COMMONWEALTH OF PUERTO RICO
THROUGH THE ENVIRONMENTAL
QUALITY BOARD.

      Plaintiff,

        V.

SHELL OIL COMPANY; ET AL.

      Defendants

CIVIL No. 07-1505 (CCC)

RE:

PLAINTIFF DEMANDS TRIAL BY JURY

## MOTION REQUESTING ADDITIONAL EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

TO THE HONORABLE COURT:

COMES NOW Defendant, Total Oil, Inc., ("Total"), through the undersigned attorney and very respectfully states and prays as follows:

1. Plaintiff has filed a 48 page 169 paragraph complaint against Total and other defendants which claims environmental damages as a result of an alleged contamination of the waters of the Commonwealth of Puerto Rico due to the use of a gasoline additive known as methyl tertiary butyl, also known as "MTBE".

2. The relevant facts that gave place to the aforementioned complaint span over a significant period of time.

3. Accordingly, Total will need an additional extension of

1

time of approximately thirty (30) days to gather all relevant information and documents related to this matter and to prepare to defend itself from the complaint filed and to file its answer to the complaint or otherwise plead.

3.   Total respectfully submits that the extension of time herein requested will not cause prejudice to the parties nor to the effective and timely resolution of the present case.

4.   This extension is requested in an attempt to present a complete and adequate responsive position on behalf of Total and to allow said party to conclude an investigation of the related facts and applicable law, which will result in a more expeditious resolution of the present case.

WHEREFORE, it is hereby respectfully requested that this Honorable Court grant Total a thirty (30) day extension of time or until December 28, 2007 to file its answer to the complaint or any other responsive pleading.

Respectfully submitted.

In San Juan, Puerto Rico, this 29th day of November of 2007.

1

I hereby certify that a true and exact copy of this motion has been sent by the electronic filing system to all attorneys who have filed appearances in this case.

**CARRION & SEPULVADO LAW OFFICES**
Attorneys for
Total Oil Inc.
Citibank Tower
Suite 1202
252 Ponce de Leon Avenue
Hato Rey, P.R. 00918
Phones 787.765.5656
787.765.4949
Fax 787.294.0073


S\ Lee Sepulvado Ramos
Lee Sepulvado Ramos
USDC-PR No. 211912
lsepulvado@cslawpr.com

S\ Iván Aponte Figueroa
Iván Aponte Figueroa
USDC-PR No. 224809
iaponte@cslawpr.com

2

## <u>AFFIDAVIT OF SERVICE</u>

# UNITED STATES DISTRICT COURT
## District of Puerto Rico

Case Number: 07-1505 (CCC)

Plaintiff:
**Commonwealth of Puerto Rico et al.**
vs.
Defendant:
**Shell Oil Company, et al.**

For:
Orlando Martinez, Esquire
Orlando H. Martinez Law Offices
Centro De Seguros, Suite 413
701 Ponce De Leon Avenue
San Juan, PR 00907

Received by MLQ Attorney Services to be served on **Chevron U.S.A., Inc. c/o CT Corporation System, 1515 Market Street, Suite 1210, Philadelphia, PA 19102.**

I, Andrew Gerber, being duly sworn, depose and say that on the **9th day of October, 2007** at **2:50 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Summons & Complaint** to: **Mary Drummond** as **Registered Agent** at the address of: **2711 Centerville Road, Suite 400, Wilmington, DE 19808** on behalf of **Chevron U.S.A., Inc.**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
CSC/Wilmington can be reached at 302-636-5400.

**Description** of Person Served: Age: 45, Sex: F, Race/Skin Color: Caucasian, Height: 5-8, Weight: 130, Hair: Brown, Glasses: Y

I am over the age of 18 and have no interest in the above action.

**Andrew Gerber**
Process Server

Subscribed and Sworn to before me on the 13th day of November, 2007 by the affiant who is personally known to me.

NOTARY PUBLIC

**MLQ Attorney Services**
**2000 Riversedge Pkwy**
**Suite 885**
**Atlanta, GA 30328**
**(800) 446-8794**
Our Job Serial Number: 2007002713

**COMMONWEALTH OF PENNSYLVANIA**
NOTARIAL SEAL
MICHAEL D. TALONE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 12, 2011

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2f

## AFFIDAVIT OF SERVICE

# UNITED STATES DISTRICT COURT
## District of Puerto Rico

Case Number: 07-1505 (CCC)

Plaintiff:
**Commonwealth of Puerto Rico et al.**
vs.
Defendant:
**Shell Oil Company, et al.**

For:
Orlando Martinez, Esquire
Orlando H. Martinez Law Offices
Centro De Seguros, Suite 413
701 Ponce De Leon Avenue
San Juan, PR  00907

Received by MLQ Attorney Services to be served on **Sunoco, Inc. Robert H. Campbell - President, 1801 Market Street, Philadelphia, PA 19103.**

I, David Rosenzweig, being duly sworn, depose and say that on the **8th day of October, 2007** at **1:24 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons & Complaint**  to: **Cindy Britton** as **Receptionist** for **Sunoco, Inc.**, at the address of: **1801 Market Street, Philadelphia, PA 19103**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
Recipient was cooperative, signed for documents and provided phone # (215) 977-3172.

**Description** of Person Served:  Age: 42,  Sex: F,  Race/Skin Color: White,  Height: 5'7,  Weight: 130,  Hair: Brown,  Glasses: N

I am over the age of 18 and have no interest in the above action.

**David Rosenzweig**
Process Server

Subscribed and Sworn to before me on the 9th day of November, 2007 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**MLQ Attorney Services**
**2000 Riversedge Pkwy**
**Suite 885**
**Atlanta, GA  30328**
**(800) 446-8794**
Our Job Serial Number: 2007002714

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MICHAEL D. TALONE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 12, 2011

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2f

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### District of Puerto Rico

Case Number: 07-1505 (CCC)

Plaintiff:
**Commonwealth of Puerto Rico et al.**
vs.
Defendant:
**Shell Oil Company, et al.**

For:
Orlando Martinez, Esquire
Orlando H. Martinez Law Offices
Centro De Seguros, Suite 413
701 Ponce De Leon Avenue
San Juan, PR  00907

Received by MLQ Attorney Services to be served on **Sunoco, Inc. (R&M) c/o CT Corporation System, 1515 Market Street, Suite 1210, Philadelphia, PA 19102.**

I, David Rosenzweig, being duly sworn, depose and say that on the **8th day of October, 2007** at **1:37 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons & Complaint** to: **Sandy Solomon** as **Senior Processor** for **Sunoco, Inc. (R&M)**, at the address of: **1515 Market Street, Suite 1210, Philadelphia, PA 19102,** and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
Recipient was cooperative and provided phone # (215) 399-9500.

**Description** of Person Served:  Age: 50,  Sex: F,  Race/Skin Color: White,  Height: 5'6,  Weight: 160,  Hair: Blonde,  Glasses: N

I am over the age of 18 and have no interest in the above action.

**David Rosenzweig**
Process Server

Subscribed and Sworn to before me on the 9th day of November, 2007 by the affiant who is personally known to me.

NOTARY PUBLIC

**MLQ Attorney Services**
**2000 Riversedge Pkwy**
**Suite 885**
**Atlanta, GA  30328**
**(800) 446-8794**
Our Job Serial Number: 2007002656

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MICHAEL D. TALONE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Nov. 12, 2011

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2f

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO; et al.,

PLAINTIFFS,

VS.

SHELL OIL COMPANY; et al.,

DEFENDANTS.

CASE NO. 07-1505 (ccc)

## AFFIDAVIT OF DUE DILIGENCE

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Matthew Marks, who, first being duly sworn, on oath deposes and states that he is a citizen of the United States and 18 years of age or older and is a party having no interest in the above-styled case. Affiant further states that he attempted to serve Shell Company Puerto Rico Ltd., c/o Nicholas Noguears, Registered Agent, at P. O. Box 195386, San Juan, Puerto Rico, Georgia. The attempt to serve was unsuccessful because:

1. On October 5, 2007, our office received the paperwork to be served on the above referenced company; however, we cannot serve paperwork at a post office box address. Our client advised us that these papers were being sent by local counsel to the above, so we destroyed our paperwork since it was no longer necessary for service.

I declare under penalty of perjury that the foregoing is true and correct.

This _____14_____ of November, 2007.

Process Server
MLQ Attorney Services
2000 Riveredge Parkway
Suite 885
Atlanta, GA 30328
(770) 984-7007

Subscribed and sworn to
Before me this _____
Day of November, 2007,
And notarized by me on this date.

_____
Notary Public



## *Facsimile Cover Sheet*

*Date:* 11 — 14 —

*To:* Natalie Hutt

*Company:*

*Fax#:* ( 843) 216-6505

*From:*

*Total # of Pages (including cover sheet):* 2

*Description/Additional Comments:*
will put original

in mail

*The information contained in this facsimile message may be protected by the attorney/client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

J. Michael McMahon
Clerk

USDC DISTRICT OF PUERTO RICO                Date:   11/20/07

                                            In Re:    MTBE

                                            MDL     1358

            Your Docket #                   S.D. OF N.Y.

            3:07-1505  (CC)                 07 CV 10470

Dear Sir:

        Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation,
transferring the above entitled action presently pending in your court, to the Southern District
of New York and assigned to Judge    SCHEINDLIN for coordinated or consolidated pretrial
processing pursuant to 28 USC 1407.

        Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED
COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By:
MDL Unit

A CERTIFIED TRUE COPY

NOV 16 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDGE SCHEINDLIN

07 CV 10470

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 31 2007

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

FLD
SDNY
11 30 07
RECEIVED AND FILED

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.
2007 NOV 30 PM 2:26

MDL NO. 1358

**IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION**

Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.,
D. Puerto Rico, C.A. No. 3:07-1505                    )
                                                      )
                                                      )

## CONDITIONAL TRANSFER ORDER (CTO-29)

On October 10, 2000, the Panel transferred two civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 149 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Shira Ann Scheindlin.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Scheindlin.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of October 10, 2000, and, with the consent of that court, assigned to the Honorable Shira Ann Scheindlin.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

NOV 16 2007

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED COPY
J. MICHAEL McMAHON,                    CLERK

BY _____
      DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico _____

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Hess Oil Virgin Islands Corporation
c/o Britain H. Bryant, Esquire
Bryant, Barnes, Moss & Beckstedt, LLP
1134 King Street, 2nd Floor
St. Croix, VI  00822-4589

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

NOV 3 0 2007

CLERK    JAVIER PEREZ
Deputy Clerk

(By) DEPUTY CLERK                                      DATE

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

COMMONWEALTH OF PUERTO RICO ET AL.

V

SHELL OIL COMPANY, ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

CITGO International P.R.
Registered Agent
CT Corp System
206 Tetuan Street
San Juan, PR  00936

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

_____
CLERK

DATE

_____
(By) DEPUTY CLERK

AO 440  (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE *Oct 9, 2007* |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER (PRINT) *Roberto Diaz* | TITLE *Process Server* |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: *361 San Francisco ~~St. Tatum~~ St. San Juan PR 0091 c/o CT Corp.*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____ _____
　　　　　　　　　　　Date　　　　　　　　　　*Signature of Server*

*PO Box 8236 Bayamon PR 00960*
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO AND          CASE NO. 07-1505
COMMONWEALTH OF PUERTO RICO THROUGH
THE ENVIRONMENTAL QUALITY BOARD.          RE:

     Plaintiff,
                       PLAINTIFF DEMANDS TRIAL
                       BY JURY
       V.

SHELL OIL COMPANY; ET AL.

     Defendants

## MOTION REQUESTING EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

TO THE HONORABLE COURT:

    COMES NOW Defendants, Total Oil, Inc., and Total Petroleum Puerto Rico Corporation, Inc., (hereinafter collectively referred to as "Total"), through the undersigned attorney and very respectfully state and pray as follows:

    1. Plaintiff filed a 48 page 169 paragraph complaint against Total and other defendants which claims environmental damages as a result of an alleged contamination to the waters of the Commonwealth of Puerto Rico due to the alleged use of a gasoline additive known as methyl tertiary butyl, also known as "MTBE".

1

2.    The relevant facts that gave place to the aforementioned complaint span over a significant period of time.

3.    Accordingly, Total will need an additional extension of time of approximately forty five (45) days to gather all relevant information and documents related to this matter and to prepare to defend itself from the complaint filed and to file its answer to the complaint or otherwise plead.

3.    Total respectfully submits that the extension of time herein requested will not cause prejudice to the parties nor to the effective and timely resolution of the present case.

4.    This extension is requested in an attempt to present a complete and adequate responsive position on behalf of Total and to allow said party to conclude an investigation of the related facts and applicable law, which will result in a more expeditious resolution of the present case.

WHEREFORE, it is hereby respectfully requested that this Honorable Court grant Total a forty five (45) day extension of time or until February 11, 2008 to file its answer to the complaint or otherwise plead.

Respectfully submitted.

In San Juan, Puerto Rico, this 28th day of December of 2007.

2

I hereby certify that a true and exact copy of this motion has been sent by the electronic filing system to all attorneys who have filed appearances in this case.

Attorneys for
Total Oil, Inc.
and Total Petroleum
Puerto Rico Corp.
Citibank Tower
Suite 1202
252 Ponce de Leon Avenue
Hato Rey, P.R. 00918
Phones 787.765.5656
787.765.4949
Fax 787.294.0073


S\ Lee Sepulvado Ramos
USDC-PR No. 211912
lsepulvado@cslawpr.com

S\ Denise Rodríguez Flores
USDC-PR No. 224313
rodriguefloreslaw@gmail.com

3

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of        Puerto Rico

COMMONWEALTH OF PUERTO RICO ET AL.

### SUMMONS IN A CIVIL ACTION

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Hess Oil Virgin Islands Corporation
c/o Britain H. Bryant, Esquire
Bryant, Barnes, Moss & Beckstedt, LLP
1134 King Street, 2nd Floor
St. Croix, VI  00822-4589

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

NOV 3 0 2007

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 12/20/07 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Delroy Richards Sr. | Pvt. Investigator, etc. |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: King St. Csted, St.Croix, V.I.

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12/20/07
              Date                          Signature of Server

P.O. Box 654, Csted, V.I. 00821
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico _____

COMMONWEALTH OF PUERTO RICO ET AL.

## SUMMONS IN A CIVIL ACTION

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

Chevron Phillips Chemical Puerto Rico Core, Inc.
Registered Agent
The Corporation Tust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 5 2007

CLERK

SARAH V. RAMON
**DEPUTY CLERK**

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE October 8, 2007 at 1:50 p.m. |
| NAME OF SERVER (PRINT) Daniel Newcomb | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify):  Service on Chevron Phillips Chemical Puerto Rico Core, Inc., was effectuated by serving Scott LaScala, Managing Agent duly authorized to accept service. Service was made at The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___October 9, 2007___    _Signature of Server_

Date

MLQ Attorney Services
2000 Riveredge Parkway, NW, Suite 885
Atlanta, GA  30328  10-800-446-8784
_Address of Server_

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action    RECEIVED & FILED

# UNITED STATES DISTRICT COURT

District of

CLERK OF
U.S. DISTRICT COUR...

COMMONWEALTH OF PUERTO RICO ET AL.

**SUMMONS IN A CIVIL ACTION**

V

SHELL OIL COMPANY, ET AL.

CASE NUMBER:    07-1505 (ccc)

TO: (Name and address of Defendant)

Shell Company Puerto Rico Ltd.
Registered Agent
Atty Nicolas Nogueras
PO Box 195386
San Juan, PR  00919

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 4 2007

CLERK                                                    DATE

JOSE A. LEBRON-ALBINO
DEPUTY CLERK

(By) DEPUTY CLERK

%AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | JANUARY 23, 2008 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| JOSE MENDEZ | PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:
SAN FRANCISCO St. # 361
4 FLOOR   VIEJO SAN JUAN PUERTO RICO

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
SHELL COMPANY PUERTO RICO Ltd  AHORA SOL PUERTO RICO LIMITED
Name of person with whom the summons and complaint were left:
ATRAVES de CT CORPORATION SYSTEMS P/C de JEANNETTE TORRES  EN SU CONDICIÓN DE AGENTE
RESIDENTE

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  JANUARY 23, 2008          J. Mendez
_____        _____
      Date                    Signature of Server

P.O. BOX 30537 SAN JUAN P. RICO 00929.
_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO
and COMMONWEALTH OF PUERTO
RICO through the ENVIRONMENTAL
QUALITY BOARD

Plaintiff

vs                                                    CIVIL 07-1505CCC

SHELL OIL COMPANY;
SHELL COMPANY PUERTO RICO LTD.
SHELL CHEMICAL YABUCOA, INC.
SHELL TRADING (US) COMPANY
MOTIVA ENTERPRISES, LLC
EQUILON ENTERPRISES, LLC
CHEVRON CORPORATION
CHEVRON U.S.A., INC.
CHEVRON PUERTO RICO, LLC
TEXACO PUERTO RICO, INC.
CHEVRON PHILLIPS
CHEMICAL PUERTO RICO CORE, INC.
TEXACO PETROLEUM, INC.
CHEVRON INTERNATIONAL OIL
COMPANY, INC.
TEXACO REFINING AND MARKETING,
INC.
CHEVRON CARIBBEAN, INC.
CHEVRON ESTRELLA PUERTO RICO,
INC.
ESSO STANDARD OIL COMPANY
(PUERTO RICO)
EXXONMOBIL CORPORATION
HOVENSA L.L.C.
HESS OIL VIRGIN ISLANDS
CORPORATION
SUNOCO, INC.
SUNOCO, INC. ( R & M)
PUERTO RICO SUN OIL COMPANY, LLC
CONOCOPHILLIPS COMPANY
CITGO INTERNATIONAL PR.
CITGO PETROLEUM CORPORATION
TOTAL PETROLEUM PUERTO RICO
CORPORATION
TOTAL OIL INC.
LYONDELL CHEMICAL COMPANY
and DOES 1-99

Defendants

CIVIL 07-1505CCC                                2

# O R D E R

The Applications for Admission Pro Hac Vice (**docket entries 42 and 43**) are GRANTED.

SO ORDERED.

At San Juan, Puerto Rico, on February 12, 2008.


S/CARMEN CONSUELO CEREZO
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**
**FEDERICO DEGETAU FEDERAL BLDG. - RM. 150**
**CARLOS CHARDON AVE.**
**HATO REY, PUERTO RICO 00918-1767**

FRANCES RIOS DE MORAN
CLERK

TEL.  (787) 772-3012
FAX  (787) 766-5693

April 14, 2008

Mr. J. Michael McMahon
Clerk of Court
United States District Court
Southern District of New York
Office of the Clerk
500 Pearl St.
New York, N.Y.  10007

Re:    Civil No. 07-1505 (CC)
       Commonwealth of Puerto Rico
       vs. Shell Oil Company. et al.

Dear Mr. McMahon:

In accordance with the Conditional Transfer Order filed by the Multidistrict Litigation Panel on November 30, 2007 in the above entitled case, we include the following document:

1.    Certified copy of docket sheet.

Very truly yours,

FRANCES RIOS DE MORAN
Clerk of Court

Lida Isis Egele
Operations Manager

*pec > 10/15, 07)*
*8:45 AM*

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Puerto Rico _____

COMMONWEALTH OF PUERTO RICO ET AL.

## SUMMONS IN A CIVIL ACTION

V.

SHELL OIL COMPANY, ET AL.

CASE NUMBER:   07-1505 (ccc)

TO: (Name and address of Defendant)

HOVENSA, L.L.C.
1 Estate Hope
Christiansted, St. Croix
United States Virgin Islands 00820

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orlando H. Martinez, Esquire
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR  00907

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN
CLERK OF COURT

OCT - 5 2007

CLERK _____   DATE

SARAH V. RAMON
DEPUTY CLERK

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 15 OCT 07 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Michael A. Richardson | Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): SERVED ON ATTORNEY George Dudley Resident Agent for HOVENSA

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 0 | 0 | $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    15 OCT 07                    _Michael A. Richardson_
                  Date                          Signature of Server

                                          1-5 EST WINTBERG
                                          ST. Thomas US VI 00803
                                                    (340) 642-8870
                                          _____
                                          Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

Commonwealth of Puerto Rico
                    Plaintiff(s)
                    Vs.                                    No.07-1505 (ccc)
Shell Oil Company, et al,                                  ACTION FOR:  N/A

                    Defendant(s)

TO: HOVENSA, LLC.
    1 Estate Hope
    Christiansted, St. Croix USVI 00820
                                            AFFIDAVIT
TERRITORY OF THE VIRGIN ISLANDS)
DIVISION OF ST. THOMAS – ST. JOHN)

        I, Michael A. Richardson being sworn, depose and states:

        1.      I am a citizen of the United States, resident of the U.S. Virgin Islands, over 18 years of age, am
not a party in the above entitled action, nor related to any of the parties herein; was duly appointed as a Process
Server for the Superior Court of the U.S. Virgin Islands, License No._33/2006, which Order is still valid.

        2.      I received copies of Summons & Complaint #07-1505 (ccc) dtd 5 Oct 07 in the above action and
was able to serve as follows:
DATE RECEIVED: 12 Oct 07  DATE SERVED:  15 Oct 07 Time:  8:45am.
PERSON SERVED: George Dudley Esq., Resident Agent (in hand).
PLACE SERVED: #1000 Frederiksberg Gade, St. Thomas, VI 00820

        3.      Such service was personally made by delivering to and leaving with said person true copies of said
Summons & Complaint #07-1505 (ccc) dtd 5 Oct 07.

        4.      The person served was properly identified to be the person mentioned and described in said process
or the person authorized according to law to receive such process.

        5.      I have made a diligent search and inquiry in N/A_____ the person to be served but have been
unable to find or learn of the whereabouts of the person and thus been unable to serve process on the said person.

        6.      FEES FOR SERVICE:   $ 75.00___          LOCATION OF ENDEAVORS:
                ENDEAVOR:           $_____           1. _____
                POSTAGE:            $_____           2. _____
                COPY NOTARY.        $_____           3. _____
                COURT SEAL/PARK:    $_____           4. _____
TOTAL:                              $ 75.00___

SUBSCRIBED AND SWORN TO BEFORE ME THIS _16_

DAY OF _October_____, 20 _07_.                     Michael A. Richardson
                                                         1-5 Wintberg, St. Thomas, USVI
_Michelle Connor Abraham_____                      (340) 714-4959 & (340) 642-8870
            NOTARY PUBLIC                                 _____
                                                                PROCESS SERVER

MICHELLE I . CONNOR-ABRAHAM
NOTARY PUBLIC OF ST.THOMAS/ST.JOHN U.S.VI
COMMISSION EXPIRES AUGUST 2,2011
NP-167-07

TERRITORY OF )
VIRGIN ISLANDS, U.S.A. )
)
ST. THOMAS/ST. JOHN... )



**In Testimony Whereof,**

I, – – –WILFREDO F. MORALES – , Clerk of the District Court of the
Virgin Islands of the U.S.A., Division of St. Thomas/St. John
said Court being a Court of Record, DO HEREBY CERTIFY THAT

– – – – – MICHELLE I. CONNOR – ABRAHAM – – – – –
whose name is subscribed to the Certificate of Proof, or acknowledgment of
the annexed instrument, and therein written, was at the time of taking such
proof or acknowledgment, a Notary Public of the Virgin Islands of the U.S.A.,

in and for the Division of ..ST...THOMAS/ST...JOHN..........., residing
in said Division, commissioned and sworn, and duly authorized to take the
proof or acknowledgment of deeds to be recorded therein. And further, that
I am well acquainted with the handwriting of such Notary, and verily believe
the signature to the said Certificate is genuine, and that said instrument is
executed and acknowledged according to the laws of the Virgin Islands of
the U.S.A.

I have hereunto set my hand and affix the seal of the said Court this 17th
day of OCTOBER , XX 2007
WILFREDO F. MORALES
**Clerk**

By: ....Kersh Roger........................
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO
and COMMONWEALTH OF PUERTO
RICO through the ENVIRONMENTAL
QUALITY BOARD

Plaintiff

vs

SHELL OIL COMPANY;
SHELL COMPANY PUERTO RICO LTD.
SHELL CHEMICAL YABUCOA, INC.
SHELL TRADING (US) COMPANY
MOTIVA ENTERPRISES, LLC
EQUILON ENTERPRISES, LLC
CHEVRON CORPORATION
CHEVRON U.S.A., INC.
CHEVRON PUERTO RICO, LLC
TEXACO PUERTO RICO, INC.
CHEVRON PHILLIPS
CHEMICAL PUERTO RICO CORE, INC.
TEXACO PETROLEUM, INC.
CHEVRON INTERNATIONAL OIL
COMPANY, INC.
TEXACO REFINING AND MARKETING,
INC.
CHEVRON CARIBBEAN, INC.
CHEVRON ESTRELLA PUERTO RICO,
INC.
ESSO STANDARD OIL COMPANY
(PUERTO RICO)
EXXONMOBIL CORPORATION
HOVENSA L.L.C.
HESS OIL VIRGIN ISLANDS
CORPORATION
SUNOCO, INC.
SUNOCO, INC. ( R & M)
PUERTO RICO SUN OIL COMPANY, LLC
CONOCOPHILLIPS COMPANY
CITGO INTERNATIONAL PR.
CITGO PETROLEUM CORPORATION
TOTAL PETROLEUM PUERTO RICO
CORPORATION
TOTAL OIL INC.
LYONDELL CHEMICAL COMPANY
and DOES 1-99

Defendants

CIVIL 07-1505CCC

CIVIL 07-1505CCC                              2

## JUDGMENT

Given that pursuant to the Conditional Transfer Order issued by the Judicial Panel on Multidistrict Litigation (Panel) on October 31, 2007 (docket entry 50) filed on November 30, 2007 this action has been transferred to the Southern District of New York for coordinated or consolidated pretrial proceedings, the same shall be closed for administrative purposes, to be reopened if and when the case is remanded by the Panel to this Court for trial.

SO ORDERED.

At San Juan, Puerto Rico, on April 29, 2008.


S/ CARMEN CONSUELO CEREZO
United States District Judge