UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
IN RE: METHYL TERTIARY BUTYL :
ETHER ("MTBE") PRODUCTS :
LIABILITY LITIGATION : Master File No. 1:00-1898
------------------------------------------------------------ : MDL 1358 (SAS)
This document relates to: : M21-88
 :
Commonwealth of Puerto Rico, et al. v. :
Shell Oil Co., et al., Case No. 07 Civ. :
10470. :
 :
 X

------------------------------------------------------------

SHIRA A. SCHEINDLIN, U.S.D.J.:

[PROPOSED] CASE MANAGEMENT ORDER 102

AGREEMENT ON THE DISCOVERY AND PRODUCTION OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI)

WHEREAS the parties having "met and conferred" and having reached agreement on a protocol to govern the request for and production of documents and electronically stored information,

It is hereby ORDERED that:

This Agreement on the Discovery and Production of Electronically Stored Information ("Agreement"), is by and between the plaintiffs and the defendants hereto, in the action presently pending in the District Court of the Southern District of New York entitled *In Re: Methyl Tertiary Butyl Ether* ("MTBE") Products Liability Litigation, Master File C.A. No. 1:00-1988 (SAS) M21-88, MDL No. 1358, *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07-CIV-10470.

This Agreement governs the production of hard copy documents and ESI subsequent to the execution of the Agreement.

I. HARDCOPY DOCUMENTS

When responsive documents are scanned for production they shall be produced as single page "tiff" (Group IV black and white 300 dpi) images with file names that match the bates number; multi page OCR text files with file names that match the first bates number of the document; and summation DII IPRO, or Concordance DAT/Opticon image load files that include all document breaks.

II. ELECTRONICALLY STORED INFORMATION

A. All structured data, typically information stored with enforced composition to atomic data types, includes but is not limited to: relational databases (e.g., Oracle, SQL Server), data warehouses, spreadsheets (e.g., Excel, Lotus 123), financial systems, document management systems, statistical systems, and analytical systems. File extensions/types that may constitute structured data include: .DAT, .RPT, .XLS, .XLSX, .XLSB, .123,
.SDC, .ODS, .DBF, .MDF, .CSV, .MDB, and .ACCDB. As to any structured data maintained utilizing software or data management systems or other systems that are less ubiquitous than MS Access or MS Excel, the files shall be provided as comma or tab delimited text files.  All ubiquitous structured data shall be produced in native format to the extent reasonably practicable and shall have unique bates numbers.

B. All EMAIL:

1. Shall be produced as single page "tiff" (Group IV black and white 300 dpi) images with file names that match the bates number; multi page extracted text files with file names that match the first bates number of the document; any objective field data contained in a delimited text field; and summation DII IPRO, or Concordance DAT/Opticon image load files which includes all document breaks;

2. Shall include in the load file, to the extent practicable, for e-mails with attachments: (a) the beginning attachment range number(s); (b) the ending attachment range number(s), where the "attachment range" records the relationship of e-mails to their attachments; and (c) Custodian; and

3. Shall include in the load file, to the extent practicable, metadata information including: (a) the individual to whom the communication was directed ("To"); (b) the author of the e-mail communication ("From"); (c) who was copied ("cc") and/or blind copied ("bcc") on such e-mail; (d) the subject line of the e-mail ("Re" or "Subject"); and (e) the date and time sent; and (f) custodian.

C. ALL OTHER ESI:

1. Shall be produced as single page "tiff" (Group IV black and white 300 dpi) images with file names that match the bates number; multi page extracted text files, or OCR text files when extracted text is unavailable, with file names that match the first bates number of the document;

any objective field data contained in a delimited text field; and summation DII IPRO, or Concordance DAT/Opticon image load files that include all document breaks; and

2. Shall include in the load file, to the extent practicable: (a) the file extension ("DocType") (E.g. .doc, .pdf, .jpeg, etc.) and (b) Custodian; (c) filename; (d) location; (e) create date/time; (f) modified date/time: (g) file size and (h) Hash/SHA value.

D. OTHER

1. Password-Protected or Encrypted Files: Documents that are locked by a password or encrypted as they are kept in the ordinary course of business shall be produced, if possible, in a form that is unlocked or decrypted. Where files that cannot be unlocked or decrypted or for which read-only protection cannot be removed, the parties will provide the list of the file names and meet-and-confer regarding the production of such documents.

2. Search Terms: Following service of future discovery requests, the parties shall meet and confer to exchange proposed search terms and negotiate and agree on same in accordance with the terms set forth in the Court's May 2, 2012 ruling. When discovery is served on all defendants or on behalf of all defendants, defendants' designated representatives for such purposes shall have authority to represent all defendants in such negotiations and agreements. All parties shall perform searches in accordance with any agreements reached by plaintiffs and defendants. When discovery is served by or upon fewer than all defendants, or by or upon a single defendant, plaintiffs shall negotiate any disputes or agreements directly with those defendant(s) unless otherwise agreed by the parties.

3. Models (groundwater, hydrology, etc.) shall be produced in their native format where possible. If the model is in a proprietary format that is difficult to produce, the parties shall meet-and-confer on the best method to produce the model. To the extent the purchase of a license(s) is required to view/utilize the model, the parties shall meet-and-confer regarding the costs of the model with the understanding that reasonable costs shall be borne by the requesting party.

4. Data descriptions necessary to use and understand the data should be provided as available and applicable (E.g. abbreviation key, code key, etc.).

5. Deduplication: If a responsive document is located on a centralized server or network, an individual employee's computer, or otherwise located within a party's possession, custody or control, the producing party shall not be required to produce multiple copies of the same responsive document.

6. Color Documents: All documents (whether hard copy or electronic) shall be produced in color where necessary to interpret the documents.

7. Metadata and Native Files: If a producing party believes that it cannot comply with one or more portions of this Agreement regarding the production of metadata and/or Native Files, such party shall inform the requesting party in writing at the time of production as to why compliance with the protocol, or any part thereof, is unreasonable or not possible. When an individual or a

small number of files are being collected independently of an ESI collection being performed by ESI consultants (e.g., in response to a deposition notice, during a witness interview), such files may be produced without the metadata, especially the Hash/SHA value, described herein.

III. BEST EFFORTS COMPLIANCE

The parties shall make their best efforts to resolve any differences concerning compliance with this Agreement. If a producing party believes that it cannot comply with one or more portions of this Agreement, such party shall inform the requesting party in writing at the time of production as to why compliance with the protocol, or any part thereof, is unreasonable or not possible. No party may seek relief from the Court concerning compliance with the Agreement until it has met and conferred with the other party to this action.

SO ORDERED

_____
Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
June ___, 2012

DM_US 35791845-3.037771.0188

# -Appearances-

**Liaison Counsel for Defendants:**

James A. Pardo, Esq.
Peter John Sacripanti, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
(212) 547-5583

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
(212) 558-5500

**For Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico Environmental Quality Board:**

David T. Ritter, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
(214) 521-3605

John K. Dema, Esq.
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, VI 00820
(340) 773-6142

Aaron R. Dias, Esq.
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Boulevard, Building A
Mount Pleasant, SC 29464
(843) 727-6500

Orlando H. Martinez-Echeverria, Esq.
Orlando H. Martinez Law Offices
Centro De Seguros, Suite 413, 701 Ponce De Leon Avenue
San Juan, PR 00907
(787) 722-2378

Michael D. Axline, Esq.
Duane C. Miller, Esq.
Donald B. Mooney, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825
(916) 488-6688

**For Defendants: Equilon Enterprises, LLC, Motiva Enterprises, LLC, Shell Chemical Yabucoa, Inc., Shell Company Puerto Rico LTD, Shell Oil Co., and Shell Trading (US) Company:**

Alejandro J. Cepeda-Diaz, Esq.
Juan A. Marques-Diaz, Esq.
Jan C. Rodriguez-Munoz, Esq.
McConnell Valdes LLC
P.O. Box 364225
San Juan, PR 00936-4225
(787) 759-9292

Alejandro J. Diaz, Esq.
Paul Hastings LLP (Conn.)
1055 Washington Blvd., 10th Floor
Stamford, CT 06901

Alec C. Zacaroli, Esq.
Wallace King Domike & Reiskin, PLLC
2900 K Street, N.W.
Harbourside, Suite 500
Washington, DC 20007
(202) 965-6021

**For Defendants Chevron Phillips Chemical Puerto Rico Core, Inc. and ConocoPhillips Company:**

Edwin R. Cruz, Esq.
Diego M. Diaz, Esq.
Pietrantoni Mendez & Alvarez LLP
Popular Center, 19th Floor
209 Munoz Rivera Avenue
San Juan, PR 00918
(787) 274-1212

**For Defendants Chevron U.S.A., Inc. and Texaco Refining And Marketing, Inc.:**

Samuel D. Davis, Esq.
David A. Grenardo, Esq.
King & Spalding LLP
1100 Louisiana
Houston, TX 77002
(713) 276-7329

**For Defendant Citgo Petroleum Puerto Rico Corporation:**

Nathan Philip Eimer, Esq.
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, Il 60603
(312) 660-7601

**For Defendants Sunoco, Inc. and Sunoco, Inc. (R&M):**

Daniel A. Eisenberg, Esq.
Beveridge & Diamond, P.C. (DC)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

**For Defendant/Cross-claimant/Third-Party Plaintiff Total Petroleum Puerto Rico Corp.:**

Jorge A. Galiber, Esq.
Elaine M. Maldonado-Matias, Esq.
Sepulvado & Associates, PSC
Citibank Tower
252 Ponce de Leon Avenue, Suite 1202
San Juan, PR 00918
(787) 765-5656

**For Defendants Hess Oil Virgin Islands Corporation and Hovensa L.L.C.:**

Steven Lawerence Leifer, Esq.
Baker Botts LLP (DC)
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 639-7723

**For Defendants Chevron Phillips Chemical Puerto Rico Core, Inc. and ConocoPhillips Company:**

Nestor M. Mendez, Esq.
Pietranton, Mendez & Alvarez, LLC
Banco Popular Center 19th Floor
209 MuOz Rivera Ave.
San Juan, PR 00918
(787) 274-1212

Maria D. Trelles-Hernandez, Esq.
Pietragello, Bosick & Gordon
One Oxford Centre
Pittsburgh, PA 15219
(787) 274-1212